## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kenneth Nixon,

               Plaintiff,       Case No. 23-11547

v.                           Judith E. Levy
                               United States District Judge

City of Detroit, et. al,

                               Mag. Judge Elizabeth A.
               Defendants.    Stafford

_____/

## ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION FOR LEAVE TO BEGIN THIRD-PARTY DISCOVERY [40]

On June 28, 2023, Plaintiff Kenneth Nixon filed this civil rights action related to his wrongful convictions for arson, murder, and attempted murder. (ECF No. 1.) On September 5, 2023, Defendant City of Detroit filed a motion to dismiss and to stay these proceedings. (ECF No. 33.) On September 18, 2023, Defendants Moises Jimenez, James Tolbert, Kurtiss Staples, Eddie Croxton, and Alma Hughes-Grubbs (collectively, "Individual Defendants") filed a motion to dismiss the complaint in its entirety. (ECF No. 34.) Defendants' motions to dismiss remain pending. Before the Court is Individual Defendants' subsequent

motion for leave to begin third-party discovery. (ECF No. 40.) For the reasons set forth below, Individual Defendants' discovery motion is denied.

Ordinarily, parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, "[p]ursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a showing of good cause." *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2046.1 (3d ed.) ("[C]ourts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). "Under this standard, the party seeking discovery must demonstrate the need to deviate from the normal timing of discovery." *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928, *2 (E.D. Mich. Mar. 31, 2017) (citing *Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC*, No. 10-11941, 2010 WL 2231885, at *3 (June 3, 2010)). "[G]ood cause is usually found in cases involving requests

for injunctive relief, challenges to personal jurisdiction, class actions, and claims of infringement and unfair competition." *Lashuay v. Delilne*, No. 17-cv-13581, 2018 WL 317856, at *3 (E.D. Mich. Jan. 8, 2018) (citing *In re Paradise Valley Holdings, Inc.*, No. 03-34704, 2005 WL 3841866, at *2 (Bankr. E.D. Tenn. Dec. 29, 2005)).

Here, Individual Defendants seek leave to send subpoenas to certain state government agencies that are not parties to this case. (ECF No. 40, PageID.1858.) They also explain that "[b]ased on [counsel]'s previous experience, the [a]gencies routinely require several months to respond to subpoenas." (*Id.*) Individual Defendants also assert that allowing these subpoenas while their motion to dismiss remains pending is "in the interest of judicial efficiency." (*Id.* at PageID.1859.) Defendant City of Detroit indicates that it consents to Individual Defendants' request. (*Id.* at PageID.1858.) Plaintiff does not consent to this third-party discovery unless Defendants agree to commence all written discovery. (ECF No. 41, PageID.1875.) Individual Defendants assert that "party discovery is premature as party discovery will involve additional expense[s] to all parties" which would be wasted if the Court grants Individual Defendants' motion to dismiss. (ECF No. 40, PageID.1858–

3

1859.) Plaintiff responds that broad discovery is appropriate because there is no stay of discovery in place and that Individual Defendants' rationale for early third-party discovery (potential delays of "several months") applies equally to written discovery between the parties.[1] (ECF No. 41, PageID.1875.)

The Court concludes that Individual Defendants have failed to establish good cause for early third-party discovery in this case. That the state agencies may take several months to respond to Individual Defendants' subpoenas is not sufficient to warrant this discovery prior to the resolution of Defendants' motions to dismiss. Moreover, if the Court grants Defendants' motions to dismiss after the state agencies have already responded to these third-party subpoenas, it will result in a waste of resources, time, and expenses by these state agencies. Likewise, to avoid unnecessary litigation costs, the Court's general practice is to

---

[1] In his response to Individual Defendants' motion, Plaintiff requests that the Court either "enter an order instructing the parties to proceed with discovery not limited to third party subpoenas" or allow Plaintiff to engage in his own early third-party discovery. (ECF No. 41, PageID.1877.) However, Plaintiff may not make his own motion in his response to Individual Defendants' motion. *See* E.D. Mich. LR 7.1(i); Fed. R. Civ. P. 7(b)(1). As such, Plaintiff's requests are improper, and the Court does not address them below.

require the parties to participate in a Rule 26(f) conference only after any initial dispositive motions have been resolved.

For the reasons set forth above, the Court DENIES Individual Defendants' motion for leave to begin third-party discovery. (ECF No. 40.)

Future discovery motions filed without leave of Court will be stricken per the Court's Practice Guidelines. *See Judge Judith E. Levy*, United States District Court for the Eastern District of Michigan, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=44 (last visited Aug. 7, 2023).

IT IS SO ORDERED.

Dated: October 12, 2023      s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 12, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5