UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

     Plaintiff,

                                         Case No. 23-cv-11547

                                         HON. SUSAN K. DECLERCQ

v.                                   MAG. ELIZABETH A. STAFFORD

DETECTIVE MOISES JIMENEZ, et al.,

| |
|---|
| **STIPULATED PROTECTIVE ORDER** |

     Defendants.

_____

| | |
|---|---|
| **LOEVY & LOEVY** | **NATHAN & KAMIONSKI LLP** |
| Jon Loevy | Avi Kamionski |
| Gayle Horn | Shneur Zalman Nathan |
| Alyssa Martinez | 206 South Jefferson Street |
| 311 N. Aberdeen St., 3rd FL | Chicago, IL 60661 |
| Chicago, IL 60607 | (312) 612-1928 |
| (312) 243-5900 | akamionski@nklawllp.com |
| jon@loevy.com | snathan@nklawllp.com |
| gayle@loevy.com | |
| alyssa@loevy.com | |
| | |
| **GOODMAN HURWITZ & JAMES, P.C.** | Christopher J. Raiti (P68600) |
| Julie H. Hurwitz (P34720) | Andrea M. Frailey (P82466) |
| Kathryn B. James (P71374) | 500 Griswold Ste. 2300 |
| Dayja S. Tillman (P86526) | Detroit, MI 48226 |
| 1394 E. Jefferson Ave. | (313) 355-3811 |
| Detroit, MI 48207 | craiti@nklawllp.com |
| (313) 567- 6170 | afrailey@nklawllp.com |
| kjames@goodmanhurwitz.com | |
| jhurwitz@goodmanhurwitz.com | *Attorneys for Defendants* |
| dtillman@goodmanhurwitz.com | |

*Attorneys for Plaintiffs*

_____/

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the parties' stipulation, the Court being fully apprised in the premises,

**IT IS HEREBY ORDERED** as follows:

1.     **Scope.**  All materials produced or adduced by the Michigan Department of Attorney General (MIAG), or its agents or employees, in this Court of this action, including but not limited to responses to requests for discovery and/or subpoenas, deposition testimony, exhibits, and information or materials derived therefrom (collectively, "documents"), shall be subject to this order concerning Confidential Information as defined below.  This order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure.

2.     **Confidential Documents**.  When used in this order, "Confidential Documents" mean documents of a type contemplated by Fed. R. Civ. P. 26(c) that the MIAG, in good faith, regards as confidential, proprietary, trade secret(s), or other sensitive business or personal information, including medical records.

3.     All Confidential documents, as that term is defined by Paragraph 2, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

4.     Except as provided in Paragraph 5, no document designated as Confidential, and no information contained in a Confidential document, may not be disclosed to any person other than:

2

a.    The parties (unless currently or formerly under the jurisdiction of the MDOC);

b.    Counsel for the parties;

c.    Secretaries, paralegal, assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

d.    The Court and its personnel;

e.    Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraph 7;

f.    Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court; or

g.    Court reporters used in this case.

5.    Except for the parties, counsel for the parties in this action, and their employees, secretaries, and paralegals, and the Court and its employees covered by the provisions of Paragraph 4a, 4b, 4c, and 4d, disclosure to other persons shall be made only upon the condition that the party disclosing the Confidential document or information shall inform the person that he or she:  (a) shall not use, directly or indirectly, any information from any Confidential documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any Confidential documents or information from any Confidential documents; or (c) disclose such information to any person who is not

3

permitted to receive such documents and information under the terms of this

Protective Order.

6. **Confidential Information Subpoenaed or Ordered to be Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the MIAG, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order. In addition, the receiving party must deliver a copy of this order promptly to the party in the other action that caused the subpoena to issue. The receiving party shall not produce the Confidential Information without order from this Court or from another court of competent jurisdiction.

7. Persons covered by the provisions of Paragraph 4e should immediately turn over any Confidential Information to the producing party once their reason for the disclosure has been satisfied. If any information or contents of a document containing Confidential Information are disclosed in a deposition or court proceeding, (1) any party, or the MIAG, may designate that a portion of the deposition transcript be designated as Confidential Information, and (2) the

court reporter may retain a copy of the document containing the Confidential

Information.  Any transcript(s) of the deposition are subject to the provisions of

Paragraph 5.  Nothing in this paragraph shall prevent counsel for the parties from

obtaining a copy of any transcripts of a sealed deposition.

8.      Documents produced or information covered by this Protective Order

shall be made available only to persons authorized by this Protective Order.

Nothing in this Order shall prevent a party from using Confidential Information

in any court filings, during a hearing, or at trial.  If any party proposes to or

intends to use such material, that party shall give reasonable notice, based on the

circumstances, to the MIAG of such intended use to allow the MIAG an

opportunity to petition the Court to institute appropriate procedures to maintain

the confidentiality of the materials to be used as provided in the Federal Rules of

Civil Procedure.  The MIAG may waive the confidentiality designation at any

time by providing written notice to a party, or by express oral waiver of such

designation during a deposition or other proceeding on the record.

9.      Any party can challenge a Confidential designation made by the

MIAG by either conferring with the MIAG and reaching agreement or by motion

to the Court. While any dispute about a Confidential designation is pending, the

documents shall remain Confidential

10.     Nothing in this order shall prevent any party or nonparty from seeking modification of this Protective Order, or from changing or from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED.

Date: March 11, 2025

s/Susan K. DeClercq
Hon. Susan K. DeClercq
United States District Judge

The undersigned parties agree and stipulate to entry of the above Stipulated Protective Order.

s/ *Gayle Horn*
Jon Loevy
Gayle Horn
Loevy & Loevy
311 N. Aberdeen St., 3rd FL
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
gayle@loevy.com
alyssa@loevy.com

*Attorneys for Plaintiffs*

s/ *Keith G. Clark*
AAG Keith G. Clark (P56050)
*Attorney for Non-Party Michigan*
*Department of Attorney General*

s/ *Christopher J. Raiti*
Christopher J. Raiti (P68600)
Andrea M. Frailey (P82466)
500 Griswold Ste. 2300
Detroit, MI 48226
(313) 355-3811
craiti@nklawllp.com
afrailey@nklawllp.com

*Attorneys for Defendants*

6