# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH NIXON,<br>*Plaintiff*, | Case No. 23-cv-11547<br>Hon. Susan K. DeClercq<br>Mag. Elizabeth A. Stafford |
| v. | |
| DETECTIVE MOISES JIMENEZ, et al.,<br>*Defendants*. | **ORDER FOLLOWING MAY 15, 2025 DISCOVERY CONFERENCE** |

**LOEVY & LOEVY**
Jon Loevy
Gayle Horn
Alyssa Martinez
311 N. Aberdeen St., 3rd FL
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
gayle@loevy.com
alyssa@loevy.com

**GOODMAN HURWITZ & JAMES, P.C.**
Julie H. Hurwitz (P34720)
Kathryn B. James (P71374)
Dayja S. Tillman (P86526)
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170
kjames@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
dtillman@goodmanhurwitz.com

*Attorneys for Plaintiffs*

**NATHAN & KAMIONSKI LLP**
Avi Kamionski
Shneur Zalman Nathan
206 South Jefferson Street
Chicago, IL 60661
(312) 612-1928
akamionski@nklawllp.com
snathan@nklawllp.com

Christopher J. Raiti (P68600)
Kristine Baker (P83893)
Andrea M. Frailey (P82466)
500 Griswold Ste. 2300
Detroit, MI 48226
(313) 335-3811
craiti@nklawllp.com
kbaker@nklawllp.com
afrailey@nklawllp.com

*Attorneys for Defendants*

## ORDER FOLLOWING MAY 15, 2025 DISCOVERY CONFERENCE

The parties raised a number of discovery issues to the Court, and the Court held a discovery status conference on May 15, 2025. During the conference, the Court issued the following orders:

1. Regarding audio recordings of all of Plaintiff's phone calls while in MDOC custody to/from 77 telephone numbers identified by Defendants, IT IS ORDERED that all calls to/from the telephone numbers associated with individuals listed in Plaintiff's Rule 26 disclosures or Witness List may be relevant and are subject to discovery.

   a. The parties agree that calls involving family members or loved ones may contain content that could be marked as "confidential" and subject to the Protective Order entered in this case.

   b. Regarding the remaining telephone numbers associated with individuals who were not named in Plaintiff's Rule 26 disclosure or Witness List, Defendants must proffer evidence and argument to Plaintiff regarding their relevance within 21 days of entry of this Order; counsel for the parties will further meet and confer and notify the Court if they reach an impasse.

   c. Regarding any such recorded phone calls with attorneys, their staff, and investigators, upon further review of the call logs, it appears that no

1

such calls occurred after March 2020, so this issue is moot.

2.     Regarding audio recordings of Stanley January's phone calls and communication records while in Allen County Jail in Indiana, IT IS ORDERED that written communications or recorded calls are not required to be produced at this time. Defendants may subpoena calls logs (along with other categories of records that were uncontested). IT IS FURTHER ORDERED that, if Defendants elect to proceed with seeking audio recordings of phone calls, Defendants must proffer evidence and argument to Plaintiff regarding the relevance of phone calls listed in the call log records within 21 days of this Order; counsel for the parties will further meet and confer and notify the Court if they reach an impasse.

3.     Regarding audio recordings of Stanley January's phone calls and communication records while in Allen County Community Corrections in Indiana, IT IS ORDERED that written communications or recorded calls are not required to be produced at this time. Defendants may subpoena calls logs (along with other categories of records that were uncontested). IT IS FURTHER ORDERED that, if Defendants elect to proceed with seeking audio recordings of phone calls, Defendants must proffer evidence and argument to Plaintiff regarding the relevance of phone calls listed in the call log records within 21 days of receipt of production from the Allen County Community Corrections; counsel for the parties will further meet and confer and notify the Court if they reach an impasse.

4. Regarding the subpoena to the Organization of Exonerees, IT IS ORDERED that Plaintiff produce responsive meeting agendas/minutes and Plaintiff's nonprivileged emails that relate to his work with the "Organization of Exonerees" within 21 days of this Order. For any records withheld, Plaintiff will provide a detailed privilege log.

5. Regarding attorney-client privilege and work-product doctrine, IT IS ORDERED that:

    a. The parties and the Court agree that attorney-client privilege was voluntarily waived with respect to criminal trial counsel, Robert Kinney, such that communications regarding his representation of Plaintiff for the underlying criminal matter must be disclosed.

    b. Regarding Plaintiff's criminal appellate counsel, attorney-client privilege remains intact except for limited waiver regarding communications containing facts relevant to the claims in this case that are not available in other sources.

    c. Plaintiff's former criminal counsel can testify about all nonprivileged aspects of their representation of Plaintiff, including *knowledge* (or lack thereof) regarding *Brady* material or other relevant issues, without testifying about their communications with Plaintiff.

    d. Regarding former criminal counsel attorney work product, IT IS

3

FURTHER ORDERED that facts relevant to the criminal litigation (without impressions, analysis, opinions or strategy) are not work product and must be disclosed. Defendants are not precluded from seeking the production of attorney work product from said counsel provided they demonstrate (1) a substantial need for the material, and (2) the information cannot be obtained from other sources. Fed. R. Civ P. 26(b)(3)(A).

e. Counsel for the parties will endeavor to work cooperatively in discovery that touches on these issues, including depositions of Plaintiff's former counsel, and will notify the Court if they come to impasse with particular discovery requests or deposition questions.

6. IT IS FURTHER ORDERED that Plaintiff is ordered, within 21 days of this Order, to revise his privilege logs to include a more detailed narrative description of the contents of the record and the nature of the privilege asserted and that, going forward, with respect to all privileges asserted by all parties, the parties are to produce privilege logs sufficiently detailed to provide the other party with enough information regarding the contents and nature of each privilege asserted.

IT IS SO ORDERED.

Date: May 29, 2025  /s/ Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Counsel for the parties hereby stipulate that the above accurately summarizes the Court's orders and parties' agreements as discussed in chambers on May 15, 2025.

| | |
|---|---|
| /s/ *Kathryn Bruner James w/permission* | /s/ *Christopher J. Raiti* |
| Kathryn Bruner James | Christopher J. Raiti |
| Julie H. Hurwitz | Kristine Baker |
| Dayja S. Tillman | Andrew M. Frailey |
| Goodman Hurwitz & James, P.C. | Nathan & Kamionski LLP |
| 1394 E. Jefferson Ave. | 500 Griswold, Ste 2300 |
| Detroit, MI 48207 | Detroit, MI 48226 |
| (313) 567-6170 | (313) 335-3811 |
| dtillman@goodmanhurwitz.com | craiti@nklawllp.com |
| | |
| Jon Loevy | Avi Kamionski |
| Arthur Loevy | Shneur Zalman Nathan |
| Gayle Horn | 206 South Jefferson Street |
| Alyssa Martinez | Chicago, IL 60661 |
| Loevy & Loevy | (312) 612-1928 |
| 311 N. Aberdeen | akamionski@nklawllp.com |
| Chicago, IL 60607 | |
| (312) 243-5900 | |
| gayle@loevy.com | *Attorneys for Defendants* |
| | |
| *Attorneys for Plaintiff* | |

5