AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| Kenneth Nixon | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-11547 |
| City of Detroit, et al., | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Detroit Fire Department
Attn: Keeper of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Rider.

| Place: Loevy & Loevy, Attn: Gayle Horn<br>311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607<br>Email: gayle@loevy.com | Date and Time:<br>01/08/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2024

*CLERK OF COURT*

OR

_____   /s/ Gayle Horn
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Kenneth Nixon , who issues or requests this subpoena, are:

Gayle Horn, Loevy & Loevy, 311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607, 312-243-5900, gayle@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-11547

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Detroit Fire Department on *(date)* 12/11/2024.

☑ I served the subpoena by delivering a copy to the named person as follows: via email to ashj@detroitmi.gov

on *(date)* 12/11/2024 ; or

☐ I returned the subpoena unexecuted because:                                                                                              .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                        .

My fees are $            for travel and $            for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/11/2024

/s/ Lauren Lebata
*Server's signature*

Lauren Lebata, Paralegal
*Printed name and title*

Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:23-cv-11547-SKD-EAS ECF No. 91-1, PageID.3284 Filed 08/25/25 Page 3 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*People v. Nixon,* 5:23-cv-11547-JEL-EAS
Rider to Subpoena to
**Detroit Fire Department**

## DEFINITIONS

1. "Plaintiff," and "Nixon" refer to Plaintiff Kenneth Nixon, as well as, where the clear meaning is not destroyed by the addition, his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. The "City of Detroit" or the "City" shall refer to the City of Detroit, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

3. The terms "Detroit Police Department," "the Department," or "DPD" shall refer to the Detroit Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

4. The terms "Wayne County" or the "County" shall refer to Wayne County and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Wayne County Prosecutor's Office, as well as, where the clear meaning is not destroyed by the addition, any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the County's behalf.

5. "Defendants," Defendant Officers" or "Individual Defendants" shall refer to individual Defendants Moises Jimenez, James Tolbert, Kurtiss Staples, Eddie Croxton, Alma Hughes-Grubbs, and any other unknown police officers of the City of Detroit Police Department that may become known, as well as, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

6. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

7. "Charleston Street Fire" shall mean the fire at 19428 Charleston Street, Detroit, Michigan on or about May 19, 2005, in which Tamyah Vaughn and Raylon McCulley died.

8. "Charleston Street Investigation" shall mean any actions taken by any Investigator to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in death of the minor children of Naomi Vaughn who perished in the Charleston Street Fire. This includes but is not limited to the police investigative materials maintained by the Detroit Police Department under File/Case No. 05-154/155, Detroit Fire Department Fire No. 10763, Case No. 0505200005, or Homicide # 05-154, 55. This term is not limited solely to those actions leading to the prosecution of Plaintiff, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Plaintiff but includes as well actions undertaken both before and after the arrest of Plaintiff, including any actions during Plaintiff's criminal trial or appeals and any actions undertaken at any time after Plaintiff's exoneration, up to and including the present day. The terms are not limited to the actions of Individual Defendants, but includes actions taken by any Person fitting the description of Investigators as defined below.

9. "Investigators" shall mean any Persons who participated in the Vaughn Murder Investigation. This not only includes the Individual Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any support to the Charleston Street Fire.

10. "Exculpatory Evidence" shall mean evidence favorable to Plaintiff and evidence that would tend to show that Plaintiff was not guilty of the Charleston Street Fire, including any evidence that would tend to undermine the credibility of any prosecution witness who testified, or could have testified, during any of Plaintiff's criminal proceedings.

11. "Plaintiff's Complaint" shall mean the operative pleading, which was filed in *Nixon v. City of Detroit, et al.*, No. 23-cv-11547 (Dkt. 1), on June 28, 2023, or any amended version of that document filed after these instructions are given. A copy of the Complaint is attached to this subpoena.

12. "Identification Procedure" shall refer to any procedure used by law enforcement to test the ability of a witness to identify a person they have seen on a previous occasion. This term includes but is not limited to a show-up, live line-up, photo array, presentation of a single photograph, viewing of photographs in mug books, or clothing line-up.

13. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the job performance of any Individual Defendant, or any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on behalf of any Individual Defendant, regardless of the disposition of any resulting inquiry or investigation.

14. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

15. "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any electronically stored documents), or by any other means.

16. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery, and shall include any Communications documented in any way. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

17. "You" and "Your" shall refer to the Defendant responding to these Requests, as well as, where the clean meaning is not destroyed by the addition, all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendant's behalf.

18. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

19. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

## REQUESTS

1. All Documents relating to the Charleston Street Fire, and the Charleston Street Investigation, including but not limited to the arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley. This request includes but is not limited to any and all Detroit Fire Department reports; handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses); video/audio recordings; electronically stored information; and/or Communications.

2. All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

   a. All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

      b. All drawings done in connection with the Charleston Street Fire;

      c. All photographs, audio, or video presented to any witness during the Charleston Street Fire;

      d. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

      e. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

3. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

4. All Documents relating to any fires at, 911 calls from, or Detroit Fire Department response to 19428 Charleston Street, Detroit, Michigan prior to May 19, 2005.

5. All Documents relating to any fires at, 911 calls from, or Detroit Fire Department response to calls for service by or for Naomi Vaughn or Raymond McCulley at any address prior to May 19, 2005, including but not limited to at or near 19377 Harlow Street, Detroit, Michigan on or about December 22, 2001.

6. All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylond McCulley, and/or the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

7. All physical evidence relating to the Charleston Street Fire and/or Charleston Street Investigation.

8. All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

9. All Documents that relate to the testing of any of the evidence from the Charleston Street Fire.