AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| Kenneth Nixon *Plaintiff* v. City of Detroit, et al., *Defendant* | ) ) ) ) Civil Action No. 23-cv-11547 ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Detroit Police Department
Attn: Keeper of Records

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Rider.

| Place: Loevy & Loevy, Attn: Gayle Horn 311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607 Email: gayle@loevy.com | Date and Time: 01/08/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2024

*CLERK OF COURT*

OR

_____      /s/ Gayle Horn
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Kenneth Nixon , who issues or requests this subpoena, are:

Gayle Horn, Loevy & Loevy, 311 N. Aberdeen St., 3rd Floor, Chicago, IL 60607, 312-243-5900, gayle@loevy.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-11547

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Detroit Fire Department on *(date)* 12/11/2024.

☑ I served the subpoena by delivering a copy to the named person as follows: via email to ashj@detroitmi.gov

on *(date)* 12/11/2024 ; or

☐ I returned the subpoena unexecuted because: 
.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/11/2024

/s/ Lauren Lebata
*Server's signature*

Lauren Lebata, Paralegal
*Printed name and title*

Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*People v. Nixon,* 5:23-cv-11547-JEL-EAS
Rider to Subpoena to
**Detroit Police Department**

## DEFINITIONS

1. "Plaintiff," and "Nixon" refer to Plaintiff Kenneth Nixon, as well as, where the clear meaning is not destroyed by the addition, his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. The "City of Detroit" or the "City" shall refer to the City of Detroit, including its subdivisions, departments, agencies, police departments, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on their behalf.

3. The terms "Detroit Police Department," "the Department," or "DPD" shall refer to the Detroit Police Department, and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the Department's behalf.

4. The terms "Wayne County" or the "County" shall refer to Wayne County and all of its subdivisions, departments, agencies, subsidiaries, elected officials, corporate officers, and any other constituent entity within its control, including but not limited to the Wayne County Prosecutor's Office, as well as, where the clear meaning is not destroyed by the addition, any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other Persons acting on the County's behalf.

5. "Defendants," Defendant Officers" or "Individual Defendants" shall refer to individual Defendants Moises Jimenez, James Tolbert, Kurtiss Staples, Eddie Croxton, Alma Hughes-Grubbs, and any other unknown police officers of the City of Detroit Police Department that may become known, as well as, where the clear meaning is not destroyed by the addition, their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

6. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

7. "Charleston Street Fire" shall mean the fire at 19428 Charleston Street, Detroit, Michigan on or about May 19, 2005, in which Tamyah Vaughn and Raylon McCulley died.

8. "Charleston Street Investigation" shall mean any actions taken by any Investigator to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in death of the minor children of Naomi Vaughn who perished in the Charleston Street Fire. This includes but is not limited to the police investigative materials maintained by the Detroit Police Department under File/Case No. No. 05-154/155, Case No. 0505200005, or Homicide # 05-154, 55. This term is not limited solely to those actions leading to the prosecution of Plaintiff, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this term is not limited solely to actions taken prior to the arrest of Plaintiff but includes as well actions undertaken both before and after the arrest of Plaintiff, including any actions during Plaintiff's criminal trial or appeals and any actions undertaken at any time after Plaintiff's exoneration, up to and including the present day. The terms are not limited to the actions of Individual Defendants, but includes actions taken by any Person fitting the description of Investigators as defined below.

9. "Investigators" shall mean any Persons who participated in the Vaughn Murder Investigation. This not only includes the Individual Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any support to the Charleston Street Fire.

10. "Exculpatory Evidence" shall mean evidence favorable to Plaintiff and evidence that would tend to show that Plaintiff was not guilty of the Charleston Street Fire, including any evidence that would tend to undermine the credibility of any prosecution witness who testified, or could have testified, during any of Plaintiff's criminal proceedings.

11. "Plaintiff's Complaint" shall mean the operative pleading, which was filed in *Nixon v. City of Detroit, et al.*, No. 23-cv-11547 (Dkt. 1), on June 28, 2023, or any amended version of that document filed after these instructions are given. A copy of the Complaint is attached to this subpoena.

12. "Identification Procedure" shall refer to any procedure used by law enforcement to test the ability of a witness to identify a person they have seen on a previous occasion. This term includes but is not limited to a show-up, live line-up, photo array, presentation of a single photograph, viewing of photographs in mug books, or clothing line-up.

13. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to the job performance of any Individual Defendant, or any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on behalf of any Individual Defendant, regardless of the disposition of any resulting inquiry or investigation.

14. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

15. "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any electronically stored documents), or by any other means.

16. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery, and shall include any Communications documented in any way. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

17. "You" and "Your" shall refer to the Defendant responding to these Requests, as well as, where the clean meaning is not destroyed by the addition, all counsel, consultants, experts, investigators, representatives, agents or other Persons acting on such Defendant's behalf.

18. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

19. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

## REQUESTS

1. All Documents relating to the Charleston Street Fire, and the Charleston Street Investigation, including but not limited to the arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley. This request includes but is not limited to any and all police reports (including Crime Reports, Follow-Up Reports, Incident Reports, and Witness Statements); handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses); video/audio recordings; electronically stored information; and/or Communications. This request includes all Documents that are stored within each and every unit of the Detroit Police Department (DPD), including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

2. All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation

and/or the death of Tamyah Vaugh and/or Raylond McCulley. This request specifically includes but is not limited to:

   a. All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;
   b. All drawings made in connection with the Charleston Street Fire;
   c. All photographs, audio, or video presented to any witness during the Charleston Street Fire;
   d. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,
   e. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

3. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

4. All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or otherwise relate to the Charleston Street Fire. This request includes but is not limited to the personal notes and/or files of any Individual Defendant and/or Investigator. This request further includes but is not limited to all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

5. All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylond McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

6. All physical evidence relating to the Charleston Street Fire and/or Charleston Street Investigation.

7. All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

8. Maps; floor plans; architectural, construction, or pluming diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Investigation, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

9. All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

10. All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any employee of the City, or their counsel, agent or representative.

11. All Documents relating to any Communication between or among any of the Defendants and any relating to the Charleston Street Fire or Charleston Street Investigation.

12. All Documents relating to the following individuals:

- Brandon Vaughn
- Naomi Vaughn
- Ronrico Simmons

- Jamil Kosho
- Stanley January

This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation.

13. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks but is not limited to: (a) print-out of the disciplinary history each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint; (b) the complete file for each Complaint; (c) police board disciplinary records; (d) any behavioral intervention or early intervention records; and (e) any documentation in your possession, custody, or control relating to expunged disciplinary records. This request seeks responsive documents without temporal limitation.

14. All Documents relating to the employment with the City of Detroit of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

15. All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire Investigation:

   a. Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses. This request includes acceptable and prohibited techniques (e.g.,

      the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

b. Use of jailhouse witnesses and confidential sources/informants. This requests includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

c. Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

d. The documentation and preservation of information learned during a homicide investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e. The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f. Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is

disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

16. Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire.

17. Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in Paragraph No. 15 above.

18. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

19. All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA"). This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

20. All Documents relating to DPD investigation or response to any fires at, 911 calls from, or Detroit Fire Department response to calls for service by or for Naomi Vaughn or Raymond McCulley at any address prior to May 19, 2005, including but not limited to at or near 19377 Harlow Street, Detroit, Michigan on or about December 22, 2001