UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Kenneth Nixon,**

            Plaintiff,

v.

**Moises Jimenez et al,**

           Defendants.

Case No.: 24-cv-11547
Hon. Susan DeClerq

---

### CITY OF DETROIT RESPONSE TO SUBPOENA DIRECTED TO DETROIT FIRE DEPARTMENT

Non-Party, City of Detroit, incorrectly identified in the caption as a party, states the following in response to Plaintiff's subpoena, provided in Case No. 23-cv-11547:

1. All Documents relating to the Charleston Street Fire, and the Charleston Street Investigation, including but not limited to the arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley. This request includes but is not limited to any and all Detroit Fire Department reports; handwritten notes; collected evidence; forensic, lab, and/or

1

testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses); video/audio recordings; electronically stored information; and/or Communications.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

2. All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

   a. All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

    b. All drawings done in connection with the Charleston Street Fire;

    c. All photographs, audio, or video presented to any witness during the Charleston Street Fire;

    d. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

    e. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

3. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause**

**undue expense, and may fall outside the City's retentional policy. Without waiving said objection, see documents produced by Detroit Police Department.**

4. All Documents relating to any fires at, 911 calls from, or Detroit Fire Department response to 19428 Charleston Street, Detroit, Michigan prior to May 19, 2005.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

5. All Documents relating to any fires at, 911 calls from, or Detroit Fire Department response to calls for service by or for Naomi Vaughn or Raymond McCulley at any address prior to May 19, 2005, including but not limited to at or near 19377 Harlow Street, Detroit, Michigan on or about December 22, 2001.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

6. All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate

4

to Plaintiff, the death of Tamyah Vaughn and/or Raylond McCulley, and/or the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

7. All physical evidence relating to the Charleston Street Fire and/or Charleston Street Investigation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

8. All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

9. All Documents that relate to the testing of any of the evidence from the Charleston Street Fire.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, and may fall outside the City's retentional policy.**

    Respectfully submitted,

    /s/ *Christopher Michels*
    Christopher Michels (P83156)
    City of Detroit Law Department
    Attorney for Defendant City of Detroit
    2 Woodward Avenue, Suite 500
    Detroit, MI  48226
    (313) 237-2696