## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Kenneth Nixon,**

              Plaintiff,

v.

**Moises Jimenez et al,**

              Defendants.

Case No.: 24-cv-11547

Hon. Susan DeClerq

---

### CITY OF DETROIT RESPONSE TO SUBPOENA DIRECTED TO DETROIT POLICE DEPARTMENT

Non-Party, City of Detroit, incorrectly identified in the caption as a party, states the following in response to Plaintiff's subpoena, provided in Case No. 23-cv-11547:

1. All Documents relating to the Charleston Street Fire, and the Charleston Street Investigation, including but not limited to the arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley. This request includes but is not limited to any and all police reports (including Crime Reports, Follow-Up Reports, Incident Reports, and Witness

1

Statements); handwritten notes; collected evidence; forensic, lab, and/or testing documents, Communications, reports, and results; logs; maps and/or diagrams; instrument and/or computer print-outs; photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses); video/audio recordings; electronically stored information; and/or Communications. This request includes all Documents that are stored within each and every unit of the Detroit Police Department (DPD), including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents including, the document labeled "Homicide File_Redacted."**

2. All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylond McCulley. This request specifically includes but is not limited to:

   a. All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;
   b. All drawings made in connection with the Charleston Street Fire;
   c. All photographs, audio, or video presented to any witness during the Charleston Street Fire;
   d. All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,
   e. All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

3. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, the form of the request is vague and seeks documents outside the possession of the City of Detroit. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

4. All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or otherwise relate to the Charleston Street Fire. This request includes but is not limited to the personal notes and/or files of any Individual Defendant and/or Investigator. This request further includes but is not limited to all

Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, this request is vague and outside the scope of documents in possession of the City of Detroit.**

5. All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylond McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

6. All physical evidence relating to the Charleston Street Fire and/or Charleston Street Investigation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted." The Detroit Police Department does not possess any physical evidence.**

7. All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy.   Further objecting, this request is ambiguous as to the term "physical evidence." Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

8. Maps; floor plans; architectural, construction, or pluming diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Investigation, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall**

outside the City's retentional policy. This requests seeks architectural information of the layout of DPD facilities. This information is protected information relating to police procedures and security, is protected by the law enforcement investigation privilege, and is brought for an improper purpose. See *United States v. Southeast Eye Specialists, PLLC*, 586 F.Supp.3d 787 (M.D. Tenn. 2022).

9. All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall**

**outside the City's retentional policy. Further objecting, this request is duplicative of Request 5. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

10.     All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any employee of the City, or their counsel, agent or representative.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, this request is vague, overly broad, and not proportional to the needs of this case as it contains no qualifiers for a time period or what the subject matter is regarding.**

11.     All Documents relating to any Communication between or among any of the Defendants and any relating to the Charleston Street Fire or Charleston Street Investigation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents, including the document labeled "Homicide File_Redacted."**

12.     All Documents relating to the following individuals:

      a. Brandon Vaughn
      b. Naomi Vaughn
      c. Ronrico Simmons
      d. Jamil Kosho
      e. Stanley January

This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation.

**Response    Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall**

**outside the City's retentional policy. Further objecting, this request is submitted for an improper purpose as none of the persons are parties to this case. Further objecting, this request seeks protected LEIN information as well as information protected by the law enforcement investigation privilege.**

13. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks but is not limited to: (a) print-out of the disciplinary history each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint; (b) the complete file for each Complaint; (c) police board disciplinary records; (d) any behavioral intervention or early intervention records; and (e) any documentation in your possession, custody, or control relating to expunged disciplinary records. This request seeks responsive documents without temporal limitation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, Defendant police officers have a fundamental liberty and privacy interest in the information within their personnel files. See** ***Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1998);** ***Fritz v Charter Tp of Comstock*, Case No. 07-cv-1254** *available at* **2010 WL 1856481 (W.D. Mich. 2010); and** ***Sys. Prods. & Sols., Inc. v. Scramlin*, Case No. 13-cv-14947** *available at* **2014 WL 3894385, at \*7 (E.D. Mich. 2014). Without waiving said objection, the personnel files of James Tolbert, Kurtiss Staples, and Alma Hughes-Grubbs have been destroyed because they are outside the City's retention policy.**

14.    All Documents relating to the employment with the City of Detroit of any of the Individual Defendants, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation,

performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, Defendant police officers have a fundamental liberty and privacy interest in the information within their personnel files. See *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1062 (6th Cir. 1998) and *Sys. Prods. & Sols., Inc. v. Scramlin*, Case No. 13-cv-14947 *available at* 2014 WL 3894385, at \*7 (E.D. Mich. 2014). Without waiving said objection, the personnel files of James Tolbert,**

**Kurtiss Staples, and Alma Hughes-Grubbs have been destroyed because they are outside the City's retention policy.**

15.    All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire Investigation:

   a. Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses. This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

   b. Use of jailhouse witnesses and confidential sources/informants. This requests includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

   c. Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

   d. The documentation and preservation of information learned during a homicide investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense

reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e. The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f. Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, this**

**request seeks information that is protected by the law enforcement investigation privilege. Further objecting, the City is not a party and violation of an internal policy is not relevant or proportional to a claim of a constitutional violation. See *Griffith v. Franklin County, Ky*, 975 F.3d 554 (6th Cir. 2020) Without waiving said objections, see attached documents containing the 101.11 Record Retention schedule in effect in 2003, the Crime Scene Investigation policies for 2003 to 2005, training directives relating to the conferment of material witnesses.**

16.   Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Further objecting, this request the request is not relevant or proportional to a claim of**

a constitutional violation. See *Griffith v. Franklin County, Ky*, 975 F.3d 554 (6th Cir. 2020)

17.    Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in Paragraph No. 15 above.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. Without waiving said objection, see attached documents, including the documents labelled as MAS reports**

18.    All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

17

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. This request lacks any temporal restriction and seeks information regarding police procedures and tactics that are protected by the law enforcement investigation privilege**

19.     All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA"). This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between

current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**Response: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy. The request is without temporal limitation or with enough specificity that can allow the City to search for the requested documents.**

20.    All Documents relating to DPD investigation or response to any fires at, 911 calls from, or Detroit Fire Department response to calls for service by or for Naomi Vaughn or Raymond McCulley at any address prior to May 19, 2005, including but not limited to at or near 19377 Harlow Street, Detroit, Michigan on or about December 22, 2001.

**RESPONSE: Objection, this request is overly broad, unduly burdensome, not proportional to the needs of this case, will cause undue expense, may be protected by privilege, and may fall outside the City's retentional policy.**

Respectfully submitted,

/s/ *Christopher Michels*

Christopher Michels (P83156)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
(313) 237-2696