IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                    Case No:  23-cv-11547

                    Plaintiff,                    HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

                    Defendants.

---

## DEFENDANT JAMES TOLBERT'S  ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

---

1.      For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks information regarding "any" document requested by Plaintiff.**

1

**Without waiving and subject to said objection, Defendant Tolbert has no information responsive to this request.**

2.      Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case to the extent it seeks "all" categories of facts known by "all" individuals with knowledge of facts that relate to this case as such information is better sought during a deposition.**

**Defendant further objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what knowledge Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Without waiving and subject to said objection, Defendant Tolbert directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto.**

3.      Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter- departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation,

improper behavior during interrogations or interviews, use of improperly suggestive identifications, use of improper, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:  Defendant objects to this request as seeking information not relevant to Plaintiff's claims in this matter.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" complaints that have "ever" been filed against Defendant and calls for a narrative response better suited for a deposition.**

**Without waiving and subject to said objections, Defendant Tolbert states to his knowledge and recollection the only complaints made against him were the complaints that formed the basis of case numbers 2:17-cv-13062, 2:24-cv-10184, both filed in the Eastern District of Michigan.**

4.     Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:  Defendant objects to subpart (a) of this request as unduly burdensome because it seeks information in the public record that is equally available to Plaintiff.  Defendant objects to subpart (b) of this request because it calls for a legal conclusion and Defendant is not an attorney.**

**Defendant further objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what knowledge Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Without waiving and subject to said objections, Defendant Tolbert states that he has never been convicted of a crime.**

5.      Do you contend that Plaintiff Kenneth Nixon set the Charleston Street Fire, thereby killing Tamyah Vaughn and Raylond McCulley, or committed any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports your contention.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant Tolbert states that he does not have an independent recollection as to the identity of the individual who set the Charleston Street Fire.**

6.      Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it calls for a narrative response better suited to a deposition.  Defendant further objects to this request to the extent it calls for a legal conclusion as Defendant is not an attorney.**

**Without waiving and subject to said objection, Defendant Tolbert states that he does not have an independent recollection as to the identity of the individual who set the Charleston Street Fire.**

4

7.      Please state with specificity each activity, action, or investigative task that you participated in during the Charleston Street Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes but is not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identification of Plaintiff in any Identification Procedures, the interrogation of Plaintiff, and the arrest and charging of Plaintiff— and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Charleston Street Investigation is described in the Documents that you reference.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about "each" action Defendant took in an investigation that occurred twenty years ago.  Defendant further objects to this request to the extent it calls for a narrative response better suited to a deposition.**

**Without waiving, and subject to said objection, Defendant Tolbert has no recollection of participating in any activity, action, or investigative task in the Charleston Street Fire Investigation.**

8.      Under oath, please identify the substance of all Communications that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint and/or relating to the Charleston Street Investigation, including but not limited to with any suspect (including Plaintiff), witness, potential witness, or the witnesses identified on the parties' Rule 26(a)(1) Disclosures. Specifically, this Interrogatory seeks Communications with individuals including but not limited to: Kenneth Nixon, Kenneth Nixon's criminal case, Kenneth Nixon's post-conviction litigation, Kenneth Nixon's exoneration, etc. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total

of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:   Defendant objects to this request because it calls for information protected by the attorney-client privilege and the attorney work product doctrine.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving, and subject to said objection, Defendant Tolbert states that he has no recollection of the communications he had during the Charleston Street Fire Investigation.**

9.      Are you aware of any Communications between law enforcement officers (including yourself) with witnesses during the Charleston Street Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material, significant, and/or important statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation? If so, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" communications relating to a twenty-year-old investigation.**

**Without waiving, and subject to said objection, Defendant Tolbert states that he has no recollection of any such communications.**

10.      Under oath, please identify every Communication that you had during the course of the Charleston Street Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any employee or agent of the Detroit Police Department, Wayne County Prosecutor's Office, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Charleston Street Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state

whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER: Defendant objects to this request to the extent it calls for information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving, and subject to said objection, Defendant Tolbert states that he does not have any independent recollection of any communications he had regarding the Charleston Street Fire Investigation. After review, he is now aware of the Muscat Memo.**

11.    For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER: Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what Plaintiff means by the terms "balance sheet" and "income statement."**

**Defendant further objects to this request because it places obligations on Defendant in excess of those provided by the Federal Rules of Civil procedure in that it asks Defendant to create a document.**

12.    Did you or any other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Detroit or the Detroit Police Department, as you understand them, at any point during the Charleston Street Fire Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants or officers, or during any interactions with Plaintiff or any witness. If your answer

is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportionate to the needs of this case because it calls for Defendant to speculate on how other individuals behaved in a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Tolbert has no knowledge or recollection of any individuals acting contrary to Detroit Police Department policy.**

13. Did you maintain any personal notes, personal emails, or personal files relating to the Charleston Street Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Charleston Street Fire Investigation is contained in the Documents that you reference.

