IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                   Case No:  23-cv-11547

        Plaintiff,                              HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

        Defendants.

---

## DEFENDANT JAMES TOLBERT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS TO PRODUCE DOCUMENTS

---

## REQUESTS FOR PRODUCTION

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks "all" documents related to Plaintiff's claims and all such documents are not in Defendant's possession, custody, or control.**

1

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

2.      All Documents relating to the Charleston Street Fire, and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylon McCulley. This request includes but is not limited to any and all:

a.   police reports (including Continuation Reports, Continuation and Supplement reports);

b.   handwritten notes;

c.   collected evidence;

d.   forensic, lab, and/or testing documents, Communications, reports, and results;

e.   logs;

f.   maps and/or diagrams;

g.   instrument and/or computer print-outs;

h.   photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses);

i.   video/audio recordings;

j.   electronically stored information; and/or

k.   Communications.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

3.     All Documents relating to the Charleston Street Investigation, and the investigation, arrest, questioning, interrogation, identification, charging, and/or prosecution of Plaintiff for arson and the murder of Tamyah Vaughn and Raylon McCulley that are stored within each and every unit of the Detroit Police Department, including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**RESPONSE:**     **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

4.     All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 and/or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

     a.   All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

     b.   All photographs, audio, or video presented to any witness during the Charleston Street Fire;

     c.   All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

     d.   All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**RESPONSE:**      **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

5.      All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**RESPONSE:**      **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

6.      All Documents, such as Defendant's personal notes, communications, and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Investigation.

**RESPONSE:**      **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

7.      All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or

otherwise relate to the Charleston Street Fire. This request includes but is not limited to:

    a.  the personal notes and/or files of any Individual Defendant and/or Investigator; and

    b.  all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

    8.    All physical evidence relating to the Charleston Street Fire or Defendant's defenses Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

9.      All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

10.      All Documents relating to any investigation or audit, if any, that addressed or evaluated any actual or potential misconduct by any person, including but not limited to any employee of the City of Detroit, arising from the investigation of the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of documents responsive to this request.**

11.      All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, photo book identification, show-up, clothing identification, or other) conducted in connection with the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

12.    Maps; floor plans; architectural, construction, and/or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Fire, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

13.    All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Charleston Street Fire and attendant death of Tamyah Vaugh and Raylon McCulley, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

14.    All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

15.    All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

16.    All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylon McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested,**

**to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

17. All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

**RESPONSE: Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

18. All Documents and Communications relating to the following Persons:

    a. Plaintiff;

    b. Tamyah Vaughn;

    c. Raylon McCulley;

    d. Brandon Vaughn;

    e. Naomi Vaughn;

    f. Mario Mahdi;

    g. Ronrico Simmons;

  h. Stanley January;

  i. Any third parties involved in the Charleston Street Fire, including each witness on the parties' Rule 26(a)(1) Disclosures; and

  j. Each witness with knowledge of the allegations or claims in Plaintiff's Complaint or Defendant's defenses to Plaintiff's Complaint.

This request seeks responsive documents without temporal limitation.

**RESPONSE: Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

  19. All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

**RESPONSE: Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

20.    All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:    Defendant objects to this request to the extent it seeks documents which are publicly available and therefore equally available to Plaintiff.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

21.    All Documents containing, constituting, or memorializing Communications that refer or relate to the Charleston Street Fire, the Charleston Street Investigation, the death of Tamyah Vaughn and Raylon McCulley, and/or Plaintiff's alleged involvement in the Charleston Street Fire. This Request includes but is not limited to the following Communications:

     a.  Between any of the Defendants or their employees or agents and Plaintiff;

     b.  Among any of the Defendants or their employees and agents;

     c.  Between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and

       d. With the Wayne County Prosecutor's Office or any other prosecuting agency.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

22. All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

23. All Documents that reflect the locations, movements, assignments, and/or contacts of any Individual Defendant from May 19, 2005 through May 26, 2005, including but not limited to timesheets, payroll records, overtime requests, overtime records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone records, and/or personal phone records, anything and everything that is responsive to this request.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it is not limited to documents relating to Defendant's employment with the Detroit Police Department.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

24.     All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks, but is not limited to, as to each individual Defendant:

a. All Citizen Complaint (CCR) files, including Office of Chief Investigator investigations, witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such Complaint;

b. All Internal Affairs (IA) Investigation files, including witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such internal investigation;

c. All Use of Force investigation files, including witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such use of force investigation;

d. Print-out of the complete internal investigation (CCR, IA, and Force) history and disciplinary history from each each Individual Defendant's Management Awareness System (MAS) Profile; and

e. Any and all documentation in your possession, custody, or control relating to expunged disciplinary records.

This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Finally, Defendant objects to this request to the extent it is designed to harass or embarrass Defendants as opposed to seeking discoverable documents.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

25.      All Documents relating to each Individual Defendant's employment history with the City of Detroit, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, PEERS and other Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

26.      A photograph of each Individual Defendant that shows their respective appearance at or near the date of the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents from twenty years ago.**

27.    All Documents relating to each Individual Defendant's total financial net worth, including, but not limited to:

a.  All Documents relating to any assets in their possession with a value in excess of $2,500;

b.  Copies of all monthly statements for the period from June 26, 2023 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which each Defendant has any ownership interest;

c.  Copies of any insurance policy in which each Defendant is either the beneficiary or has any other ownership interest;

d.  A copy of the deed to each Defendant's residence(s). If he does not own his home, please produce a copy of a current lease;

e.  A copy of the title to each Defendant's automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity they may have in said automobile(s);

f.  All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.  A copy of each Defendant's last four pay stubs relating to any employment in which you are engaged, including but not limited to the Detroit Police Department;

h.  All Documents relating to any mortgage applications signed by each Defendant in the past four years; and

i.  Copies of each Defendant's three most recent state and federal tax returns

j.  All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

28.      All Documents that support a defense by each Individual Defendant in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

29.      All Documents that each Defendant will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of the Charleston Street Fire and/or the murders of Tamyah Vaugh and Raylon McCulley. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendants direct Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

30.      All Documents relating to or supporting Defendant's Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which each Defendant may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendant Tolbert directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

31.     All Documents which support or relate to any of each Defendant's responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement the response to this request for production throughout this litigation.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

32.     Any records of Grand Jury proceedings relating to the Charleston Street Fire, or the prosecution of Plaintiff or any other Person for the Charleston Street Fire and/or the murder of Tamyah Vaugh and Raylon McCulley.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

33.   All Documents obtained via third-party subpoena in this litigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:   Defendant Tolbert does not possess any documents responsive to this request.  That being said, Defendant Tolbert directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

34.   All Documents provided to any Defendant or obtained by any Defendant from any of Plaintiff's criminal defense attorneys or their investigators or agents, at any time.

