# U.S. DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH NIXON,

    Plaintiff,

MOISES JIMENEZ, et al.

    Defendants.

Case No. 5:23-cv-11547-JEL-EAS

Hon. Susan K. DeClercq
    District Judge

Hon. Elizabeth A. Stafford
    Magistrate Judge

_____

### PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL OR, IN THE ALTERNATIVE, <u>TO SUBMIT FOR *IN CAMERA* REVIEW</u>

Plaintiff, Kenneth Nixon, pursuant to his undersigned counsel, respectfully moves this Court to grant leave for Plaintiff to file exhibits containing Defendants' personnel information under seal or, in the alternative, to submit them for *in camera* review. In support of this motion, Plaintiff states:

    1.    Earlier in this matter, the parties entered a Stipulated Protective Order that designated personnel records, among other records, as "Confidential." ECF 79, PageID 3224, ¶ 3(h).

    2.    Immediately prior to filing the instant motion, Plaintiff is filing a motion to enforce the Court's August 28 order. ECF No. 94.

1

3. In that motion, Plaintiff references and refers to Exhibits that contain the Detroit Police Department's Management Awareness System ("MAS") Reports for the Defendants, as these are documents that Plaintiff believes have been improperly redacted. Although the City produced these MAS Reports without marking them Confidential, they fall within the terms of the protective order. ECF No. 79, PageID.3224, ¶ 3(h).

4. Plaintiff therefore is seeking leave to file these reports under seal.

5. Plaintiff sought concurrence from defense counsel for filing the records under seal. Defendants did not agree or disagree to such relief; rather, they suggested *in camera* review as an alternative.

Therefore, Plaintiff respectfully requests that this Court enter an Order granting leave to file the MAS Report exhibits under seal, or in the alternative, to submit them to the Court for *in camera* review. Plaintiff further requests expedited decision on this motion to facilitate the Court's prompt access to the exhibits.

Respectfully submitted,

/s/ Alyssa Martinez
*Plaintiff's Attorney*

| | |
|---|---|
| Julie H. Hurwitz (P34720) | Jon Loevy |
| Kathryn James (P71374) | Gayle Horn |
| Dayja S. Tillman (P86526) | Alyssa Martinez |
| GOODMAN HURWITZ & JAMES, PC | LOEVY & LOEVY |
| 1394 E. Jefferson Ave. | 311 N. Aberdeen |
| Detroit, MI 48207 | Chicago, IL 60607 |

(313) 567-6170                                              (312) 243-5900

*Counsel for Plaintiff*

Case 2:23-cv-11547-SKD-EAS   ECF No. 98, PageID.3536   Filed 09/19/25   Page 3 of 6

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE EXHIBITS UNDER SEAL OR, IN THE
ALTERNATIVE, TO SUBMIT FOR *IN CAMERA* REVIEW**

This Court's Local Rules permit the filing of certain documents under seal pursuant to court order. L.R. 5.3 (b). *See also* Protective Order, ECF No. 79, PageID.3228, ¶ 18.

In *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3rd Cir. 2001), the court states the general rule:

> Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that the right is not absolute. . . . The presumption of public access may be rebutted. . . . Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. . . . Thus, the question becomes, under what circumstances may a district court seal judicial proceedings or documents.

(citations omitted) (cited with approval by the Sixth Circuit in *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir., 2016)).

Here, the records at issue contain details about the Defendants' employment history within the Detroit Police Department, including limited personal information, assignments, training and other information germane to their employment.

Courts have recognized that personal information and personnel files should be protected from disclosure.

1

> We see no reason to doubt that where disclosure of this personal information may fall into the hands of persons likely to seek revenge upon the officers . . . the City created a very real threat to the officers' and their family members' personal security and bodily integrity, and possibly their lives.

*Kallstrom v. City of Columbus*, 136 F.3rd 1055, 1064 (6th Cir. 1998). While *Kallstrom* itself did not deal with the issue of filing sealed documents, those factors flagged by *Kallstrom*, have been acknowledged as appropriate for sealing. See *Deja Vu of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County*, 274 F.3rd 377, 395 (6th Cir. 2001).

While Plaintiff reserves the right to challenge the "Confidential" designation before trial in this matter, for now, Plaintiff agrees that the MAS reports fall within the records that were stipulated to remain confidential for discovery.

Therefore, Plaintiff respectfully requests that this Court enter an Order granting leave to file the MAS Report exhibits under seal, or in the alternative, to submit them to the Court for *in camera* review. Plaintiff further requests expedited decision on this motion to facilitate the Court's prompt access to the exhibits.

                        Respectfully submitted,

                        /s/ Alyssa Martinez
                        *Plaintiff's Attorney*

| | |
|---|---|
| Julie H. Hurwitz (P34720) | Jon Loevy |
| Kathryn James (P71374) | Gayle Horn |
| Dayja S. Tillman (P86526) | Alyssa Martinez |
| GOODMAN HURWITZ & JAMES, PC | LOEVY & LOEVY |
| 1394 E. Jefferson Ave. | 311 N. Aberdeen |

2

3

| | |
|---|---|
| Detroit, MI 48207 | Chicago, IL 60607 |
| (313) 567-6170 | (312) 243-5900 |

*Counsel for Plaintiff*