## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Kenneth Nixon,**

Case No.: 23-cv-11547

Plaintiff,      Hon. Susan DeClerq

v.

**Moises Jimenez et al,**

Defendants.

---

## Non-Party City of Detroit's Response to Motion to Compel [ECF No. 97].

Non-party, City of Detroit, has expended considerable taxpayer resources in providing voluminous documents to Plaintiff in this case. The City was not served with a copy of Plaintiff's motion to compel until *after* this Court entered an order. The undersigned counsel has conferred with Plaintiff's counsel numerous times. Instead of seeking resolution on this discovery matter without court intervention, Plaintiff filed the instant motion. This Court should deny Plaintiff's motion for the reasons more fully explained in the attached brief. Specifically, the City has not waived privilege, its privilege log is sufficient, and the withheld documents are privileged based on longstanding legal principles.

i

Respectfully submitted,

/s/ *Christopher Michels*

Christopher Michels (P83156)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
(313) 237-2696

ii

## Concise Statement of Issues Presented

1. Are privileges preserved when a non-party provides a privilege log in good faith?

   **City of Detroit's response: Yes.**

   **Plaintiff's purported response: No.**

2. Was the City's privilege log, which specifically described the nature of the documents withheld, sufficient under Rule 45?

   **City of Detroit's response: Yes.**

   **Plaintiff's purported response: No.**

3. Are the withheld documents privileged?

   **City of Detroit's response: Yes.**

   **Plaintiff's purported response: No.**

## Most Appropriate Authority

### Cases

*Wolpert v. Branch Banking*, 2023 WL 4977736 (N.D. Tenn. 2023)
*Compuware Corp. v. Moody's Investors Servs., Inc.*,
  222 F.R.D. 124 (E.D. Mich. 2004)
*Cummin v. North*, Case No. 2:15-cv-1043 (S.D. Ohio 2016) *available at*
  2016 WL 10184968
*Dean v. F.D.I.C.*, 389 F.Supp.2d 780 (E.D. Ky. 2005)
*Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997)
*Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Penn. 1973)
*Fritz v. Charter Tp. Of Comstock*, Case No. 07-cv-1254 (W.D. Mich.
  2010) *available at* 2010 WL 1856481
*Fusion Elite All Stars v. Varsity Brands, LLC*,
  340 F.R.D. 255 (W.D. Tenn. 2022)
*In re Department of Investigation of the City of New York*,
  856 F.2d 481 (2d Cir. 1988)
*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998)
*Moody v. Mich. Gaming Control Bd.*, No. 12-CV-13593, *available at*
  2013 WL 3013862 (E.D. Mich. June 18, 2013)
*Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*,
  No. 2:05CV0673, 2006 WL 3311514 (S.D. Ohio Nov. 13, 2006)

### Statutes

MCL 15.243(1)(a)

### Rules

Federal Rule of Civil Procedure 26 ........................................................6
Federal Rule of Civil Procedure 45 ...............................................6, 8, 10
Federal Rule of Evidence 404 ...............................................................11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Kenneth Nixon,**

                                      Case No.: 23-cv-11547

           Plaintiff,              Hon. Susan DeClerq

v.

**Moises Jimenez et al,**

           Defendants.

---

### Brief in Support

Plaintiff served subpoenas over the December Holidays season and served an ex parte order to compel production after 5PM of the Friday of the Labor Day weekend. Non-party City of Detroit has in good faith produced voluminous documents to Plaintiff's massive and vaguely defined requests for documents that are often over a decade old. Defendant's counsel has also produced a privilege log. The undersigned has met and conferred with Plaintiff's counsel numerous times in order to clarify what specifically is being sought and to explain what documents are privileged. Instead of working cooperatively, Plaintiff's counsel now seeks the Court's intervention and to impose a harsh sanction on the City of Detroit. Plaintiff's counsel has employed

1

gamesmanship while the City has expended considerable taxpayer resources to comply with the discovery requests.

This Court should deny Plaintiff's motion because (1) any deficiencies in the privilege log does not warrant a finding of waiver of privilege; (2) the privilege log is sufficient; and (3) the documents are privileged. It is the City's understanding that the Court has already entered a protective order regarding documents relating to citizen complaints and personnel records. *See* ECF No. 79. To the extent that disclosures of any documents are required, the City requests that all of the documents that may be produced relating to this motion be subject to that same protective order.

## I. Privilege was not waived

Federal Rule 45(e)(2)(A) indicates that "a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing itself privileged or protected, will enable the parties to assess the claim." Plaintiff takes issue with the City's privilege log that it

2

admittedly received and which described the nature of the withheld documents.

Plaintiff seeks a severe sanction without any evidence of bad faith by the City of Detroit. The district court in *Wolpert v. Branch Banking Trust & Company* succinctly stated why a waiver of privilege is a harsh sanction:

> While many courts have noted that the complete failure of a party to provide a privilege log may result in a waiver of the claimed privileged, such a waiver is not automatic given the harshness of such a sanction. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.

