**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH NIXON,

*Plaintiff*,

Case No. 23-cv-11547

Hon. Susan K. DeClercq
District Judge

v.

Hon. Elizabeth A. Stafford
Magistrate Judge

MOISES JIMENEZ, et al.,

*Defendants*.

---

**STIPULATION AND ORDER**
**EXTENDING DISCOVERY AND ALL DATES BY 180 DAYS**

---

**STIPULATION**

Plaintiff Kenneth Nixon and Defendants Detective Moises Jimenez, Commander James Tolbert, Detective Kurtiss Staples, Sgt. Eddie Croxton, and Officer Alma Hughes-Grubbs (collectively, "Defendants"), by and through their undersigned counsel, stipulate and agree as follows:

1. Pursuant to the Scheduling Order for Civil Case (Phase I) entered by this Honorable Court on November 26, 2024, Fact Discovery is to be completed by November 26, 2025. (RE 72)

2. Since the entry of the Scheduling Order, the parties have diligently continued to conduct detailed and extensive discovery.

3. However, the underlying case spans more than twenty years and requires discovery into scores of witnesses including many who are either incarcerated, reside out of state, or whose last known address has yet to be determined, and has resulted in the production of tens of thousands of pages of records.

4. Indeed, the parties and third parties have produced more than 30,000 pages of documents, with more expected. For example, on October 3, 2025, Plaintiff made a large production (approximately 3,000 pages) and more are forthcoming, plus both parties have recently issued third-party subpoenas outlined in Paragraph 12 below.

5. As is expected in complicated cases like this, the parties have negotiated and litigated several discovery issues and continue to do so.

6. For instance, because of one of these disputes, the parties' review of Plaintiff's MDOC prison calls was delayed for approximately 18 months and required two rulings by the Court (one early in the case by Judge Levy and again more recently by this Court).

7. Even after the MDOC produced the responsive calls, the parties litigated how to determine the subset of relevant Plaintiff prison calls. While this

Court successfully guided the parties to a resolution, that resolution did not occur until May 15, 2025. Thus, while Defendants sought this discovery from the outset of the case, the parties' reviews of these critical resources were delayed more than 17 months.

8. Similarly, the MDOC has been required to reproduce JPay (an email system for inmates) messages and attachments twice since its original production due to content that was missing from the original production; one such reproduction is still forthcoming and will require Plaintiffs' counsel to conduct a third privilege review.

9. Moreover, the parties are working diligently to schedule party and witness depositions. To date, the parties have taken seven depositions including traveling to Fort Wayne, Indiana, and have scheduled or are working to schedule the depositions of <u>more than 30</u> parties and witnesses, exclusive of experts and damages witnesses; however, some scheduled depositions have been adjourned at the last minute through no fault of counsel for any party.[1]

---

[1] For example, on October 2, 2025, the parties appeared via Zoom for the scheduled deposition of critical witness Ronrico Simmons, who is in federal prison in Inez, Kentucky. At the time scheduled for the deposition, prison staff were not able to join the Zoom meeting due to technical issues. It is unclear whether the federal government shutdown will have any impact on the parties' ability to reschedule this deposition. Then, on October 6, 2025, the parties appeared for the scheduled deposition of victim and witness Naomi Vaughn. At the time scheduled for the deposition, Ms. Vaughn advised counsel that she would appear only after retaining

10. Others are the subject of motion practice. For example, in 2018, Sam Krevlin was a Northwestern University journalism student researching Plaintiff's claim of innocence with the Medill Justice Project. In this capacity, Krevlin and his classmates published an article in the Detroit Free Press where Krevlin claims to have traveled to Detroit and interviewed a man named Stanley January. In 2005, January was awaiting trial in the Wayne County Jail when he met Plaintiff. At Plaintiff's criminal trial, January testified against Plaintiff, claiming Plaintiff made certain incriminating statements. In his article, Krevlin claims that January told him that he learned of Plaintiff's case from watching the TV news, not from Plaintiff. At his deposition, January denied ever meeting or being interviewed by anyone and questioned whether he was even living in Detroit when Krevlin claims to have interviewed him. Thus, Sam Krevlin is an important witness.[2]

11. In response to Defendants' deposition subpoena, Krevlin filed a motion to quash in the Southern District of New York, pursuant to Fed. R. Civ. P. 45(d)(3)(A). To date, that motion has not been ruled upon or scheduled for oral

---

personal counsel. As of the date of this writing, Ms. Vaughn has not retained counsel, and her deposition has not been rescheduled.

