UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

        Plaintiff,                      Case No. 2:23-cv-11547

v.                                        Honorable Susan K. DeClercq
                                               United States District Judge
MOISES JIMENEZ, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
BY CIERA RENEE' (ECF No. 109)**

On June 28, 2023, Plaintiff Kenneth Nixon sued Detroit Police Department Officers, alleging constitutional violations in connection with Defendants' investigation and prosecution of Nixon for an arson-murder he did not commit. ECF No. 1. The parties have since engaged in discovery for months. As part of that process, Defendants issued a subpoena to an anticipated trial witness, Ciera Renee',[1] who rendered mental healthcare treatment to Nixon. ECF No. 109-3. The subpoena sought "any and all medical records including but not limited to records of Ciera Renee', MA, TLLP, including mental health records, counseling records, psychiatric

---

[1] Although the parties identify her as "Ciera Renee'," she reports her name to be Ciera Renee' Hardaway in her October 2025 subpoena response. *See* ECF No. 109-6 at PageID.3642. All references in this order to "Ciera Renee'" include "Ciera Renee' Hardaway."

records in digital format if possible pertaining to: Kenneth Nixon." *Id.* at PageID.3628. Defendants allege Renee' did not produce those records, but instead sent only a "five-page, after-the-fact summary" that was prepared on October 5, 2025. ECF No. 109 at PageID.3610; *see also* ECF No. 109-6.

Defendants do not say whether Nixon or Renee' oppose their motion, and neither Nixon nor Renee' responded to Defendants' motion to compel.

Because the subpoenaed records are relevant and because Renee's initial response to Defendants' subpoena was noncompliant, this Court will grant Defendants' motion to compel production.

## I. LEGAL STANDARD

Civil Rule 26 permits a party to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). The scope of discovery, however, may be "limited by court order," *id.*, and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)).

If a witness fails to comply with a subpoena, Civil Rule 45 provides that the party seeking evidence may move for a court order compelling that witness to produce the requested documents. FED. R. CIV. P. 45.

## II. DISCUSSION

### A. Relevance

As a threshold mater, the records that Defendants have attempted to obtain through the subpoena at issue here are relevant. Nixon has alleged that he suffered psychological and emotional injuries, *see, e.g.*, ECF No. 1 at PageID.37. Consequently, Nixon's mental condition is at issue in this case. Moreover, Nixon listed Renee' as a potential trial witness in his Civil Rule 26 disclosure. ECF No. 109-2. The requested records speak directly to that condition, so they are relevant to Nixon's claims and Defendants' defenses under Federal Rule of Evidence 401. *See Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886, at *2 ("Under certain circumstances, when a plaintiff places his or her emotional or mental state at issue, the psychological or psychiatric treating records of that person are relevant."); *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 400, 401–02 (W.D. Tenn. 2012) (finding that plaintiff-employee waived privilege as to her mental health records by placing her mental health at issue in case).

## B. Compliance

Renee' did not comply with the subpoena. True, she responded with a five-page summary. ECF No. 109-6. But that summary was prepared after she received the subpoena, and it was not accompanied by "mental health records, counseling records, [and] psychiatric records," ECF No. 109-3, such as contemporaneous notes, intake forms, or the like. Further, Renee' has not justified her refusal to produce these records by, for example, claiming that the subpoenaed records are privileged or confidential. She has not objected to the subpoena under Rule Civil 45(d)(2) or moved to quash the subpoena under Civil Rule 45(d)(3). Nor has she declared that there are no such records.

Thus, because the records Defendants seek from Renee' are relevant and this Court finds Renee' has not complied with Defendants' subpoena, it will grant Defendants' motion. Renee' will be directed to comply with Defendants' subpoena and produce Nixon's mental health treatment records to Defendant on or before December 12, 2025.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Compel Production, ECF No. 109, is **GRANTED**.

Further, it is **ORDERED** that Ciera Renee' is **DIRECTED** to produce **on or before December 12, 2025**, all subpoenaed records. Specifically, she is

**DIRECTED** to produce "any and all medical records including but not limited to records of Ciera Renee', MA, TLLP, including mental health records, counseling records, psychiatric records in digital format if possible pertaining to: Kenneth Nixon." ECF No. 109-3. at PageID.3628. Failure to comply with this order may result in sanctions, including a finding of contempt. FED. R. CIV. P. 45(g).

Lastly, Defendants are **REMINDED** to comply with Local Rule 7.1 before filing a motion.[2]

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq<br>
SUSAN K. DeCLERCQ<br>
United States District Judge

Dated: December 5, 2025

---

[2] Local Rule 7.1(a) mandates that "the movant must confer with the other parties ... in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter." E.D. Mich. L.R. 7.1(a). Moreover, if concurrence is not obtained, the motion must state that "there was a conference between attorneys or unrepresented parties ... in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. L.R. 7.1(a)(2)(A).