UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

        Plaintiff,                  Case No. 2:23-cv-11547

v.                                     Honorable Susan K. DeClercq
                                        United States District Judge
MOISES JIMENEZ, et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR ALTERNATIVE SERVICE (ECF No. 111)**

On June 28, 2023, Plaintiff Kenneth Nixon sued Detroit Police Department Officers, alleging constitutional violations in connection with Defendants' investigation and prosecution of Nixon for an arson-murder he did not commit. ECF No. 1. For over a year, the parties have engaged in discovery. *See* ECF No. 72. As part of that process, Defendants assert that, without success, they "have made numerous attempts to contact and serve" a subpoena on a witness, Charmetria James, identified by both parties as someone they may call to testify at trial. ECF No. 111 at PageID.3649. Now, Defendants move this Court for an order permitting alternative service. ECF No. 111.

Because the Defendants have made repeated attempts to serve James, who appears to be evading service, this Court will grant their motion for alternative

service.

As a general rule, parties must serve a subpoena by "delivering a copy to the named person." FED. R. CIV. P. 45(b). But courts may permit service by alternative means when a "party seeking evidence demonstrates an inability to effectuate service after diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011); *see also Brow Art Mgmt., LLC v. Idol Eyes Franchise, LLC*, No. 23-cv-11434, 2024 WL 3851585, at *1 (E.D. Mich. Aug. 16, 2024) (citing *OceanFirst Bank*, 794 F. Supp. 2d at 754). If such diligence is shown, the moving party must also demonstrate that the requested alternative means are "reasonably calculated to achieve actual delivery." *Id.* As for what alternative means of service are typically allowed, "first-class mail to the actual address of the intended recipient generally will suffice … especially when the mailing is accompanied by posting at the known address of the prospective witness." *Id.* (internal citation omitted).

Here, Defendants have demonstrated diligence in trying to serve James. According to Defendants, a process server attempted to achieve personal service on three separate days between October 6 and 8, 2025, at James's known address. ECF No. 111 at PageID.3649; *see also* ECF No. 111-2 (affidavit of non-service). That process server also left a contact card at James's address, and James called the process server to tell him that she did not "have time for this now." *Id.* In addition

- 2 -

to those attempts at delivery by the process server, Defendants' counsel unsuccessfully attempted to reach James by phone on four separate dates. *Id.* Further, Defendants mailed a copy of the subpoena to James on October 1, 2025. ECF No. 111-3. These repeated attempts demonstrate a diligent effort to effectuate service. *Cf. Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *2 (E.D. Mich. Jan. 15, 2020) (allowing alternative service where process server made attempts on three days and left a contact card with no response).

The alternative means of service requested by Defendants are also reasonably calculated to achieve actual delivery. Specifically, Defendants request service by three alternative means: (1) first-class mail accompanied by posting at James's known address; (2) permitting service via an individual over the age of fifteen who resides with James; or (3) electronic or telephonic communication to James. ECF No. 111 at PageID.3651. As noted above, courts observed that the first requested means will generally satisfy the "reasonably calculated" standard. *See OceanFirst Bank*, 794 F. Supp. 2d at 754. Moreover, this Court finds that the other two requested means are reasonable here because James has evinced an intent to evade service. *Cf. Exp. Dev. Canada v. SDR Group, Inc.*, No. 19-11536, 2020 WL 1888825, at *2 (allowing such means where "the record suggests that the witness may be evading service").

Accordingly, it is **ORDERED** that Plaintiff's Motion for Alternate Service, ECF No. 111, is **GRANTED**.

It is **FURTHER ORDERED** that Defendants may effectuate service of a subpoena on Charmetria James by means of the following:

1. Service by sending the subpoena and any applicable order of this Court via first-class mail, to Ms. James last known address **AND** firmly affixing a copy of the subpoena and this any applicable Court Orders to the front door of the address that Ms. James responded to by telephone;

2. Permitting service via an individual over the age of 15 years old that resides at Ms. James address; or

3. If any email, text messaging, or other network or telecommunication address for Ms. James is known or reasonably available to the Defendants, sending a copy of the subpoena and relevant Court Orders to Ms. James's reasonably available means of electronic communication.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 5, 2025