IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,　　　　　　　　　　　　Case No: 23-cv-11547

　　　　Plaintiff,　　　　　　　　　　　　HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS

　　　　Defendants.

---

**DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE
AGAINST NON-PARTY CIERA RENEE' HARDAWAY, MA, TLLP
AND ELEVATED COUNSELING**

---

NOW COME Defendants, Moises Jimenez, James Tolbert, Kurtiss Staples, Eddie Croxton, and Alma Hughes-Grubbs, by and through their attorneys, Nathan & Kamionski LLP, respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 45 (g), for a rule to show cause as to why Ciera Renee' Hardaway should not be held in contempt for her failure to appear comply with Defendants' subpoena for records and this Court's Order (ECF No. 113, PageID. 3659) compelling her production of such records. In support thereof, Defendants state as follows:

1. On December 5, 2025, this Honorable Court granted Defendants' Motion to Compel Production of Documents by Ciera Renee' Hardaway (ECF No. 113).

2. The Court ordered Ms. Renee' Hardaway to produce all subpoenaed records on or before December 12, 2025 (ECF No. 113, PageID. 3659).

3. On September 23, 2025, Defendants were able to call Ms. Renee' Hardaway and sent her a follow-up email, to which she replied on October 5, 2025. (**Exhibit 1**, Email chain with Ms. Renee' Hardaway and Defense Counsel).

4. On October 5, 2025, Ms. Renee' Hardaway emailed defense counsel back on said email chain and asked how to send the requested documentation and what procedures she needed to follow in sending said documents. (See Ex. 1).

5. On October 6, 2025, defense counsel responded to Ms. Renee' Hardaway's email, directing her on how to forward the documents. (See Ex. 1).

6. On October 10, 2025, after receiving inadequate documentation from Ms. Renee' Hardaway, defense counsel emailed her to advise her what she needed to do to comply with the court order. (See Ex. 1).

7. Following that date, defense counsel reached out to Ms. Renee' on multiple occasions via email, notably on November 25, 2025, December 1, 2025, and December 5, 2025, which Ms. Renee' Hardway did not respond to. (See Ex. 1).

8.  On December 5, 2025, this Court granted Defendants' motion to compel Ms. Renee' Hardaway to produce the documents requested by Defendants. (ECF No. 113, PageID. 3659).

9.  Since that time, Defendants have made several good faith attempts to serve Ms. Renee' Hardaway with the Court's Order.

10. On December 5, 2025, the same date the order was entered, Defendants attempted to serve Ms. Renee' Hardaway by mail with the Court's order at three different addresses: 33250 Warren Road, Suite 14, Westland, MI 48185; her office space for Elevated Counseling and Coaching; 7310 Woodward Avenue, Suite 400, Detroit, MI 48202; the address listed for FORCE Detroit, where she is named as the Director of Programs, and, at what Defendants believe may be her home address, on Santa Rosa Drive in Detroit. (**Exhibit 2**, Letter Correspondence).

11. Additionally, on December 5, 2025, Defense Counsel sent an email to Ms. Renee' Hardaway at the email address from which she had previously corresponded with Defense Counsel. (See Ex. 1).

12. Ms. Renee' Hardaway has failed to respond to any of the various attempts to serve her with the Court Order. (See Ex. 2).

13. Having not received a response, on December 23, 2025, Defendants again attempted to reach Ms. Renee' Hardaway but were unsuccessful. (**Exhibit 3**, Letter Correspondence).

3

14. Defendants again attempted to serve Ms. Renee' Hardaway three different times with said Motion and Order to Compel from December 24, 2025, through December 30, 2025, but were unsuccessful. (**Exhibit 4**, Affidavit of Process Servicer).

15. Moreover, defense counsel also attempted to reach Ms. Renee' Hardaway via two of her different email accounts on January 5, 2025, and January 6, 2025, advising her of the Court's Order. (**Exhibit 5**, January 2026 emails to Ms. Renee' Hardway; **Exhibit 6**, Letter Correspondence).

16. Ms. Renee' Hardaway did not reply to either of the January 2026 emails, and the email sent to Ms. Renee' Hardaway's Organization of Exonerees account immediately bounced back and was not delivered.

17. Ms. Renee' Hardaway has refused to respond since October 10, 2025, despite being Ordered to do so by this Honorable Court on December 5, 2025. (ECF No. 113, PageID. 3659).

18. Ms. Renee' Hardaway replied to defense counsel's email on October 5, 2025, which indicates that Ms. Renee' Hardaway is aware of what is required of her but remains recalcitrant, as she continues to evade service and deliberately and steadfastly refuses to comply with this Honorable Court's Order.

