UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

      Plaintiff,

v.

DETECTIVE MOISES JIMENEZ, et al.,

      Defendants.
_____/

Case No. 2:23-11547

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER REQUIRING SUBPOENAED THIRD-PARTY CIERA RENEE TO SHOW CAUSE (ECF No. 115) AND SETTING SHOW-CAUSE HEARING**

On December 5, 2025, this Court ordered Ciera Renee[1], a third-party witness, to produce medical records relating to Plaintiff Kenneth Nixon. ECF No. 113. Defendant attempted to provide the Order to Ms. Renee multiple times, in multiple ways, including U.S. mail and electronic mail. *See* ECF No. 115. Nonetheless, Ms. Renee has failed to respond in any way. Accordingly, Defendants now move to enforce the Order.

I.

---

[1] Although the parties identify her as "Ciera Renee'," she reports her name to be Ciera Renee' Hardaway in her October 2025 subpoena response. *See* ECF No. 109-6 at PageID.3642. All references in this order to "Ciera Renee'" include "Ciera Renee' Hardaway."

Defendants issued a subpoena to Ms. Renee through Records Deposition Service, Inc. on March 10, 2025. ECF No. 109-2. The subpoena sought "any and all medical records" relating to Mr. Nixon and had a response due date of March 31, 2025. *Id*. When the due date came and went without a response from Ms. Renee, Defendants' counsel sent her multiple letters requesting the responsive records. ECF No. 109 at PageID.3604-05. Ms. Renee eventually responded by emailing a five-page summary of treatment, but no actual medical or psychiatric records, to Defendants' counsel. *Id*. at PageID.3605. Defendants' counsel informed Ms. Renee that her response was insufficient, and that she was not in compliance with the subpoena. *Id*. Since that date, Ms. Renee has not responded to Defendants' counsel in any way, which prompted this Court's Order requiring Ms. Renee to produce all subpoenaed records, as well as the current motion to enforce the Order.

Under Civil Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Though the power to hold an individual in contempt "should not be used lightly," "the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v.*

*Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (*quoting Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

This Court agrees that the records Defendants seek from Ms. Renee are relevant and that she has not complied with this Court's Order, but before holding her in contempt of court, this Court will issue a show-cause order directing Ms. Renee to appear and explain her failure to comply with Defendants' subpoena and this Court's December 5th Order.

II.

Accordingly, it is **ORDERED** that Defendants' Motion for Order Requiring Subpoenaed Third-Party Ciera Renee To Show Cause (ECF No. 115)[2], is **GRANTED** as follows:

1. Ms. Ciera Renee is **ORDERED** to appear at a show-cause hearing before United States District Court Judge Susan K. DeClercq, Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Courtroom 219, Detroit, Michigan 48226 **on March 16, 2026 at 10:00 a.m.** to show cause why she should not be held in civil contempt for failing to comply with Defendants' subpoena;

2. Ms. Ciera Renee is **NOTICED** that failure to appear and show cause as directed by this Order may result in a finding of civil contempt and issuance of a bench warrant; and

---

[2] Defendant's motion is officially entitled "Defendants' Motion for Rule to Show Cause Against Non-Party Ciera Renee' Hardaway, MA, TLLP, and Elevated Counseling" but the motion focuses only on Ciera Renee' Hardaway—with no reference to Elevated Counseling. Moreover, this Court's December 5th Order only relates to Ciera Renee' Hardaway.

3. Defendants, as the moving party, are **ORDERED** to serve Ms. Ciera Renee with a copy of this Order by first class mail, first class mail return receipt requested, overnight delivery, and any known email addresses. Defendants must file a proof of such service with this Court **on or before March 9, 2026**.

**SO ORDERED.**

   **This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 18, 2026