**ANSWER:  Defendant objects to this request as overly broad and not proportional to the needs of the case to the extent it seeks information regarding "any" personal notes or files from a twenty-year-old investigation.**

14. Prior to Plaintiff's exoneration, did you withhold from Plaintiff any Exculpatory Evidence of which you were aware? If your answer to this question is anything other than an unqualified "no," please  state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER: Defendant states that he/she provided all apparently exculpatory evidence to the prosecution in this case.**

15. For any affirmative defenses that you have asserted or will assert in this matter that rest upon a factual basis, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Plaintiff

requests that you provide a detailed description of every factual basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts underlying your defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:   Defendant objects to this request because it seeks a legal analysis and Defendant is not an attorney.**

**[SIGNATURES ON FOLLOWING PAGE]**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2 - 3 - 25

James Tolbert

As to objections,

NATHAN & KAMIONSKI, LLP

Dated: 02/03/2025

Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Christopher J. Raiti (P68600)
Andrea M. Frailey (P82466)
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
akamionski@nkllawllp.com
snathan@nklawllp.com
craiti@nklawllp.com
afrailey@nklawllp.com
*Attorneys for Defendants*

10

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

        Plaintiff,

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

        Defendants.

Case No:  23-cv-11547

HON. SUSAN K. DECLERCQ

---

## DEFENDANT MOISES JIMENEZ'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

---

    1.    For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks information regarding "any" document requested by Plaintiff.**

1

**Without waiving and subject to said objection, Defendant has no information responsive to this request.**

2.     Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case to the extent it seeks "all" categories of facts known by "all" individuals with knowledge of facts that relate to this case as such information is better sought during a deposition.**

**Without waiving and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto.**

3.     Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter- departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive identifications, use of improper, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts

or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:  Defendant objects to this request as seeking information not relevant to Plaintiff's claims in this matter.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" complaints that have "ever" been filed against Defendant and calls for a narrative response better suited for a deposition.**

**Without waiving and subject to said objections, Defendant states that he was a defendant in *Ansari v. Jimenez, et al.,* E.D. Mich. Case No. 20-cv-10719. Defendant states that he has no knowledge or recollection of any other Complaints made against him.**

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:  Defendant objects to subpart (a) of this request as unduly burdensome because it seeks information in the public record that is equally available to Plaintiff.  Defendant objects to subpart (b) of this request because it calls for a legal conclusion and Defendant is not an attorney.**

**Without waiving and subject to said objection, Defendant has no information responsive to this request.**

5.      Do you contend that Plaintiff Kenneth Nixon set the Charleston Street Fire, thereby killing Tamyah Vaughn and Raylond McCulley, or committed any other illegal act relating to the incidents described in Plaintiff's Complaint? If so,

please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports your contention.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto. Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

6.      Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it calls for a narrative response better suited to a deposition.  Defendant further objects to this request to the extent it calls for a legal conclusion as Defendant is not an attorney.**

**Without waiving and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto. Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

7.      Please state with specificity each activity, action, or investigative task that you participated in during the Charleston Street Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes but is not limited to the investigation at the scene, interviews with and statements of

witnesses or suspects, any purported identification of Plaintiff in any Identification Procedures, the interrogation of Plaintiff, and the arrest and charging of Plaintiff— and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Charleston Street Investigation is described in the Documents that you reference.