**RESPONSE:   Defendant objects to this request because it seeks from Defendant documents in the possession, custody, or control of Plaintiff.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.  That being said, Defendant Tolbert directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

35.   All Documents provided to any Defendant by or obtained by any Defendant from any of Defendant's attorneys, investigators, or agents.

**RESPONSE:   Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objection, Defendant Tolbert directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

36.   All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

      a.  all Communications to and from said expert(s);

b.  all Documents provided to and relied upon by said expert(s); and

c.  any transcripts of prior testimony or Rule 26 reports of said expert(s).

To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE:    Defendant objects to this request as premature.  Defendant further objects to this request to the extent it purports to place obligations on Defendants beyond those created by the Federal Rules of Civil Procedure.**

**Without waiving, and subject to, said objection, Defendant Tolbert will provide his Rule 26 expert disclosures in accordance with the court rules and the Court's orders in this case.**

37.    Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE:    Defendant objects to this request as premature as he has not yet determined what, if any, demonstrative aids or exhibits to use at trial.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

38.    Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Detroit and/or Detroit Police Department's written policies applicable to any of the Individual Defendants at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:    Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

39.     All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire investigation and prosecution:

a.   Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

b.   Use of jailhouse witnesses and confidential sources/informants.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

c.   Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

d.   The documentation and preservation of information learned during a homicide investigation.

This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e.  The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files.

This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

40.  Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

41.      Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in RFP No. 39 above.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

42.      All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

43.     All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA").

This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Tolbert is not in possession of any documents responsive to this request.**

NATHAN & KAMIONSKI, LLP

Christopher J. Raiti (P68600)
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Andrea M. Frailey (P82466)
*Attorneys for Defendants*
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
craiti@nklawllp.com
akamionski@nkllawllp.com
snathan@nklawllp.com
afrailey@nklawllp.com

Dated:  February 10, 2024

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                    Case No:  23-cv-11547

       Plaintiff,                                    HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

       Defendants.

---

## DEFENDANT KURTISS STAPLES'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS TO PRODUCE DOCUMENTS

---

### REQUESTS FOR PRODUCTION

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks "all" documents related to Plaintiff's claims and all such documents are not in Defendant's possession, custody, or control.**

1

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

      2.    All Documents relating to the Charleston Street Fire, and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylon McCulley. This request includes but is not limited to any and all:

      a.   police reports (including Continuation Reports, Continuation and Supplement reports);

      b.   handwritten notes;

      c.   collected evidence;

      d.   forensic, lab, and/or testing documents, Communications, reports, and results;

      e.   logs;

      f.   maps and/or diagrams;

      g.   instrument and/or computer print-outs;

      h.   photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses);

      i.   video/audio recordings;

      j.   electronically stored information; and/or

      k.   Communications.

**RESPONSE:**    **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

3.    All Documents relating to the Charleston Street Investigation, and the investigation, arrest, questioning, interrogation, identification, charging, and/or prosecution of Plaintiff for arson and the murder of Tamyah Vaughn and Raylon McCulley that are stored within each and every unit of the Detroit Police Department, including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

4.    All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 and/or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

      a.    All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

      b.    All photographs, audio, or video presented to any witness during the Charleston Street Fire;

      c.    All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

      d.    All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

5. All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

6. All Documents, such as Defendant's personal notes, communications, and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Investigation.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

7. All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or

otherwise relate to the Charleston Street Fire. This request includes but is not limited to:

      a.   the personal notes and/or files of any Individual Defendant and/or Investigator; and

      b.  all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE:**    **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

      8.    All physical evidence relating to the Charleston Street Fire or Defendant's defenses Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

9.     All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

10.     All Documents relating to any investigation or audit, if any, that addressed or evaluated any actual or potential misconduct by any person, including but not limited to any employee of the City of Detroit, arising from the investigation of the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of documents responsive to this request.**

11.     All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, photo book identification, show-up, clothing identification, or other) conducted in connection with the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

12.     Maps; floor plans; architectural, construction, and/or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Fire, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

13.     All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Charleston Street Fire and attendant death of Tamyah Vaugh and Raylon McCulley, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

14.     All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

15.      All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

16.      All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylon McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested,**

**to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

17.    All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

**RESPONSE:      Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

18.    All Documents and Communications relating to the following Persons:

    a.   Plaintiff;

    b.   Tamyah Vaughn;

    c.   Raylon McCulley;

    d.   Brandon Vaughn;

    e.   Naomi Vaughn;

    f.   Mario Mahdi;

    g.   Ronrico Simmons;

       h.  Stanley January;

       i.  Any third parties involved in the Charleston Street Fire, including each witness on the parties' Rule 26(a)(1) Disclosures; and

       j.  Each witness with knowledge of the allegations or claims in Plaintiff's Complaint or Defendant's defenses to Plaintiff's Complaint.

This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

    19.    All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

20.    All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:      Defendant objects to this request to the extent it seeks documents which are publicly available and therefore equally available to Plaintiff.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

21.    All Documents containing, constituting, or memorializing Communications that refer or relate to the Charleston Street Fire, the Charleston Street Investigation, the death of Tamyah Vaughn and Raylon McCulley, and/or Plaintiff's alleged involvement in the Charleston Street Fire. This Request includes but is not limited to the following Communications:

      a. Between any of the Defendants or their employees or agents and Plaintiff;

      b. Among any of the Defendants or their employees and agents;

      c. Between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and

     d. With the Wayne County Prosecutor's Office or any other prosecuting agency.

**RESPONSE:    Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

22.    All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:    Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

23.    All Documents that reflect the locations, movements, assignments, and/or contacts of any Individual Defendant from May 19, 2005 through May 26, 2005, including but not limited to timesheets, payroll records, overtime requests, overtime records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone records, and/or personal phone records, anything and everything that is responsive to this request.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it is not limited to documents relating to Defendant's employment with the Detroit Police Department.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

24.    All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks, but is not limited to, as to each individual Defendant:

a. All Citizen Complaint (CCR) files, including Office of Chief Investigator investigations, witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such Complaint;

b. All Internal Affairs (IA) Investigation files, including witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such internal investigation;

c. All Use of Force investigation files, including witness statements, memoranda; conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such use of force investigation;

d. Print-out of the complete internal investigation (CCR, IA, and Force) history and disciplinary history from each each Individual Defendant's Management Awareness System (MAS) Profile; and

e. Any and all documentation in your possession, custody, or control relating to expunged disciplinary records.