Case No. 3:19-cv-138-TRM-DCP, *available at* 2023 WL 4977736 at *4 (N.D. Tenn. 2023) (internal citations and quotations omitted) attached as Exhibit 1.

Plaintiff has not provided any evidence of foot-dragging or cavalier attitude. The City of Detroit has repeatedly conferred with Plaintiff's counsel, supplemented its responses, and has acted in good faith. The party in *Wolpert* did not provide a privilege log until after a motion was

filed. In the present case, the City provided a privilege log promptly after it was requested by Plaintiff, which is being challenged in Plaintiff's motion. Similar to the Court in *Wolpert*, this Court should not sanction the City of Detroit for any technical insufficiencies that it may find. The City of Detroit has complied with the spirit of Rule 45 as well as the technical requirements and waiver is not appropriate.

## II.    The privilege log provided is sufficient

Rule 45 is very clear as to what is required in a privilege log. Plaintiff seeks to place extraneous requirements to claim the City's privilege log is insufficient. As is evident from Plaintiff's briefing, the documents that are privileged were sufficiently described enough where Plaintiff can specifically argue about each document. *See* ECF No. 97, PageID. 3512-3519. During meet-and-confers, the nature of the documents were fully explained to Plaintiff's counsel. The privilege log is therefore sufficient.

Plaintiff's motion specifically notes that the privilege log is insufficient as it related to the response to "See response to Request 12" and "See response to Request 13." ECF No. 97, PageID. 3512. The original responses to the subpoena specifically stated the asserted

4

privileges. Response to Request 12 specifically indicates that the request "seeks protected LEIN information as well as information protected by the law enforcement investigation privilege." Response to Request 13 provides a long explanation of how the information sought is protected by privilege, specifically the protection articulated in *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). In lieu of restating the full privilege in the privilege log, it references another specifically enumerated privilege. There is no precedent to find that the that the privilege log produced in this case is insufficient under Rule 45. Even if it is technically insufficient, as stated above, Plaintiff's request of a waiver of privilege is overly harsh.

## III.  The claimed privilege is appropriate

Based on the City's privilege log, Plaintiff was able to identify the documents that are privileged. Each of the privileges asserted are appropriate. Each one is addressed in turn below.

### A. Privileged Sections of MAS Reports

As noted by Plaintiff's counsel, the only information redacted from the MAS Reports are the "citizen complaints" section of the MAS report. These sections reference investigations during Defendant police officers'

5

career relating to citizen complaint. As an initial matter, this information is far outside the scope of Rule 26. A subpoena "to a third party under Federal Rule of Civil Procedure 45 is subject to the same discovery limitations as those set out in Rule 26. Federal Rule of Civil Procedure 26 permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Demonstrating relevance is the burden of the party seeking discovery." *Fusion Elite All Stars v. Varsity Brands, LLC*, 340 F.R.D. 255, 261 (W.D. Tenn. 2022) (internal citations and quotations omitted). The City's investigations into other alleged specific acts of misconduct of defendant officers is not proportional to the needs of this case. Plaintiff has not met its burden.

B. **Incident Reports of non-parties are privileged and outside the scope of Rule 26**

Incident reports of non-parties are protected by the law enforcement privilege. Plaintiff's motion minces words and states the claimed privilege is not properly claimed. ECF No. 97, PageID. 3514-3515. Instead of seeking clarification from non-party City of Detroit, Plaintiff filed its motion. These reports are investigations not related to this case and not proportional to the needs of this case.

6

The investigations into non-parties contain information relating to the law enforcement techniques and sources in unrelated cases. This information is protected by the law enforcement investigative privilege. The Sixth Circuit has not expressly ruled on the existence of the law enforcement privilege. *See, e.g., Dean v. F.D.I.C.*, 389 F.Supp.2d 780, 791-792 (E.D. Ky. 2005) (not recognizing privilege in that case); *but see, e.g., Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, No. 2:05CV0673, 2006 WL 3311514, at *3 (S.D. Ohio Nov. 13, 2006) (common law privilege recognized in both state and federal courts). Several other circuits have recognized the privilege. *See, e.g., Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); *In re Department of Investigation of the City of New York*, 856 F.2d 481, 483-484 (2d Cir. 1988). District courts within this Circuit have specifically noted that the widespread acceptance of the privilege, including within the Eastern District of Michigan. *Cummin v. North*, Case No. 2:15-cv-1043 (S.D. Ohio 2016) *available at* 2016 WL 10184968 compiling cases and citing *Moody v. Mich. Gaming Control Bd.*, No. 12-CV-13593, *available at* 2013 WL 3013862, at *4 (E.D. Mich. June 18, 2013).

Plaintiff has not provided any reason that the information sought in the incident reports is germane or proportional to the needs of this case. Instead, Plaintiff claims there is a technical violation of procedural rule and demands that the Chief of Police himself asserts the privilege. ECF No. 97, PageID. 3515-3516. Plaintiff again never indicated as much in a meet and confer and the hyper-technical enforcement of this procedural rule is not found in Rule 45 and is not warranted. Plaintiff demands that the Chief of Police for the largest police force in the State of Michigan (and among the largest in the nation) become personally involved in the minutiae of discovery matters and review years old investigations. This is untenable and contrary to the purpose of the law enforcement investigatory privilege.