[2] Krevlin's representation regarding his alleged interview of January was one of the findings upon which the Wayne County Prosecutor's Office Conviction Integrity Unit based its decision to recommend reversal of Plaintiff's conviction and dismiss charges. https://www.waynecountymi.gov/Prosecutor-Press-Releases/2021/WCPO-Conviction-Integrity-Unit-Grants-Relief-to-Prisoner-Kenneth-Nixon (last visited Oct. 2, 2025).

argument.

12. Despite the extensive production, the parties are still waiting on records from various third parties, some of which have not yet come due, and others of which are overdue, including:

a. Plaintiff's criminal defense attorney Robert Kinney,

b. Plaintiff's appellate Attorney David Cripps,

c. Plaintiff's mental healthcare provider, Ciera Renee', MA, LLP,

d. Plaintiff's former employer Amazon,

e. The City of Detroit, on whom Plaintiff served two subpoenas in December 2024 – one to the Detroit Fire Department and one to the Detroit Police Department – which are the subject of Plaintiff's Motion to Compel [ECF No. 91] and Plaintiff's subsequent Motion to Enforce Order [ECF No. 97],[3]

f. Plaintiff's former Investigator Martin Yant,

g. Plaintiff's former girlfriend Wendy Woods,

h. Claudia Whitman,

i. Lisa-Ann Caulford Medina, and

j. DTE Energy (forthcoming by Plaintiff), among other additional

---

[3] This matter is scheduled to be heard on October 16, 2025, after which additional documents will likely be ordered to be produced. (ECF 101).

subpoenas that are forthcoming as new information emerges.

13. Finally, on September 23, 2025, Defendants sent Plaintiff a five-page letter outlining what Defendants believe are outstanding discovery deficiencies. As of this writing, Plaintiff has not yet responded to Defendants' discovery letter but is working to address Defendants' concerns. The parties anticipate that many of these issues are likely to be resolved by agreement but will take some time due to the voluminous records involved. Some issues may need to be brought to this Court's attention if the parties cannot come to an agreement.

14. Considering the parties' continued and diligent discovery efforts and the substantial and crucial discovery that has yet to be completed, in the spirit of discovery and professionalism, the parties stipulate and agree that the Court's currently scheduled dates should be extended by 180 days, as follows.[4]

| **Event** | **Current Date** | **New Date** |
|---|---|---|
| Mid-discovery status conference via Zoom | N/A | To be determined by Court |
| Fact Discovery Cut-off | Nov 26, 2025 | May 25, 2026 |
| Status Conference via Zoom | January 5, 2026 at 4:00pm | July 6, 2026 |
| Plaintiff's Affirmative expert report due | Jan 26, 2026 | July 27, 2026 |
| Defendants' Affirmative expert report due | Feb 26, 2026 | August 27, 2026 |
| Rebuttal expert report deadline | March 26, 2026 | September 28, 2026 |

[4] The Court has not scheduled deadlines for filing summary judgment motions and the commencement of trial.

**IT IS SO STIPULATED ON OCTOBER 10, 2025.**

Respectfully submitted,

*s/Kathryn B. James (w. permission)*
Kathryn Bruner James (P71374)
Julie H. Hurwitz (P34720)
Dayja S. Tillman (P86526)
**Goodman Hurwitz & James, PC**
Detroit, MI 48207
(313) 567-6170

Gayle Horn
Alyssa Martinez
Jon Loevy
**Loevy & Loevy**
311 North Aberdeen St., 3rd FL
Chicago, IL 60607
(312) 243-5900

*Attorneys for Plaintiff*

*s/Christopher J. Raiti*
Christopher J. Raiti (P68600)
Andrew P. Duff (P81854)
**Nathan & Kamionski LLP**
500 Griswold, Suite 2300
Detroit, MI 48226
(313) 335-3811

Avi Kamionski
Shneur Zalman Nathan
Jessica Griff
206 South Jefferson Street
Chicago, IL 60661
(312) 612-1928

*Attorneys for Defendants*

**ORDER**

IT IS HEREBY ORDERED that all scheduled dates are reset as follows:

| **Event** | **Current Date** | **New Date** |
|---|---|---|
| Mid-discovery status conference via Zoom | N/A | February 17, 2026 at 2:00 p.m. |
| Fact Discovery Cut-off | Nov 26, 2025 | May 25, 2026 |
| Status Conference via Zoom | January 5, 2026 at 4:00pm | July 9, 2026 at 2:00p |
| Plaintiff's Affirmative expert report due | Jan 26, 2026 | July 27, 2026 |
| Defendants' Affirmative expert report due | Feb 26, 2026 | August 27, 2026 |
| Rebuttal expert report deadline | March 26, 2026 | September 28, 2026 |

**IT IS SO ORDERED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 20, 2025