19. Defendants have made numerous good faith efforts to obtain compliance from Ms. Renee' Hardaway without the Court's intervention.

20.     Following Court intervention, Defendants have made additional numerous good faith efforts to obtain compliance from Ms. Renee' Hardaway which have remained unsuccessful (See Ex. 1-6).

21.     The records sought from Ms. Renee' Hardaway and Elevated Counseling are relevant and material to the claims and defense in this case as it pertains to Plaintiff's claim of psychological damages, and his treatment for same from a witness identified and employed by Plaintiff himself.

22.     Pursuant to Fed. R. Civ. P. 45(g), this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

23.     18 U.S.C. §401 provides that, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-… (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

24.     Despite reasonable efforts, Defendants were unable to obtain concurrence from Ms. Renee' Hardaway. E.D. Mich. L.R. 7.1(a)(2)(B).

WHEREFORE, for the reasons more specifically detailed in the accompanying brief, Defendants request this Honorable Court grant their Motion to Show Cause and enter an order:

1. Holding non-party Ciera Renee' Hardaway, MA, TLLP and Elevated Counseling in contempt of Court for failure to comply with this Honorable Court's Order dated December 5, 2025 (ECF No. 113, PageID. 3659).

2. Compelling non-party Ciera Renee' Hardaway, MA, TLLP to produce her entire treatment file for Plaintiff Kenneth Nixon, including all responsive documents described in the subpoena;

3. Requiring production within seven (7) days of the Court's order; or alternatively,

4. Issue a bench warrant for the arrest of Ciera Renee' Hardaway, MA, TLLP for failure to comply with a Court Order; and,

5. Granting such other relief as the Court deems just and proper.

                    Respectfully submitted,

                    NATHAN & KAMIONSKI, LLP

                    */s/ Christopher J. Raiti*
                    Christopher J. Raiti (P68600)
                    Jessica L. Griff (IL 6309134)
                    Andrew P. Duff (81854)
                    Attorney for Defendants, Detective Moises Jimenez, Commander James Tolbert, Detective Kurtiss Staples, Sgt. Eddie Croxton and Officer Alma Hughes-Grubbs
                    500 Griswold Street, Suite 2300
                    Detroit, MI 48226

Dated:  January 16, 2026        (313) 335-3811

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                     Case No: 23-cv-11547

    Plaintiff,                        HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE AGAINST NON-PARTY CIERA RENEE' HARDAWAY, MA, TLLP, AND ELEVATED COUNSELING**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................ ii
INTRODUCTION ......................................................................................... 1
LEGAL STANDARD .................................................................................... 2
ARGUMENT ................................................................................................. 3
CONCLUSION .............................................................................................. 5

# **TABLE OF AUTHORITY**

**Cases**

*Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016
   WL 4662431 (E.D. Mich. Sept. 7, 2016). ...........................................................3
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).........................................2

**Statutes**

18 U.S.C.  §401 ................................................................................................ 5, 1, 3

**Rules**

Fed. R. Civ. P. 26(b)(1)..............................................................................................2
Fed. R. Civ. P. 45(d)(2)(B)(i). ...................................................................................3
Fed. R. Civ. P. 45(g) ..................................................................................................5

## **INTRODUCTION**

Defendants respectfully move this Court to Order non-party Ms. Cierra Renee' Hardaway and Elevated Counseling to: (1) show cause why they should not be held in contempt for their failure to obey a Court Order, and (2) produce the records requested; or in the alternative, (3) obtain a bench warrant for the arrest of Ms. Renee' Hardaway for her non-compliance with a Court Order pursuant to Federal Rule of Civil Procedure 45, and 18 U.S.C. §401.

Despite months of repeated requests, reminder letters, emails, and telephone communications, Ms. Renee' Hardaway has refused to produce the complete medical and mental health treatment records for Plaintiff Kenneth Nixon, whom he identified as a treatment provider and damages witness in his Rule 26(a)(1) Initial Disclosures. Ms. Renee' Hardaway's partial and inadequate response – which contained only a brief, five-page, summary lacking any treatment records or clinical detail – does not satisfy the subpoena and deprives Defendants of discoverable information central to Plaintiff's claimed psychological damages. Further, Defendants filed a Motion to Compel Ms. Renee' Hardaway to produce the requested records which this Honorable Court granted on December 5, 2025. (ECF No. 113, PageID. 3659). Since the entry of the order, Defendants have attempted to serve and contact Ms. Renee' Hardaway on multiple occasions in numerous ways, namely

December 2, 5, 23, 24, 26, 30, 2025, and again on January 5 and 6, 2026, but have been unsuccessful. (See Ex. 1-6).