**ANSWER: Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about "each" action Defendant took in an investigation that occurred twenty years ago. Defendant further objects to this request to the extent it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto. Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

8.      Under oath, please identify the substance of all Communications that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint and/or relating to the Charleston Street Investigation, including but not limited to with any suspect (including Plaintiff), witness, potential witness, or the witnesses identified on the parties' Rule 26(a)(1) Disclosures. Specifically, this Interrogatory seeks Communications with individuals including but not limited to: Kenneth Nixon, Kenneth Nixon's criminal case, Kenneth Nixon's post-conviction litigation, Kenneth Nixon's exoneration, etc. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER: Defendant objects to this request because it calls for information protected by the attorney-client privilege and the attorney work product**

**doctrine.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving, and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto. Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

9.      Are you aware of any Communications between law enforcement officers (including yourself) with witnesses during the Charleston Street Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material, significant, and/or important statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation? If so, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" communications relating to a twenty-year-old investigation.**

**Without waiving, and subject to said objection, no. By way of further response, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto.  Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

10.      Under oath, please identify every Communication that you had during the course of the Charleston Street Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any employee or agent of the Detroit Police Department, Wayne County Prosecutor's Office, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Charleston Street Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved

6

in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER: Defendant objects to this request to the extent it calls for information protected by the attorney-client privilege and the attorney work product doctrine.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving, and subject to said objection, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto. Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

11.     For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER:**

**Defendant objects to this request as overbroad, disproportionate to the needs of this case, premature, and designed merely to harass. Defendant further objects as, in the event that a jury finds Defendant liable, the City of Detroit's Code of Ordinances provides that the City may indemnify Defendant.**

12.     Did you or any other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Detroit or the Detroit Police Department, as you understand them, at any point during the Charleston Street Fire Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants

7

or officers, or during any interactions with Plaintiff or any witness. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about an investigation that occurred twenty years ago.  Defendant further objects to this request to the extent it calls for a narrative response better suited to a deposition.**

**Without waiving, and subject to said objection, no. By way of further response, Defendant states that he has no independent recollection of the underlying criminal matter and directs Plaintiff to Defendants' Rule 26(a)(1) disclosures, and any supplements thereto.  Defendant reserves the right to amend this position as facts become known throughout the course of discovery.**

13.   Did you maintain any personal notes, personal emails, or personal files relating to the Charleston Street Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Charleston Street Fire Investigation is contained in the Documents that you reference.

**ANSWER:**

**No.**

14.   Prior to Plaintiff's exoneration, did you withhold from Plaintiff any Exculpatory Evidence of which you were aware? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER: Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about an investigation that occurred twenty years ago.**

**Subject to and notwithstanding these objections, no.**

15.    For any affirmative defenses that you have asserted or will assert in this matter that rest upon a factual basis, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Plaintiff requests that you provide a detailed description of every factual basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts underlying your defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER: Defendant objects to this request because it seeks a legal analysis and Defendant is not an attorney. Defendant further objects to this request to the extent that it seeks to invade the attorney-client privilege, the work-product doctrine, and any other applicable privilege or document.**

I declare under penalty of perjury that the foregoing is true and correct.

_____
Moises Jimenez

As to objections,
NATHAN & KAMIONSKI LLP

_____
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Christopher J. Raiti (P68600)
Andrea M. Frailey (P82466)
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
akamionski@nkllawllp.com
snathan@nklawllp.com
craiti@nklawllp.com
afrailey@nklawllp.com

Dated: January 27, 2025

*Attorneys for Defendants*

9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                          Case No:  23-cv-11547

        Plaintiff,                    HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

        Defendants.

---

## DEFENDANT ALMA HUGHES-GRUBBS'S
## ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

---

    1.     For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks information regarding "any" document requested by Plaintiff.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs has no information responsive to this request.**

2.    Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of this case to the extent it seeks "all" categories of facts known by "all" individuals with knowledge of facts that relate to this case as such information is better sought during a deposition.**

**Defendant further objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what knowledge Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she does not have memory or knowledge of any individuals outside of those identified in Defendants' Rule 26(a) disclosures with knowledge of the facts of this case.**

3.    Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter- departmental, and citizen

complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive identifications, use of improper, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER: Defendant objects to this request as seeking information not relevant to Plaintiff's claims in this matter. Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" complaints that have "ever" been filed against Defendant and calls for a narrative response better suited for a deposition.**

**Without waiving and subject to said objections, Defendant Hughes-Grubbs states that she is not aware of any such complaints.**

4.   Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER: Defendant objects to subpart (a) of this request as unduly burdensome because it seeks information in the public record that is equally available to Plaintiff. Defendant objects to subpart (b) of this request because it calls for a legal conclusion and Defendant is not an attorney.**

**Defendant further objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what knowledge Plaintiff**

believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.