This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Finally, Defendant objects to this request to the extent it is designed to harass or embarrass Defendants as opposed to seeking discoverable documents.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

25. All Documents relating to each Individual Defendant's employment history with the City of Detroit, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, PEERS and other Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

26. A photograph of each Individual Defendant that shows their respective appearance at or near the date of the Charleston Street Fire.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents from twenty years ago.**

27.    All Documents relating to each Individual Defendant's total financial net worth, including, but not limited to:

  a.    All Documents relating to any assets in their possession with a value in excess of $2,500;

  b.    Copies of all monthly statements for the period from June 26, 2023 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which each Defendant has any ownership interest;

  c.    Copies of any insurance policy in which each Defendant is either the beneficiary or has any other ownership interest;

  d.    A copy of the deed to each Defendant's residence(s). If he does not own his home, please produce a copy of a current lease;

  e.    A copy of the title to each Defendant's automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity they may have in said automobile(s);

  f.    All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

  g.    A copy of each Defendant's last four pay stubs relating to any employment in which you are engaged, including but not limited to the Detroit Police Department;

  h.    All Documents relating to any mortgage applications signed by each Defendant in the past four years; and

  i.    Copies of each Defendant's three most recent state and federal tax returns

  j.    All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

15

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

28.     All Documents that support a defense by each Individual Defendant in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

29.     All Documents that each Defendant will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of the Charleston Street Fire and/or the murders of Tamyah Vaugh and Raylon McCulley. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendants direct Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

30.     All Documents relating to or supporting Defendant's Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which each Defendant may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendant Staples directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

31.    All Documents which support or relate to any of each Defendant's responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement the response to this request for production throughout this litigation.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

32.    Any records of Grand Jury proceedings relating to the Charleston Street Fire, or the prosecution of Plaintiff or any other Person for the Charleston Street Fire and/or the murder of Tamyah Vaugh and Raylon McCulley.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

33.   All Documents obtained via third-party subpoena in this litigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:   Defendant Staples does not possess any documents responsive to this request.  That being said, Defendant Staples directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

34.   All Documents provided to any Defendant or obtained by any Defendant from any of Plaintiff's criminal defense attorneys or their investigators or agents, at any time.

**RESPONSE:   Defendant objects to this request because it seeks from Defendant documents in the possession, custody, or control of Plaintiff.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.  That being said, Defendant Staples directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

35.   All Documents provided to any Defendant by or obtained by any Defendant from any of Defendant's attorneys, investigators, or agents.

**RESPONSE:   Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objection, Defendant Staples directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

36.   All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

   a.  all Communications to and from said expert(s);

b. all Documents provided to and relied upon by said expert(s); and

c. any transcripts of prior testimony or Rule 26 reports of said expert(s).

To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE:      Defendant objects to this request as premature.  Defendant further objects to this request to the extent it purports to place obligations on Defendants beyond those created by the Federal Rules of Civil Procedure.**

**Without waiving, and subject to, said objection, Defendant Staples will provide his Rule 26 expert disclosures in accordance with the court rules and the Court's orders in this case.**

37.      Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE:      Defendant objects to this request as premature as he has not yet determined what, if any, demonstrative aids or exhibits to use at trial.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

38.      Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Detroit and/or Detroit Police Department's written policies applicable to any of the Individual Defendants at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:      Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

39.     All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire investigation and prosecution:

a.   Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

b.   Use of jailhouse witnesses and confidential sources/informants.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

c.   Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

d.   The documentation and preservation of information learned during a homicide investigation.

This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e.  The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files.

This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

40.  Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

     41.      Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in RFP No. 39 above.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

     42.      All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

43.    All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA").

This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**RESPONSE:    Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Staples is not in possession of any documents responsive to this request.**

NATHAN & KAMIONSKI, LLP

Christopher J. Raiti (P68600)
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Andrea M. Frailey (P82466)
*Attorneys for Defendants*
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
craiti@nklawllp.com
akamionski@nkllawllp.com
snathan@nklawllp.com
afrailey@nklawllp.com

Dated:  February 10, 2024

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                    Case No:  23-cv-11547

        Plaintiff,                              HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

        Defendants.

---

## DEFENDANT MOISES JIMENEZ'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS TO PRODUCE DOCUMENTS

---

### REQUESTS FOR PRODUCTION

1.     All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks "all" documents related to Plaintiff's claims and all such documents are not in Defendant's possession, custody, or control.**

1

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

2.     All Documents relating to the Charleston Street Fire, and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylon McCulley. This request includes but is not limited to any and all:

a.  police reports (including Continuation Reports, Continuation and Supplement reports);

b.  handwritten notes;

c.  collected evidence;

d.  forensic, lab, and/or testing documents, Communications, reports, and results;

e.  logs;

f.  maps and/or diagrams;

g.  instrument and/or computer print-outs;

h.  photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses);

i.  video/audio recordings;

j.  electronically stored information; and/or

k.  communications.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

3.     All Documents relating to the Charleston Street Investigation, and the investigation, arrest, questioning, interrogation, identification, charging, and/or prosecution of Plaintiff for arson and the murder of Tamyah Vaughn and Raylon McCulley that are stored within each and every unit of the Detroit Police Department, including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

4.     All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 and/or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

   a.  All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

   b.  All photographs, audio, or video presented to any witness during the Charleston Street Fire;

   c.  All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

   d.  All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

5.     All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

6.     All Documents, such as Defendant's personal notes, communications, and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Investigation.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

7.     All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or

otherwise relate to the Charleston Street Fire. This request includes but is not limited to:

    a.  the personal notes and/or files of any Individual Defendant and/or Investigator; and

    b.  all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE:**    **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

    8.    All physical evidence relating to the Charleston Street Fire or Defendant's defenses Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

9.      All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

10.      All Documents relating to any investigation or audit, if any, that addressed or evaluated any actual or potential misconduct by any person, including but not limited to any employee of the City of Detroit, arising from the investigation of the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of documents responsive to this request.**

11.      All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, photo book identification, show-up, clothing identification, or other) conducted in connection with the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

12.   Maps; floor plans; architectural, construction, and/or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Fire, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

13.   All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Charleston Street Fire and attendant death of Tamyah Vaugh and Raylon McCulley, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

14.   All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

15.    All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

16.    All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylon McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested,**

8

to the extent they exist, are in the possession, custody, or control of the City of Detroit.