The district court in *Frankenhauser v. Rizzo*, provides a non-exhaustive list of the considerations for the Court when determining if police investigation files are to be discoverable in a civil rights case. 59 F.R.D. 339, 344 (E.D. Penn. 1973). The Court held:

> In the context of discovery of police investigation files in a civil rights case, however, at least the following considerations should be examined: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens

8

from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Id.*

Numerous factors weigh in favor of nondisclosure in this case. First, citizens will be heavily discouraged from giving the police information if every interaction they have had with the police then becomes discoverable in a civil lawsuit, regardless of whether they are a party to the lawsuit. Most police interactions and incident reports involve embarrassing information for the witness who is far less likely to report a crime if their personal information and interactions with the

9

police become known to a civil litigant. This is particularly true in a case like the present where the Plaintiff may have personal animosity toward the witnesses. This carries over into the second factor because incident reports also include identities of other non-parties. While other factors weigh in favor of non-disclosure, it is these first two elements as well as the final factor of the "importance of the information sought to the plaintiff's case" that weigh the heaviest. The information sought regarding non-parties is of no importance to this case. Therefore, they are privileged and should not be turned over.

## C. Personnel files of Defendants are constitutionally protected

The personnel files of Defendants Croxton and Jimenez are protected by privilege. Plaintiff's counsel again inserts more technical requirements for asserting privilege under Federal Rule 45 than is actually required under the Rule. *See* ECF No. 97, PageID. 356-3517. The City specifically asserted privilege in response to Request 13, even citing caselaw in its response. The City further explained the privilege during conferences with Plaintiff's counsel.

Personnel files of police officers have been held to be protected by constitutional protections. *Kallstrom v. City of Columbus*, 136 F.3d

10

1055, 1060-1065 (6th Cir. 1998). Plaintiff must demonstrate that the personnel files are "clearly relevant" and a "compelling need exists." *Compuware Corp. v. Moody's Investors Servs., Inc.* 222 F.R.D. 124, 134 (E.D. Mich. 2004). Courts should deny requests for personnel files when these elements cannot be show. See *Fritz v. Charter Tp. Of Comstock*, Case No. 07-cv-1254 (W.D. Mich. 2010) *available at* 2010 WL 1856481 and attached as Exhibit 2. The Courts have colloquially referred to the seeking of irrelevant personnel files as "fishing." *Id.* Plaintiff's request is another example of fishing because the City is not a party, the employment record of Defendants is not issue in this case, and the only conceivable purpose for seeking the employment records is to obtain embarrassing information or other information that would be inadmissible under Federal Rule of Evidence 404.

Moreover, the personnel files contain information relating to the citizen complaint investigations. This information is privileged and contains personal information of the citizen making the allegation and information relating to the allegation. Allowing disclosure of the information will have a chilling effect on not only the City's investigation into citizen complaints but can result in less people

11

coming forward to complain about police officers when their information and statements can later be subjected to disclosure via subpoena, even decades later. Therefore, the personnel files are privileged and not subject to discovery.

### D. Personal Information of non-parties redacted from files is also subject to privilege

Lastly, Plaintiff seeks personal identifiable information from within the files that were turned over. Plaintiff contends that the "City has not provided a basis for having done so" even though he concedes that the documents contain personal identifiable information. *See* ECF No. 97, PageID. 3518.

Personal identifiable information of non-parties is not discoverable. It would not be turned over if the request was submitted under the Freedom of Information Act as it would constitute a clearly unwarranted invasion of the individual's privacy. *See* MCL 15.243(1)(a). Plaintiff has shown no significant need for this information and the information should remain redacted. Even if this Court compels the production of the documents discussed above, the City requests that at least personal identifiable information be redacted to protect non-parties in this case.

12

## Conclusion

In conclusion, the City of Detroit has expended tremendous amounts of resources to provide Plaintiff with documents in good faith. The City has provided voluminous documents, many of which were created years ago and difficult to find. The City's counsel has cooperated and conferred relating to the production of documents. However, Plaintiff continues to be dissatisfied and seeks Court intervention on a discovery matter.

Any privileges were not waived, are valid privileges, and require non-disclosure of requested documents. Plaintiff is engaging in a fishing expedition. It is apparent the Plaintiff's counsel is seeking irrelevant and non-discoverable documents in order to embarrass Defendants and non-parties and to needlessly increase the cost of litigation. Therefore, this Court should deny Plaintiff's motion.

Respectfully submitted,

/s/ *Christopher Michels*
Christopher Michels (P83156)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
(313) 237-2696

13

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Kenneth Nixon,**

Case No.: 23-cv-11547

Plaintiff,                                    Hon. Susan DeClerq

v.

**Moises Jimenez et al,**

Defendants.

---

## Certificate of Service

I hereby certify that the attached Response Brief was filed and served on October 1, 2025, by utilizing the Court electronic filing system.

The statement above is true to the best of my knowledge, information, and belief.

/s/ *Christopher Michels*

14