Because Ms. Renee' Hardaway continues to withhold the underlying treatment records, progress notes, mental-health documentation, and other materials plainly responsive to the subpoena, the Court should hold Ms. Renee' Hardaway in contempt and require the production of said requested materials. Defendants respectfully request that this Honorable Court Order Ms. Renee' Hardaway and/or Elevated Counseling to (1) show cause why they should not be held in contempt for their failure to obey a Court Order, and (2) produce the records requested; or in the alternative, (3) obtain a bench warrant for the arrest of Ms. Renee' Hardaway for her non-compliance with a Court Order within seven (7) days of the entry of the Court's order.

## **LEGAL STANDARD**

Federal Rule 26 provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

2

Federal Rule of Civil Procedure 45 permits a party to seek an order compelling production or inspection of the requested documents should the commanded person fail to comply. Fed. R. Civ. P. 45(d)(2)(B)(i). "As a general rule, failure to object to discovery requests within the thirty days provided by Rules…34 constitutes a waiver of any objection." *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) (quotation omitted).

18 U.S.C. §401 provides that, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-… (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

## ARGUMENT

On December 5, 2025, this Honorable Court ordered Ms. Renee' Hardaway to produce her entire treatment file for Plaintiff Kenneth Nixon, including all responsive documents described in the subpoena by December 12, 2025 (ECF No. 113, PageID. 3659). Ms. Renee' Hardaway did not comply with that Court Order and has not responded to Defendants' several attempts to contact her via multiple avenues such as email, letter, and service. (See Ex. 1-6). Ms. Renee' Hardaway has decided not to comply with the Court Order despite being aware of what is required of her. (See Ex. 1). Defendants have made continuous efforts to gain Ms. Renee'

3

Hardaway's compliance but have yet to be successful on attempts to serve or contact her. (See Ex. 1-6).

The information sought by Defendants is relevant to the claims and defenses in this case. Specifically, the records are relevant to any claim of psychological damages made by Plaintiff and are essential to assessing the credibility of Plaintiff's claimed damages and the extent of his alleged psychological injuries. Moreover, by claiming psychological damages and identifying Ms. Renee' Hardaway as a treating therapist, Plaintiff has placed his mental condition at issue. In doing so, there is no psychotherapist-patient privilege available that would prevent disclosure of the requested records. Defendants have exhausted all reasonable attempts over eight months to secure compliance but unfortunately are unwilling to continue waiting for Ms. Renee' Hardaway to comply voluntarily.

This Honorable Court has the power to hold Ms. Renee' Hardaway in contempt for non-compliance with the Court Order. Further, this Honorable Court has the power to issue a bench warrant for the arrest of Ms. Renee' Hardaway for the same. Defendants have exhausted all other plausible options to gain Ms. Renee' Hardaway's compliance with this Honorable Court's Order and request that the Court hold her in contempt for not doing so within seven (7) days of the date of said order. In the alternative, Defendants request that the Court issue a bench warrant for Ms. Renee' Hardaway within seven (7) days of the entry of this order.

4

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court enter an order:

1. Holding non-party Ciera Renee' Hardaway, MA, TLLP and Elevated Counseling in contempt of Court for failure to comply with this Honorable Court's Order dated December 5, 2025 (ECF No. 113, PageID. 3659).

2. Compelling non-party Ciera Renee' Hardaway, MA, TLLP to produce her entire treatment file for Plaintiff Kenneth Nixon, including all responsive documents described in the subpoena;

3. Requiring production within seven (7) days of the Court's order; or alternatively,

4. Issue a bench warrant for the arrest of Ciera Renee' Hardaway, MA, TLLP for failure to comply with a Court Order; and,

5. Granting such other relief as the Court deems just and proper.

           Respectfully submitted,

           NATHAN & KAMIONSKI, LLP

           */s/ Christopher J. Raiti*
           Christopher J. Raiti (P68600)
           Jessica L. Griff (IL 6309134)
           Andrew P. Duff (81854)
           Attorney for Defendants, Detective Moises Jimenez, Commander James Tolbert, Detective Kurtiss Staples, Sgt. Eddie Croxton and Officer Alma Hughes-Grubbs
           500 Griswold Street, Suite 2300
           Detroit, MI 48226

Dated:  January 16, 2026           (313) 335-3811

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system, which will send notification to all registered parties.

*/s/ Kimberly A. Moin*
Kimberly A. Moin, Paralegal