**Without waiving and subject to said objections, Defendant Hughes-Grubbs states that she has never been convicted of a crime.**

5.     Do you contend that Plaintiff Kenneth Nixon set the Charleston Street Fire, thereby killing Tamyah Vaughn and Raylond McCulley, or committed any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports your contention.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation.**

6.     Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "the complete factual basis" which is a narrative response better suited to a deposition.**

**Defendant further objects to this request to the extent it seeks information regarding decisions made by the prosecution or findings made by the District Court judge.**

**Finally, Defendant objects to this request to the extent it calls for a legal conclusion as Defendant is not an attorney.**

4

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation.**

7.      Please state with specificity each activity, action, or investigative task that you participated in during the Charleston Street Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes but is not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identification of Plaintiff in any Identification Procedures, the interrogation of Plaintiff, and the arrest and charging of Plaintiff—and any subsequent investigation that took place following the interrogation and charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Charleston Street Investigation is described in the Documents that you reference.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about "each" action Defendant took in an investigation that occurred twenty years ago.  Defendant further objects to this request to the extent it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation.**

8.      Under oath, please identify the substance of all Communications that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint and/or relating to the Charleston Street Investigation, including but not limited to with any suspect (including Plaintiff), witness, potential witness, or the witnesses identified on the parties' Rule 26(a)(1) Disclosures. Specifically, this Interrogatory seeks Communications with individuals including but not limited to: Kenneth Nixon, Kenneth Nixon's criminal case, Kenneth Nixon's post-conviction litigation, Kenneth Nixon's exoneration, etc. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was

memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:  Defendant objects to this request because it calls for information protected by the attorney-client privilege and the attorney work product doctrine.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation.**

9.      Are you aware of any Communications between law enforcement officers (including yourself) with witnesses during the Charleston Street Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material, significant, and/or important statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation? If so, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" communications relating to a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation and therefore has no knowledge of any such communications.**

10.      Under oath, please identify every Communication that you had during the course of the Charleston Street Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any employee or agent of the Detroit Police Department, Wayne County Prosecutor's Office, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Charleston Street

Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER: Defendant objects to this request to the extent it calls for information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Fire Investigation.**

11. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER: Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what Plaintiff means by the terms "balance sheet" and "income statement."**

**Defendant further objects to this request because it places obligations on Defendant in excess of those provided by the Federal Rules of Civil procedure in that it asks Defendant to create a document.**

12. Did you or any other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Detroit or the Detroit Police Department, as you understand them, at any point during the Charleston Street Fire Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants or officers, or

7

during any interactions with Plaintiff or any witness. If your answer is anything other than an unqualified "no," please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportionate to the needs of this case because it calls for Defendant to speculate on how other individuals behaved in a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs states that she has no independent recollection of the Charleston Street Investigation, but that it was her practice to act consistently with the policies of the City of Detroit and Detroit Police Department while she was employed at the Detroit Police Department.**

13.    Did you maintain any personal notes, personal emails, or personal files relating to the Charleston Street Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Charleston Street Fire Investigation is contained in the Documents that you reference.

**ANSWER: Defendant objects to this request as overly broad and not proportional to the needs of the case to the extent it seeks information regarding "any" personal notes or files from a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Hughes-Grubbs did not maintain any personal notes, emails, or files relating to the Charleston Street Investigation.**

14.    Prior to Plaintiff's exoneration, did you withhold from Plaintiff any Exculpatory Evidence of which you were aware? If your answer to this question is anything other than an unqualified "no," please  state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER:  Defendant objects to this request as unduly burdensome because it purports to place obligations on Defendant in excess of those provided by the Constitution and *Brady* because Defendant had no obligation to provide exculpatory evidence directly to Plaintiff as opposed to providing any such evidence to the prosecution.**

**Without waiving and subject to said objection, Defendant states she did not withhold any exculpatory evidence.**

15.     For any affirmative defenses that you have asserted or will assert in this matter that rest upon a factual basis, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Plaintiff requests that you provide a detailed description of every factual basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts underlying your defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:  Defendant objects to this request because it seeks a legal analysis and Defendant is not an attorney.**

**[SIGNATURES ON FOLLOWING PAGE]**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _2-1-25_

_Alma Hughes-Grubbs_
Alma Hughes-Grubbs

As to objections,

NATHAN & KAMIONSKI, LLP

Dated: _2/10/25_

Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Christopher J. Raiti (P68600)
Andrea M. Frailey (P82466)
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
akamionski@nkllawllp.com
snathan@nklawllp.com
craiti@nklawllp.com
afrailey@nklawllp.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

Case No:  23-cv-11547

      Plaintiff,

HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

      Defendants.