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

17.     All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

**RESPONSE:     Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

18.     All Documents and Communications relating to the following Persons:

   a.   Plaintiff;

   b.   Tamyah Vaughn;

   c.   Raylon McCulley;

   d.   Brandon Vaughn;

   e.   Naomi Vaughn;

   f.   Mario Mahdi;

   g.   Ronrico Simmons;

      h.   Stanley January;

      i.   Any third parties involved in the Charleston Street Fire, including each witness on the parties' Rule 26(a)(1) Disclosures; and

      j.   Each witness with knowledge of the allegations or claims in Plaintiff's Complaint or Defendant's defenses to Plaintiff's Complaint.

This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

    19.    All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

20.     All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents which are publicly available and therefore equally available to Plaintiff.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

21.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Charleston Street Fire, the Charleston Street Investigation, the death of Tamyah Vaughn and Raylon McCulley, and/or Plaintiff's alleged involvement in the Charleston Street Fire. This Request includes but is not limited to the following Communications:

> a.  Between any of the Defendants or their employees or agents and Plaintiff;
>
> b.  Among any of the Defendants or their employees and agents;
>
> c.  Between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and

d. With the Wayne County Prosecutor's Office or any other prosecuting agency.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

22. All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

23. All Documents that reflect the locations, movements, assignments, and/or contacts of any Individual Defendant from May 19, 2005 through May 26, 2005, including but not limited to timesheets, payroll records, overtime requests, overtime records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone records, and/or personal phone records, anything and everything that is responsive to this request.

**RESPONSE:        Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it is not limited to documents relating to Defendant's employment with the Detroit Police Department.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

24.    All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks, but is not limited to, as to each individual Defendant:

    a.  All Citizen Complaint (CCR) files, including Office of Chief Investigator investigations, witness statements, memoranda; conclusions/ recommendations; appeals;  trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such Complaint;

    b.  All Internal Affairs (IA) Investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such internal investigation;

    c.  All Use of Force investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such use of force investigation;

    d.  Print-out of the complete internal investigation (CCR, IA, and Force) history and disciplinary history from each each Individual Defendant's Management Awareness System (MAS) Profile; and

    e.  Any and all documentation in your possession, custody, or control relating to expunged disciplinary records.

This request seeks responsive documents without temporal limitation.

13

**RESPONSE:**      **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Finally, Defendant objects to this request to the extent it is designed to harass or embarrass Defendants as opposed to seeking discoverable documents.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

25.      All Documents relating to each Individual Defendant's employment history with the City of Detroit, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, PEERS and other Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**RESPONSE:**      **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

26.      A photograph of each Individual Defendant that shows their respective appearance at or near the date of the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents from twenty years ago.**

27.    All Documents relating to each Individual Defendant's total financial net worth, including, but not limited to:

     a.  All Documents relating to any assets in their possession with a value in excess of $2,500;

     b.  Copies of all monthly statements for the period from June 26, 2023 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which each Defendant has any ownership interest;

     c.  Copies of any insurance policy in which each Defendant is either the beneficiary or has any other ownership interest;

     d.  A copy of the deed to each Defendant's residence(s). If he does not own his home, please produce a copy of a current lease;

     e.  A copy of the title to each Defendant's automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity they may have in said automobile(s);

     f.  All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

     g.  A copy of each Defendant's last four pay stubs relating to any employment in which you are engaged, including but not limited to the Detroit Police Department;

     h.  All Documents relating to any mortgage applications signed by each Defendant in the past four years; and

     i.  Copies of each Defendant's three most recent state and federal tax returns

     j.  All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

**RESPONSE:        Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

28.      All Documents that support a defense by each Individual Defendant in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:        Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

29.      All Documents that each Defendant will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of the Charleston Street Fire and/or the murders of Tamyah Vaugh and Raylon McCulley. This request seeks responsive documents without temporal limitation.

**RESPONSE:        Defendant objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents [he/she] will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendants direct Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

30.      All Documents relating to or supporting Defendant's Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which each Defendant may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

**RESPONSE:    Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents [he/she] will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendant Jimenez directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

31.    All Documents which support or relate to any of each Defendant's responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement the response to this request for production throughout this litigation.

**RESPONSE:    Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

32.    Any records of Grand Jury proceedings relating to the Charleston Street Fire, or the prosecution of Plaintiff or any other Person for the Charleston Street Fire and/or the murder of Tamyah Vaugh and Raylon McCulley.

**RESPONSE:    Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

33.   All Documents obtained via third-party subpoena in this litigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:   Defendant Jimenez does not possess any documents responsive to this request.  That being said, Defendant Jimenez directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

34.   All Documents provided to any Defendant or obtained by any Defendant from any of Plaintiff's criminal defense attorneys or their investigators or agents, at any time.

**RESPONSE:   Defendant objects to this request because it seeks from Defendant documents in the possession, custody, or control of Plaintiff.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.  That being said, Defendant Jimenez directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

35.   All Documents provided to any Defendant by or obtained by any Defendant from any of Defendant's attorneys, investigators, or agents.

**RESPONSE:   Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objection, Defendant Jimenez directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

36.   All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

a.  all Communications to and from said expert(s);

    b.   all Documents provided to and relied upon by said expert(s); and

    c.   any transcripts of prior testimony or Rule 26 reports of said expert(s).

To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE:** **Defendant objects to this request as premature. Defendant further objects to this request to the extent it purports to place obligations on Defendants beyond those created by the Federal Rules of Civil Procedure.**

**Without waiving, and subject to, said objection, Defendant Jimenez will provide [his/her] Rule 26 expert disclosures in accordance with the court rules and the Court's orders in this case.**

37.    Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE:** **Defendant objects to this request as premature as [he/she] has not yet determined what, if any, demonstrative aids or exhibits to use at trial.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

38.    Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Detroit and/or Detroit Police Department's written policies applicable to any of the Individual Defendants at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:** **Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

39.   All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire investigation and prosecution:

  a.   Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses.

   This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

  b.   Use of jailhouse witnesses and confidential sources/informants.

   This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

  c.   Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

  d.   The documentation and preservation of information learned during a homicide investigation.

   This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e.   The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files.

This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f.   Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

40.   Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

41.    Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in RFP No. 39 above.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

42.    All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

43.     All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA").

This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Jimenez is not in possession of any documents responsive to this request.**

NATHAN & KAMIONSKI, LLP

Christopher J. Raiti (P68600)
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Andrea M. Frailey (P82466)
*Attorneys for Defendants*
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
craiti@nklawllp.com
akamionski@nkllawllp.com
snathan@nklawllp.com
afrailey@nklawllp.com

Dated:  February 10, 2024

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                Case No:  23-cv-11547

       Plaintiff,                              HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

       Defendants.