---

## DEFENDANT EDDIE CROXTON'S ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

---

1.     For any Document requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks information regarding "any" document requested by Plaintiff.**

1

**Without waiving and subject to said objection, Defendant has no information responsive to this request.**

     2.     Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

     If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of this case to the extent it seeks "all" categories of facts known by "all" individuals with knowledge of facts that relate to this case as such information is better sought during a deposition.**

**Without waiving and subject to said objection, Defendant states that he does not have memory or knowledge of any individuals outside of those identified in Defendants' Rule 26(a) disclosures with knowledge of the facts of this case.**

     3.     Under oath, please identify all Complaints that have ever been made against you relating to your role as a law enforcement official (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter- departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive identifications, use of improper, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. A complete answer to this

2

Interrogatory will include, but is not limited to, the following information: (1) the date of each Complaint; (2) a detailed description of the nature of each Complaint; (3) an identifying number of each Complaint; and (4) how each Complaint was resolved, including whether you provided any statements relating to the Complaint and whether you were disciplined in connection with the Complaint. If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

**ANSWER:  Defendant objects to this request as seeking information not relevant to Plaintiff's claims in this matter.  Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" complaints that have "ever" been filed against Defendant and calls for a narrative response better suited for a deposition.**

**Without waiving and subject to said objections, Defendant Croxton states that he is not aware of any such complaints.**

4.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**ANSWER:  Defendant objects to subpart (a) of this request as unduly burdensome because it seeks information in the public record that is equally available to Plaintiff.  Defendant objects to subpart (b) of this request because it calls for a legal conclusion and Defendant is not an attorney.**

5.      Do you contend that Plaintiff Kenneth Nixon set the Charleston Street Fire, thereby killing Tamyah Vaughn and Raylond McCulley, or committed any other illegal act relating to the incidents described in Plaintiff's Complaint? If so, please provide the complete factual basis for your contention, and identify all witnesses or physical, documentary, or testimonial evidence that supports your contention.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation.**

6.    Is it your position that at any point there was probable cause to support Plaintiff's arrest, charging, indictment, or prosecution for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylond McCulley? If so, please provide the complete factual basis upon which you contend that probable cause existed at the time of Plaintiff's arrest, charging, indictment, and criminal trial. If it is your contention that probable cause existed at one point and then no longer existed at a later point, please state so clearly in your answer.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "the complete factual basis" which is a narrative response better suited to a deposition.**

**Defendant further objects to this request to the extent it seeks information regarding decisions made by the prosecution or findings made by the District Court judge.**

**Finally, Defendant objects to this request to the extent it calls for a legal conclusion as Defendant is not an attorney.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation.**

7.    Please state with specificity each activity, action, or investigative task that you participated in during the Charleston Street Investigation. For each activity, action, or task, please describe the Person, if any, who assigned you each activity, action, or task and the Person to whom you reported for each activity, action, or task. Please note that the scope of this Interrogatory includes but is not limited to the investigation at the scene, interviews with and statements of witnesses or suspects, any purported identification of Plaintiff in any Identification Procedures, the interrogation of Plaintiff, and the arrest and charging of Plaintiff— and any subsequent investigation that took place following the interrogation and

4

charging of Plaintiff, including any acts leading up to and during his criminal trial and appeal, and any steps undertaken at any time after his conviction was overturned, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Charleston Street Investigation is described in the Documents that you reference.

**ANSWER:   Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks specific information about "each" action Defendant took in an investigation that occurred twenty years ago.  Defendant further objects to this request to the extent it calls for a narrative response better suited to a deposition.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation.**

8.   Under oath, please identify the substance of all Communications that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint and/or relating to the Charleston Street Investigation, including but not limited to with any suspect (including Plaintiff), witness, potential witness, or the witnesses identified on the parties' Rule 26(a)(1) Disclosures. Specifically, this Interrogatory seeks Communications with individuals including but not limited to: Kenneth Nixon, Kenneth Nixon's criminal case, Kenneth Nixon's post-conviction litigation, Kenneth Nixon's exoneration, etc. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please state under oath that the sum total of Communications responsive to this Interrogatory are contained in the Documents that you reference.