---

**DEFENDANT ALMA HUGHES-GRUBBS'S RESPONSES TO
PLAINTIFF'S FIRST REQUESTS TO PRODUCE DOCUMENTS**

---

## REQUESTS FOR PRODUCTION

    1.    All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks "all" documents related to Plaintiff's claims and all such documents are not in Defendant's possession, custody, or control.**

1

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

2.     All Documents relating to the Charleston Street Fire, and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylon McCulley. This request includes but is not limited to any and all:

   a.   police reports (including Continuation Reports, Continuation and Supplement reports);

   b.   handwritten notes;

   c.   collected evidence;

   d.   forensic, lab, and/or testing documents, Communications, reports, and results;

   e.   logs;

   f.   maps and/or diagrams;

   g.   instrument and/or computer print-outs;

   h.   photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses);

   i.   video/audio recordings;

   j.   electronically stored information; and/or

   k.   Communications.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

3.      All Documents relating to the Charleston Street Investigation, and the investigation, arrest, questioning, interrogation, identification, charging, and/or prosecution of Plaintiff for arson and the murder of Tamyah Vaughn and Raylon McCulley that are stored within each and every unit of the Detroit Police Department, including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

4.      All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 and/or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

      a.  All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

      b.  All photographs, audio, or video presented to any witness during the Charleston Street Fire;

      c.  All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

      d.  All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

3

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

5.      All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

6.      All Documents, such as Defendant's personal notes, communications, and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Investigation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

7.      All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or

otherwise relate to the Charleston Street Fire. This request includes but is not limited to:

    a.  the personal notes and/or files of any Individual Defendant and/or Investigator; and

    b.  all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE:**    **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

    8.    All physical evidence relating to the Charleston Street Fire or Defendant's defenses Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

9.     All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

10.     All Documents relating to any investigation or audit, if any, that addressed or evaluated any actual or potential misconduct by any person, including but not limited to any employee of the City of Detroit, arising from the investigation of the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of documents responsive to this request.**

11.     All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, photo book identification, show-up, clothing identification, or other) conducted in connection with the Charleston Street Fire.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

12.     Maps; floor plans; architectural, construction, and/or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Fire, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

13.     All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Charleston Street Fire and attendant death of Tamyah Vaugh and Raylon McCulley, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

14.     All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

15.     All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

16.     All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylon McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested,**

to the extent they exist, are in the possession, custody, or control of the City of
Detroit.

Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is
not in possession of any documents responsive to this request.

17.    All Documents relating to any Communication between or among any
of the Defendants, or their counsel, employees, agents, representatives, or any
Person working on their behalf, and any Person who may have discoverable
information or knowledge of the allegations or claims in Plaintiff's Complaint or the
Defendant's defenses to Plaintiff's Complaint, including but not limited to any
witness disclosed by any of the parties under Rule 26 or in response to
Interrogatories.

RESPONSE:     Defendant objects to this request because it seeks documents
subject to the attorney-client privilege or protected by the attorney work
product doctrine.

Defendant further objects to this request as unduly burdensome and not
proportional to the needs of the case because it seeks documents not in
Defendant's possession, custody, or control.

Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is
not in possession of any documents responsive to this request.

18.    All Documents and Communications relating to the following Persons:

   a.  Plaintiff;

   b.  Tamyah Vaughn;

   c.  Raylon McCulley;

   d.  Brandon Vaughn;

   e.  Naomi Vaughn;

   f.  Mario Mahdi;

   g.  Ronrico Simmons;

    h.   Stanley January;

    i.   Any third parties involved in the Charleston Street Fire, including each witness on the parties' Rule 26(a)(1) Disclosures; and

    j.   Each witness with knowledge of the allegations or claims in Plaintiff's Complaint or Defendant's defenses to Plaintiff's Complaint.

This request seeks responsive documents without temporal limitation.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

    19.    All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

**RESPONSE:**    **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

20.     All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents which are publicly available and therefore equally available to Plaintiff.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

21.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Charleston Street Fire, the Charleston Street Investigation, the death of Tamyah Vaughn and Raylon McCulley, and/or Plaintiff's alleged involvement in the Charleston Street Fire. This Request includes but is not limited to the following Communications:

    a.  Between any of the Defendants or their employees or agents and Plaintiff;

    b.  Among any of the Defendants or their employees and agents;

    c.  Between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and

       d.  With the Wayne County Prosecutor's Office or any other prosecuting agency.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

    22.  All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

    23.  All Documents that reflect the locations, movements, assignments, and/or contacts of any Individual Defendant from May 19, 2005 through May 26, 2005, including but not limited to timesheets, payroll records, overtime requests, overtime records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone records, and/or personal phone records, anything and everything that is responsive to this request.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it is not limited to documents relating to Defendant's employment with the Detroit Police Department.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

24.     All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks, but is not limited to, as to each individual Defendant:

   a. All Citizen Complaint (CCR) files, including Office of Chief Investigator investigations, witness statements, memoranda; conclusions/ recommendations; appeals;  trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such Complaint;

   b. All Internal Affairs (IA) Investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such internal investigation;

   c. All Use of Force investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such use of force investigation;

   d. Print-out of the complete internal investigation (CCR, IA, and Force) history and disciplinary history from each each Individual Defendant's Management Awareness System (MAS) Profile; and

   e. Any and all documentation in your possession, custody, or control relating to expunged disciplinary records.

This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Finally, Defendant objects to this request to the extent it is designed to harass or embarrass Defendants as opposed to seeking discoverable documents.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

25.      All Documents relating to each Individual Defendant's employment history with the City of Detroit, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, PEERS and other Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

26.      A photograph of each Individual Defendant that shows their respective appearance at or near the date of the Charleston Street Fire.

14

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents from twenty years ago.**

27.     All Documents relating to each Individual Defendant's total financial net worth, including, but not limited to:

a.  All Documents relating to any assets in their possession with a value in excess of $2,500;

b.  Copies of all monthly statements for the period from June 26, 2023 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which each Defendant has any ownership interest;

c.  Copies of any insurance policy in which each Defendant is either the beneficiary or has any other ownership interest;

d.  A copy of the deed to each Defendant's residence(s). If he does not own his home, please produce a copy of a current lease;

e.  A copy of the title to each Defendant's automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity they may have in said automobile(s);

f.  All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g.  A copy of each Defendant's last four pay stubs relating to any employment in which you are engaged, including but not limited to the Detroit Police Department;

h.  All Documents relating to any mortgage applications signed by each Defendant in the past four years; and

i.  Copies of each Defendant's three most recent state and federal tax returns

j.  All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

15

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

28.     All Documents that support a defense by each Individual Defendant in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

29.     All Documents that each Defendant will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of the Charleston Street Fire and/or the murders of Tamyah Vaugh and Raylon McCulley. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents she will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendants direct Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

30.     All Documents relating to or supporting Defendant's Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which each Defendant may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

16

**RESPONSE:       Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents she will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

31.     All Documents which support or relate to any of each Defendant's responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement the response to this request for production throughout this litigation.