**ANSWER:   Defendant objects to this request because it calls for information protected by the attorney-client privilege and the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation.**

9.     Are you aware of any Communications between law enforcement officers (including yourself) with witnesses during the Charleston Street Investigation that either: (a) were not memorialized at all in police reports that have been produced in this litigation, or (b) were memorialized in such a way that material, significant, and/or important statements made by any of the participants in the Communication were omitted from police reports that have been produced in this litigation? If so, please identify the substance of all such Communications, including (a) state with particularity the substance of the Communication that was not memorialized; (b) identify everyone involved in the Communication; (c) and provide the date of the Communication.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks "all" communications relating to a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation and therefore has no knowledge of any such communications.**

10.     Under oath, please identify every Communication that you had during the course of the Charleston Street Investigation, with any Current or Former Individual Defendant; any forensic, DNA, laboratory or evidence analysts, agents, or employees; or any employee or agent of the Detroit Police Department, Wayne County Prosecutor's Office, or any other governmental prosecution or law enforcement authority that had any involvement of any kind in the Charleston Street Investigation. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a police report or other Document. If you answer this Interrogatory by referring to Documents, please reference specific bates numbers and state under oath that the sum total of Communications responsive to this Interrogatory that you presently recall, after a diligent investigation, is contained in the Documents that you reference.

**ANSWER:  Defendant objects to this request to the extent it calls for information protected by the attorney-client privilege and the attorney work product doctrine.   Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case to the extent it seeks information about "all" communications regarding a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Fire Investigation.**

11.    For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**ANSWER: Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because Defendant has requested indemnification from the City of Detroit in accordance with the Collective Bargaining Agreement.  As such, the information sought by this request is not relevant to the current matter.**

**Defendant further objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what Plaintiff means by the terms "balance sheet" and "income statement."**

**Finally, Defendant objects to this request because it places obligations on Defendant in excess of those provided by the Federal Rules of Civil procedure in that it asks Defendant to create a document.**

12.    Did you or any other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the City of Detroit or the Detroit Police Department, as you understand them, at any point during the Charleston Street Fire Investigation, as described in Plaintiff's Complaint? This includes during any interactions with other Individual Defendants or officers, or during any interactions with Plaintiff or any witness. If your answer is anything other than an unqualified "no," please: (a) identify any particular

policy, custom, or practice which, to your knowledge was violated and by whom; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**ANSWER:  Defendant objects to this request as unduly burdensome and not proportionate to the needs of this case because it calls for Defendant to speculate on how other individuals behaved in a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Croxton states that he has no independent recollection of the Charleston Street Investigation, but that it was his practice to act consistently with the policies of the City of Detroit and Detroit Police Department while he was employed at the Detroit Police Department.**

     13.    Did you maintain any personal notes, personal emails, or personal files relating to the Charleston Street Investigation or any suspects in the investigation? If the answer to this question is anything other than an unqualified "no," please describe the contents of your notes or files with sufficient particularity to enable a production request for all such notes or files. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal notes and personal files relating to the Charleston Street Fire Investigation is contained in the Documents that you reference.

**ANSWER: Defendant objects to this request as overly broad and not proportional to the needs of the case to the extent it seeks information regarding "any" personal notes or files from a twenty-year-old investigation.**

**Without waiving and subject to said objection, Defendant Croxton did not maintain any personal notes, emails, or files relating to the Charleston Street Investigation.**

     14.    Prior to Plaintiff's exoneration, did you withhold from Plaintiff any Exculpatory Evidence of which you were aware? If your answer to this question is anything other than an unqualified "no," please state when you became aware of such Exculpatory Evidence and describe each such piece of Exculpatory Evidence, providing sufficient detail so that additional discovery requests can be served.

**ANSWER: Defendant objects to this request as unduly burdensome because it purports to place obligations on Defendant in excess of those**

8

**provided by the Constitution and *Brady* because Defendant had no obligation to provide exculpatory evidence directly to Plaintiff as opposed to providing any such evidence to the prosecution.**

**Without waiving and subject to said objection, Defendant states he did not withhold any exculpatory evidence.**

15.    For any affirmative defenses that you have asserted or will assert in this matter that rest upon a factual basis, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. Plaintiff requests that you provide a detailed description of every factual basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts underlying your defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**ANSWER:   Defendant objects to this request because it seeks a legal analysis and Defendant is not an attorney.**

**[SIGNATURES ON FOLLOWING PAGE]**

9

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 1/31/25 _____    _____

Eddie Croxton

As to objections,

NATHAN & KAMIONSKI, LLP

Dated: 2/10/25 _____    _____

Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Christopher J. Raiti (P68600)
Andrea M. Frailey (P82466)
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
akamionski@nkllawllp.com
snathan@nklawllp.com
craiti@nklawllp.com
afrailey@nklawllp.com
*Attorneys for Defendants*

10