**RESPONSE:       Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

32.     Any records of Grand Jury proceedings relating to the Charleston Street Fire, or the prosecution of Plaintiff or any other Person for the Charleston Street Fire and/or the murder of Tamyah Vaugh and Raylon McCulley.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

33.     All Documents obtained via third-party subpoena in this litigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant Hughes-Grubbs does not possess any documents responsive to this request.  That being said, Defendant Hughes-Grubbs directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

34.     All Documents provided to any Defendant or obtained by any Defendant from any of Plaintiff's criminal defense attorneys or their investigators or agents, at any time.

**RESPONSE:     Defendant objects to this request because it seeks from Defendant documents in the possession, custody, or control of Plaintiff.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.  That being said, Defendant Hughes-Grubbs directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

35.     All Documents provided to any Defendant by or obtained by any Defendant from any of Defendant's attorneys, investigators, or agents.

**RESPONSE:     Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objection, Defendant Hughes-Grubbs directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

36.     All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

　　　　a.  all Communications to and from said expert(s);

18

    b.  all Documents provided to and relied upon by said expert(s); and

    c.  any transcripts of prior testimony or Rule 26 reports of said expert(s).

To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE:**    **Defendant objects to this request as premature. Defendant further objects to this request to the extent it purports to place obligations on Defendants beyond those created by the Federal Rules of Civil Procedure.**

**Without waiving, and subject to, said objection, Defendant Hughes-Grubbs will provide her Rule 26 expert disclosures in accordance with the court rules and the Court's orders in this case.**

37.    Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE:**    **Defendant objects to this request as premature as she has not yet determined what, if any, demonstrative aids or exhibits to use at trial.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

38.    Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Detroit and/or Detroit Police Department's written policies applicable to any of the Individual Defendants at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:**    **Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

39.     All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire investigation and prosecution:

a.    Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

b.    Use of jailhouse witnesses and confidential sources/informants.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

c.    Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

d.    The documentation and preservation of information learned during a homicide investigation.

This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

e.  The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files.

This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

40.  Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

41.     Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in RFP No. 39 above.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

42.     All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

43.    All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA").

This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**RESPONSE:    Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Hughes-Grubbs is not in possession of any documents responsive to this request.**

NATHAN & KAMIONSKI, LLP

Christopher J. Raiti (P68600)
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Andrea M. Frailey (P82466)
*Attorneys for Defendants*
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
craiti@nklawllp.com
akamionski@nkllawllp.com
snathan@nklawllp.com
afrailey@nklawllp.com

Dated:  February 10, 2024

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                    Case No:  23-cv-11547

        Plaintiff,                              HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

        Defendants.

---

**DEFENDANT EDDIE CROXTON'S RESPONSES TO
PLAINTIFF'S FIRST REQUESTS TO PRODUCE DOCUMENTS**

---

**REQUESTS FOR PRODUCTION**

    1.    All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**    **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks "all" documents related to Plaintiff's claims and all such documents are not in Defendant's possession, custody, or control.**

1

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

2.      All Documents relating to the Charleston Street Fire, and the investigation, arrest, questioning, interrogation, identification, charging, or prosecution of Plaintiff for the Charleston Street Fire and the murder of Tamyah Vaughn and Raylon McCulley. This request includes but is not limited to any and all:

    a.   police reports (including Continuation Reports, Continuation and Supplement reports);

    b.   handwritten notes;

    c.   collected evidence;

    d.   forensic, lab, and/or testing documents, Communications, reports, and results;

    e.   logs;

    f.   maps and/or diagrams;

    g.   instrument and/or computer print-outs;

    h.   photographs (including crime scene photographs, identification procedure photographs, and/or photographs of the Plaintiff and/or other suspects or witnesses);

    i.   video/audio recordings;

    j.   electronically stored information; and/or

    k.   communications.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

2

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

3.      All Documents relating to the Charleston Street Investigation, and the investigation, arrest, questioning, interrogation, identification, charging, and/or prosecution of Plaintiff for arson and the murder of Tamyah Vaughn and Raylon McCulley that are stored within each and every unit of the Detroit Police Department, including any subdivisions, such as the Michigan State Police Crime Lab, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Detroit Police Department.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

4.      All transcripts, photographs, video/audio recordings, radio, and emergency transmissions; 911 and/or 311 recordings or transmissions; or other audio or visual communications (or Documents memorializing the same) relating in any way to the Plaintiff, the Charleston Street Fire, the Charleston Street Investigation and/or the death of Tamyah Vaugh and/or Raylon McCulley. This request specifically includes but is not limited to:

      a.  All evidentiary and/or autopsy photographs taken in connection with the Charleston Street Fire;

      b.  All photographs, audio, or video presented to any witness during the Charleston Street Fire;

      c.  All photographs, audio, or video turned over to prosecutors and/or defense attorneys in connection with the prosecution of Plaintiff; and,

      d.  All recordings of, and Documents relating to, any emergency/911 or 311 calls made at any time on May 19, 2005, and May 20, 2005.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

5.      All Documents relating to the investigation, arrest, interrogation, charging, or prosecution of any person who you have ever considered a potential perpetrator, suspect, or person of interest in the Charleston Street Fire, through the present day.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

6.      All Documents, such as Defendant's personal notes, communications, and/or files, that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Investigation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

7.      All Documents that were not included in the official Detroit Police Department file for the Charleston Street Investigation, but that summarize, reflect, describe or relate to any activities undertaken during the Charleston Street Fire, or

otherwise relate to the Charleston Street Fire. This request includes but is not limited to:

    a. the personal notes and/or files of any Individual Defendant and/or Investigator; and

    b. all Documents that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings but that summarize, reflect, describe, or relate to any activities undertaken during the Charleston Street Fire.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

8. All physical evidence relating to the Charleston Street Fire or Defendant's defenses Plaintiff's Complaint. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control. Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

9.      All Documents that constitute records of physical evidence relating to the Charleston Street Fire. This request includes but is not limited to documentation of evidence collection, chain of custody, and/or Communications and requests for forensic/lab testing.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

10.      All Documents relating to any investigation or audit, if any, that addressed or evaluated any actual or potential misconduct by any person, including but not limited to any employee of the City of Detroit, arising from the investigation of the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of documents responsive to this request.**

11.      All Documents, including notes, police reports, and photographs that summarize, reflect, or describe any identification procedure (whether live or single-photo lineup, photo array, single photo, photo book identification, show-up, clothing identification, or other) conducted in connection with the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

12.  Maps; floor plans; architectural, construction, and/or plumbing diagrams; evacuation and/or fire escape maps/plans; photographs, and/or any other visual depictions of all Detroit Police Department facilities in which Plaintiff or any witnesses/suspects were detained, held, interrogated, or questioned in connection with the Charleston Street Fire, reflecting the appearance of those facilities as they existed in or around the time of the detention, holding, interrogation, or questioning. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

13.  All Documents or evidence favorable to Plaintiff that would tend to show that he was not guilty of the Charleston Street Fire and attendant death of Tamyah Vaugh and Raylon McCulley, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff's criminal proceedings. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

14.  All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

15.      All Documents that summarize, reflect, describe, or relate to any questioning, interview, polygraph, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Charleston Street Investigation. This request includes but is not limited to all formal and informal police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

16.      All Documents summarizing, documenting, or containing witness statements, whether formal or informal, that relate to Plaintiff, the death of Tamyah Vaughn and/or Raylon McCulley, and the Charleston Street Fire. This request includes but is not limited to all police reports, video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested,**

to the extent they exist, are in the possession, custody, or control of the City of Detroit.

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

17. All Documents relating to any Communication between or among any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendant's defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

**RESPONSE:       Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

18. All Documents and Communications relating to the following Persons:

   a.   Plaintiff;

   b.  Tamyah Vaughn;

   c.  Raylon McCulley;

   d.  Brandon Vaughn;

   e.  Naomi Vaughn;

   f.  Mario Mahdi;

   g.  Ronrico Simmons;

> h.  Stanley January;
>
> i.  Any third parties involved in the Charleston Street Fire, including each witness on the parties' Rule 26(a)(1) Disclosures; and
>
> j.  Each witness with knowledge of the allegations or claims in Plaintiff's Complaint or Defendant's defenses to Plaintiff's Complaint.

This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

19.     All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Detroit Police Department, including but not limited to arrest reports, criminal history reports, rap sheets, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

**RESPONSE:      Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

20.     All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:      Defendant objects to this request to the extent it seeks documents which are publicly available and therefore equally available to Plaintiff.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

21.     All Documents containing, constituting, or memorializing Communications that refer or relate to the Charleston Street Fire, the Charleston Street Investigation, the death of Tamyah Vaughn and Raylon McCulley, and/or Plaintiff's alleged involvement in the Charleston Street Fire. This Request includes but is not limited to the following Communications:

   a. Between any of the Defendants or their employees or agents and Plaintiff;

   b. Among any of the Defendants or their employees and agents;

   c. Between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; and

d.   With the Wayne County Prosecutor's Office or any other prosecuting agency.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

22.   All Documents relating to any criminal investigation, arrest, or prosecution of any Individual Defendant, including but not limited to Communications about any such investigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:     Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Defendant further objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

23.   All Documents that reflect the locations, movements, assignments, and/or contacts of any Individual Defendant from May 19, 2005 through May 26, 2005, including but not limited to timesheets, payroll records, overtime requests, overtime records, police reports, arrest lists, log sheets, daily activity reports, supervisor management logs, or watch commander logs (aka watch incidents logs), tactical response reports, calendars, Attendance & Assignment sheets, contact cards, emails, City phone records, and/or personal phone records, anything and everything that is responsive to this request.

**RESPONSE:    Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it is not limited to documents relating to Defendant's employment with the Detroit Police Department.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.  Many of the documents requested, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

24.    All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants during their employment with the Detroit Police Department. This request specifically seeks, but is not limited to, as to each individual Defendant:

   a.  All Citizen Complaint (CCR) files, including Office of Chief Investigator investigations, witness statements, memoranda; conclusions/ recommendations; appeals;  trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such Complaint;

   b.  All Internal Affairs (IA) Investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such internal investigation;

   c.  All Use of Force investigation files, including witness statements, memoranda;  conclusions/ recommendations; appeals; trial boards; and the result of any such investigation or disciplinary proceeding with respect to each such use of force investigation;

   d.  Print-out of the complete internal investigation (CCR, IA, and Force) history and disciplinary history from each each Individual Defendant's Management Awareness System (MAS) Profile; and

   e.  Any and all documentation in your possession, custody, or control relating to expunged disciplinary records.

This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Finally, Defendant objects to this request to the extent it is designed to harass or embarrass Defendants as opposed to seeking discoverable documents.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

25.     All Documents relating to each Individual Defendant's employment history with the City of Detroit, including complete personnel, employment, internal affairs, training, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), records relating to personnel concerns, PEERS and other Non-Disciplinary intervention history, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents not related to Defendant's actions during the Charleston Street Investigation, the production of which would violate Defendant's privacy interests.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

26.     A photograph of each Individual Defendant that shows their respective appearance at or near the date of the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks irrelevant documents from twenty years ago.**

27.    All Documents relating to each Individual Defendant's total financial net worth, including, but not limited to:

   a.    All Documents relating to any assets in their possession with a value in excess of $2,500;

   b.    Copies of all monthly statements for the period from June 26, 2023 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which each Defendant has any ownership interest;

   c.    Copies of any insurance policy in which each Defendant is either the beneficiary or has any other ownership interest;

   d.    A copy of the deed to each Defendant's residence(s). If he does not own his home, please produce a copy of a current lease;

   e.    A copy of the title to each Defendant's automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity they may have in said automobile(s);

   f.    All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

   g.    A copy of each Defendant's last four pay stubs relating to any employment in which you are engaged, including but not limited to the Detroit Police Department;

   h.    All Documents relating to any mortgage applications signed by each Defendant in the past four years; and

   i.    Copies of each Defendant's three most recent state and federal tax returns

   j.    All Documents reflecting the transfer of assets exceeding $5,000, including but not limited to such transfers in the form of a gift, or into a trust.

15

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

28.     All Documents that support a defense by each Individual Defendant in this litigation that an award of punitive damages would cause a financial hardship.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because Defendant has requested indemnification from the City of Detroit pursuant to a collective bargaining agreement.  Accordingly, this request is premature.**

**Defendant further objects to this request because it seeks irrelevant documents, the production of which would violate Defendant's privacy interests.**

29.     All Documents that each Defendant will rely upon at summary judgment or trial to suggest that there was probable cause to suspect Plaintiff of the Charleston Street Fire and/or the murders of Tamyah Vaugh and Raylon McCulley. This request seeks responsive documents without temporal limitation.

**RESPONSE:       Defendant objects to this request as premature.  Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendants direct Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit.  Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

30.     All Documents relating to or supporting Defendant's Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which each Defendant may rely at summary judgment or trial. This request seeks responsive documents without temporal limitation.

**RESPONSE:** **Defendant objects to this request as vague, ambiguous, and overbroad to the extent that Plaintiff asks Defendant to surmise what documents Plaintiff believes relate to, support, or rebut the allegations or claims in Plaintiff's Complaint.**

**Defendant further objects to this request as premature. Discovery in this matter is still ongoing and as such, Defendant has not yet determined what documents he will rely on at summary judgment or at trial.**

**Without waiving, and subject to, said objections, Defendant Croxton directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures and any supplements thereto, as well as any documents produced during discovery, including any produced by the City of Detroit. Defendant reserves the right to use at summary judgment or trial any document produced by any party or third party in this litigation.**

31.    All Documents which support or relate to any of each Defendant's responses to any of Plaintiff's Interrogatories and Requests to Admit (if any) in this case, including all non-privileged Documents reviewed in connection with preparation of your responses. This request seeks responsive documents without temporal limitation. As with all requests, please timely supplement the response to this request for production throughout this litigation.

**RESPONSE:** **Defendant objects to this request to the extent it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

32.    Any records of Grand Jury proceedings relating to the Charleston Street Fire, or the prosecution of Plaintiff or any other Person for the Charleston Street Fire and/or the murder of Tamyah Vaugh and Raylon McCulley.

**RESPONSE:** **Defendant objects to this request as unduly burdensome and not proportional to the needs of the case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

33.    All Documents obtained via third-party subpoena in this litigation. This request seeks responsive documents without temporal limitation.

**RESPONSE:    Defendant Croxton does not possess any documents responsive to this request.  That being said, Defendant Croxton directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

34.    All Documents provided to any Defendant or obtained by any Defendant from any of Plaintiff's criminal defense attorneys or their investigators or agents, at any time.

**RESPONSE:    Defendant objects to this request because it seeks from Defendant documents in the possession, custody, or control of Plaintiff.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.  That being said, Defendant Croxton directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

35.    All Documents provided to any Defendant by or obtained by any Defendant from any of Defendant's attorneys, investigators, or agents.

**RESPONSE:    Defendant objects to this request because it seeks documents subject to the attorney-client privilege or protected by the attorney work product doctrine.**

**Without waiving, and subject to, said objection, Defendant Croxton directs Plaintiff to the documents produced with Defendant's Rule 26(a)(1) disclosures which will be supplemented in accordance with the court rules.**

36.    All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

      a.  all Communications to and from said expert(s);

    b.  all Documents provided to and relied upon by said expert(s); and

    c.  any transcripts of prior testimony or Rule 26 reports of said expert(s).

To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

**RESPONSE:**    **Defendant objects to this request as premature. Defendant further objects to this request to the extent it purports to place obligations on Defendants beyond those created by the Federal Rules of Civil Procedure.**

**Without waiving, and subject to, said objection, Defendant Croxton will provide his Rule 26 expert disclosures in accordance with the court rules and the Court's orders in this case.**

37.    Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

**RESPONSE:**    **Defendant objects to this request as premature as he has not yet determined what, if any, demonstrative aids or exhibits to use at trial.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

38.    Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Detroit and/or Detroit Police Department's written policies applicable to any of the Individual Defendants at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:**    **Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

39.    All Documents relating to any written policy, procedure, or practice of the City of Detroit or the Detroit Police Department, regarding any of the following subjects as they applied to the Charleston Street Fire investigation and prosecution:

a.   Witness interrogations and interviews in homicide and/or arson investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers.

b.   Use of jailhouse witnesses and confidential sources/informants.

This request includes acceptable and prohibited techniques (e.g., the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and any required vetting of such witnesses.

c.   Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

d.   The documentation and preservation of information learned during a homicide investigation.

This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation.

20

e.  The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Detroit Police Department Detective Areas, including but not limited to investigative files, official files, personal files, unit files, street files, running files, and clipboard files.

This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Detroit Police Department, and the timing of such movements in homicide investigations.

f.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors.

The timeframe of this request is beginning five years before the Charleston Street Fire and continuing one year past Plaintiff's conviction of murder and arson relating to the Charleston Street Fire.

**RESPONSE:      Defendant objects to this request because, in the absence of any *Monell* claim, the documents requested have no relevance in the current matter.**

**Defendant further objects to this request because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

40.  Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Detroit or the Detroit Police Department at any time during the Charleston Street Fire investigation and prosecution.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

41.    Documents sufficient to identify all training that any Individual Defendant received in connection with their employment, such as lists or print-outs of trainings attended. This request seeks responsive documents without temporal limitation. This request includes but is not limited to training relating to the policies identified in RFP No. 39 above.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

42.    All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Defendant Officer received from the Detroit Police Department at any time.

**RESPONSE:       Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.  Many of the requested documents, to the extent they exist, are in the possession, custody, or control of the City of Detroit.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

43.      All Communications between the Michigan Attorney General's Office, and the City of Detroit or any Defendant Officers relating to Plaintiff's claims under the Michigan Wrongful Imprisonment Compensation Act ("WICA").

This request includes but is not limited to all communications regarding the WICA proceedings; the participation or conduct of Individuals Defendants or any other actual or potential witness in those proceedings; and the Michigan Attorney General's position on the WICA claim. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between current/former Assistant State's Attorneys and any attorneys for the City of Detroit or the individual Defendants.

**RESPONSE:      Defendant objects to this request as unduly burdensome and not proportional to the needs of this case because it seeks documents not in Defendant's possession, custody, or control.**

**Without waiving, and subject to, said objections, Defendant Croxton is not in possession of any documents responsive to this request.**

NATHAN & KAMIONSKI, LLP

Christopher J. Raiti (P68600)
Avi Kamionski (IL 6283191)
Shneur Nathan (IL 6294495)
Andrea M. Frailey (P82466)
*Attorneys for Defendants*
500 Griswold Street, Suite 2300
Detroit, Michigan 48226
(313) 335-3811
craiti@nklawllp.com
akamionski@nkllawllp.com
snathan@nklawllp.com
afrailey@nklawllp.com

Dated:  February 10, 2024