IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

        Plaintiff,

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON,

        Defendants.

Case No: 23-cv-11547

HON. SUSAN K. DECLERCQ

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO APPOINT AN ATTORNEY FOR THE LIMITED PURPOSE OF COMPLETING THIRD-PARTY WITNESS RONRICO SIMMONS'S DEPOSITION AND/OR TO COMPEL**

---

NOW COME Defendants, Moises Jimenez, James Tolbert, Kurtiss Staples, and Eddie Croxton, by and through their attorneys, Nathan & Kamionski LLP, and respond to Plaintiff's Motion as follows:

1. Admitted in part and denied in part. Defendants admit that Plaintiff was convicted of an arson-double homicide that occurred on May 19, 2005, at 19428 Charleston Street. Defendants neither admit nor deny whether the conviction was "wrongful" and leave Plaintiff to his proofs, but deny any insinuation that Defendants engaged in any wrongdoing.

1

2.    Admitted in part and denied in part. Defendants admit that Ronrico Simmons gave two witness statements and testified at the preliminary examination and trial. Defendants deny that Mr. Simmons' statements were given to all Defendants. Mr. Simmons gave his first witness statement to Defendant Tolbert and the second to Defendant Jimenez. (**Exhibit 1**, Ronrico Simmons Witness Statements).

3.    Admitted. Defendants answer further to indicate that while Plaintiff seems to have paraphrased Mr. Simmons' testimony from the underlying criminal matter, the transcript of his testimony speaks for itself. And is attached hereto (**Exhibit 2**, Ronrico Simmons Testimony).

4.    Admitted in part and denied in part. Defendants admit that Plaintiff was convicted on September 21, 2005. Defendants

5.    Admitted in part and denied in part. Defendants admit that Mr. Simmons was a witness on both witness lists but deny that any info he could provide is highly relevant to Plaintiff's claims against the Defendant Officers.

6.    Admitted.

7.    Admitted.

8.    Admitted. Defendants answer further to indicate that Mr. Simmons' deposition was originally scheduled for October 2, 2025, however, due to technical difficulties at the prison, the deposition was rescheduled to March 4, 2026.[1]

---

[1] Defendants clarify such because it appears Plaintiff mistakenly attached the transcript from the October 2, 2025, deposition rather than the March 4, 2026, transcript.

9.    Neither admit nor deny as the deposition transcript speaks for itself and requires more context than what Plaintiff has provided.  Defendants admit that after Plaintiff questioned Mr. Simmons for approximately two hours about nothing other than his background, Mr. Simmons understandably became frustrated and indicated that he was done answering questions and would like to speak with his lawyer.  Mr. Simmons stated, "I'm just being asked a bunch of questions about my life; what I'm going through, who I hang with, what we doing [sic] while we hanging out.  That's – that don't have nothing [sic] to do with this case, as far as I'm concerned.  I only want to know what's going on." (**Exhibit 3**, Simmons Deposition Transcript, "Simmons Dep.", p. 83, lines 11 – 24).

10.    Neither admit nor deny as the deposition transcript speaks for itself and requires more context than what Plaintiff has provided.  Defendants answer further that Mr. Simmons' concerns had to do with incidents between he and Plaintiff that occurred prior to the incidents leading to the underlying criminal case. (**Ex. 3**, p. 97, lines 7 – 25; p. 98, line 1).

11.    Admitted.

12.    Admit that when Mr. Simmons stated any further answer would be "no comment" Plaintiff made the decision to terminate the deposition.

13.    Neither admit nor deny what Plaintiff's intentions are in filing this motion and therefore leave Plaintiff to his proofs.

14.     Neither admit nor deny as Defendants have not seen any such correspondence, nor is any attached hereto and therefore leave Plaintiff to his proofs.

15.     Admitted.

WHEREFORE, for the reasons stated in the accompanying brief in opposition, Defendants respectfully request this Honorable Court deny Plaintiff's Motion to Appoint an Attorney for Third-Party Witness Ronrico Simmons and/or to Compel.

Dated: May 13, 2026

Respectfully submitted,

NATHAN & KAMIONSKI LLP

/s/ Andrew Duff
Shneur Nathan
Avi T. Kamionski
Christopher J. Raiti (P68600)
Jessica Griff (IL6309134)
Andrew Duff (P81854)
500 Griswold Street, Suite 2300
Detroit, MI 48226
(312) 957-6594
jgriff@nklawllp.com
aduff@nklawllp.com
craiti@nklawllp.com
snathan@nklawllp.com
akamionski@nklawllp.com
*Attorneys for Defendants*

4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

        Plaintiff,

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON,

        Defendants.

Case No:  23-cv-11547

HON. SUSAN K. DECLERCQ

**BRIEF IN OPPOSITION PLAINTIFF'S MOTION TO
APPOINT AN ATTORNEY FOR THIRD-PARTY
WITNESS RONRICO SIMMONS AND/OR TO COMPEL**

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITY ............................................................................................ iii

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    Plaintiff Lacks Standing to Request Appointment of Counsel for Ronrico Simmons .............................................................................................................. 2

    II.   Plaintiff Has Failed to Show "Exceptional Circumstances" to Justify Appointment of Counsel of Mr. Simmons ............................................................ 4

    III.  This Court Should Not Compel Mr. Simmons to Testify Further Because His Deposition Would Unnecessarily Waste Time, Resources, and Finances. .......... 7

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITY

## Cases

*Archie v. Christian*, 812 F.2d 250 (5th Cir. 1987) ................................................................ 5

*Baumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019) .............................................. 11

*Bruce v. Samuels*, 577 U.S. 82 (2016)................................................................................. 2

*Henry. v. City of Detroit Manpower Dep't*, 763 F.2d 757 (6th Cir. 1985) ........................... 5, 7

*Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) ......................................................... 3, 4, 5

*Porter v. Louisville Jefferson Co. Metro Gov't.*, No. 3:12-CV-829-CRS, 2016 WL 247580
    (W.D. Ky., January 20, 2016) ..............................................................................4, 5, 6, 7

*Robert Davis, Plaintiff, v County of Wayne, et al*, No. 2:24-CV-10203, 2026 WL 1082318,
    (ED Mich, March 31, 2026) ............................................................................... 10, 11

*Sanford v. City of Detroit*, No. 17-13062, 2018 WL 11309877 (E.D. Mich, 2018) ..... 2, 3, 6

*Sutton v. U.S. Small Bus. Admin.*, 92 Fed. Appx. 112 (6th Cir. 2003)................................. 6

## Statutes

28 U.S.C. § 1915 ............................................................................................................. 2

## Rules

Fed. R. Civ. P. 26(b)(1) ................................................................................................... 7
Fed. R. Civ. P. 26(b)(2)(C)(i) ........................................................................................... 7

## INTRODUCTION

Ronrico Simmons is not a party to this litigation; he is merely a witness. While Mr. Simmons was a cohabitant with the victims of the subject housefire, none of Plaintiff's claims rely upon Mr. Simmons.[2]  Indeed, Mr. Simmons' name appears only in three (3) Complaint paragraphs, all of which are within Plaintiff's Statement of Facts and none pertaining to any of Plaintiff's theories of liability. (Complaint, ¶¶ 21, 29, 34, PageID.6, 7, 8).

Now, Plaintiff asks this Court to take the extraordinary step of appointing counsel for nonparty witness, Ronrico Simmons, or alternatively, to compel Mr. Simmons to answer additional deposition questions.  Neither form of relief is warranted or appropriate because: (1) Plaintiff lacks standing, (2) Plaintiff has failed to prove the extraordinary circumstances required for the relief requested, and (3) compelling additional testimony in a second deposition from Mr. Simmons is an unnecessary waste of time and resources, especially when the information relevant to Plaintiff's claims can be gained from other, less burdensome means.

---

[2] Plaintiff alleges that Defendants violated the *Brady* doctrine by withholding evidence, fabricated evidence, maliciously prosecuted him, and failed to intervene to prevent these alleged constitutional violations. (Complaint, PageID.1-37).

1

## ARGUMENT

### I.    Plaintiff Lacks Standing to Request Appointment of Counsel for Ronrico Simmons.

As a threshold matter, 28 U.S.C. § 1915 does not apply to non-parties. As the United States Supreme Court explained, "[i]n 1892, Congress enacted the *in forma pauperis* (IFP) statute, now codified at 28 U.S.C. § 1915, 'to ensure that indigent *litigants* have meaningful access to the federal courts.'" *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (internal citations omitted) (emphasis added).

Even if § 1915 applied, Plaintiff's motion should be denied because Plaintiff lacks standing to request that this Court appoint counsel for Mr. Simmons. Section 1915(e)(1) provides, "[t]he Court may request an attorney to represent any person unable to afford counsel." Even in its limited civil application, the right to counsel is personal to the individual seeking representation, not to an adverse party who wishes to extract testimony. In fact, the Eastern District of Michigan has previously held that parties to a litigation lack standing to request appointment of counsel for a non-party. *Sanford v. City of Detroit*, No. 17-13062, 2018 WL 11309877 (E.D. Mich, 2018) (**Exhibit 4**).

Of note, *Sanford* is the only case in the Eastern District of Michigan that has addressed such an unusual request. In *Sanford*, the plaintiff argued "that 28 U.S.C § 1915(e)(1) affords plenary authority for the Court to appoint counsel for anyone whom the Court deems worthy of legal assistance." *Id.* at *1. In denying Sanford's motion, the

2

Court held "that [Sanford] ha[d] not shown any good reason why the Court should grant the extraordinary relief of appointing counsel for a person who is not a party to this civil action and who has not requested representation, and that [Sanford] also lacks standing to pursue the relief that he has requested." *Id.*  This Court reasoned that while § 1915 grants the Court discretion to appoint counsel for an indigent civil litigant, such privilege is only "justified by exceptional circumstances." *Id.* (*quoting Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). The Court further reasoned that the reach of its discretion did not extend so far as to justify such an "unusual request" of appointing counsel for a non-party witness at the request of a party to the litigation. *Sandford at *1.*

Like *Sanford*, Plaintiff lacks any legal interest in whether Mr. Simmons has counsel. A non-party witness simply stating that he does not feel comfortable answering further questions or who asserts a Fifth Amendment privilege does not establish that the non-party witness has any constitutional right at stake that would justify the appointment of counsel. *Sanford* at *1.

In support of his extraordinary request, Plaintiff relies on *Porter v. Louisville Jefferson Co. Metro Gov't.*, No. 3:12-CV-829-CRS, 2016 WL 247580 (W.D. Ky., January 20, 2016) (**Exhibit 5**).  However, *Porter* is critically distinguishable, as will be explained more fully below.  However, for starters, the non-party in *Porter* did not have a standing issue. In *Porter*, the non-party witness filed a motion requesting counsel the day before the deposition was to occur. *Id.* at *1.  Here, Mr. Simmons has not filed a motion and

has not requested anything from the Court.  Rather, like *Sanford*, Mr. Simmons simply stated during his deposition that he would like to speak to an attorney.

Simply put, Plaintiff's effort to bootstrap his discovery interests into a right to demand appointed counsel for a nonparty fails, as a matter of law.  This fundamental deficiency warrants denial of Plaintiff's motion.

## II.     Plaintiff Has Failed to Show "Exceptional Circumstances" to Justify Appointment of Counsel of Mr. Simmons.

Even if Plaintiff had standing to bring this motion, denial is warranted because Plaintiff has failed to show exceptional circumstances justifying such relief.

There is no constitutional right to counsel in a civil case. *Lavado*, at 605.  Rather, appointment of counsel is a privilege only justified by exceptional circumstances. *Id.* at 606. "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'" *Id.* (*quoting Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).   To determine "exceptional circumstances" courts generally look at the complexity of the factual and legal issues involved." *Id.*  The Sixth Circuit has also provided that the courts should consider the individual's financial resources, the person's efforts to obtain counsel, and whether the person's claim has any merit. *Henry. v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Here, Plaintiff has failed to address any of these factors. Plaintiff has not presented any information regarding Mr. Simmons' financial resources.  Plaintiff has

not shown any efforts by Mr. Simmons to obtain counsel and Plaintiff has failed to present evidence that supports a meritorious claim for counsel to be appointed.

Again, Plaintiff relies primarily on *Porter* to justify the "exceptional circumstances" and again, *Porter* is distinguishable. As Plaintiff indicated, *Porter* relied on three examples to justify "exceptional circumstances." The first being that the non-party in *Porter* raised an objection to his deposition based on his Fifth Amendment privilege. *Porter* at *2. This is distinguishable for a multitude of reasons, including that it was the <u>witness</u> in *Porter* that filed his own motion to appoint counsel the day before the deposition began. *Id.* at *1. Here, however, Mr. Simmons answered Plaintiff's questions for approximately one hour and twenty-three minutes, before he asked to speak to an attorney. (See **Ex. 3**, pp. 1 – 80). Importantly, as the Court held in *Sanford*, merely expressing a desire to speak with an attorney does not alone create exceptional circumstances. *See, Sanford at *1.* Secondly, Mr. Simmons did not expressly invoke his Fifth Amendment privilege. Mr. Simmons expressed annoyance with Plaintiff's choice of questions and then indicated he would like to speak to an attorney before answering anymore questions on the situation related to the "beef" between he and Plaintiff. (**Ex. 3**, p. 97, line 7-19).

Next, while Mr. Simmons indicated he cannot afford to retain counsel, that statement in and of itself, is not enough to satisfy this prong. *Sanford at *1.* A party seeking the appointment of counsel for themselves must demonstrate to the Court facts that he or she is unable to afford counsel, generally this occurs when a party is

5

proceeding in pro per and submits an affidavit demonstrating his indigency. *Sutton v. U.S. Small Bus. Admin.*, 92 Fed. Appx. 112, 117 (6th Cir. 2003). This, however, would require the Court to consider Mr. Simmons' finances and efforts to obtain counsel himself. *See Henry*, 763 F.2d at 760. Plaintiff has not presented any evidence of Mr. Simmons' finances nor efforts to obtain counsel.

Lastly, the *Porter* court looked at the complexity of the factual and legal issues involved. Again, *Porter* differs significantly here. The *Porter* court explained "while the Court is not aware of any criminal charges pending against Sanders for the murder . . . the complaint in this civil matter certainly insinuates that Sanders was involved." *Porter* at *2. As such, the court found it appropriate to appoint counsel for that limited purpose. *Id.* Here, Plaintiff has made no such allegation or insinuation in his Complaint. In fact, out of the 145 paragraphs in Plaintiff's Complaint, he refers to Mr. Simmons in just three paragraphs. (See Complaint, PageID.6 – 8, ¶¶ 21, 29, 34). In those three paragraphs, Plaintiff states that Mr. Simmons was the boyfriend of the victims' mother, Naomi Vaughn, Mr. Simmons had a falling out with Plaintiff due to an affair with Plaintiff's girlfriend, LaToya Caulford, and Simmons gave inconsistent statements to the police. (*Id.*). While Plaintiff claims that Mr. Simmons is a "critical witness," the facts indicate otherwise. As Plaintiff stated, Mr. Simmons's statements and testimony regarding Brandon Vaughn's statements and the feud between himself and Plaintiff are already in the record. More importantly, the information Plaintiff seeks from Mr. Simmons is readily available from other, more convenient sources – namely, Plaintiff

6

himself and Brandon Vaughn.  Further, as Mr. Simmons stated, he has already testified to these topics. (See **Ex. 3**, p. 91, line 25; p. 92, lines 1 – 2, "I don't feel that I should have to answer every question that you asked me about this, when I've been through – when I've went through this already.").

As this Court stated in *Sanford*, the appointment of counsel here would be an extraordinary remedy in search of a problem that does not exist.  Accordingly, Plaintiff's motion for appointment of counsel must be denied.

### III.    This Court Should Not Compel Mr. Simmons to Testify Further Because His Deposition Would Unnecessarily Waste Time, Resources, and Finances.

Plaintiff's alternative request to compel further testimony from Mr. Simmons is an unnecessary waste of time and resources when the information Plaintiff seeks is available from other, less burdensome means.

"Parties may obtain discovery . . . that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Plaintiff's motion to compel further deposition of Mr. Simmons should be denied because any further testimony from Mr. Simmons would not be proportional to the needs of the case.

Although the scope of discovery is quite broad, it is not unlimited.  The Court *must* limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Mr. Simmons's testimony

7

is cumulative, duplicative, and can be obtained from other, more convenient sources. Therefore, this Court should deny Plaintiff's motion.

Plaintiff fails to articulate why Mr. Simmons's continued deposition is necessary to either party's claims or defenses. Rather, Plaintiff's motion focuses solely on Mr. Simmons stating any further questions would be met with the answer "no comment." Mr. Simmons readily appeared for his deposition and answered irrelevant questions for approximately two hours. Yet, nowhere in Plaintiff's motion does he identify a specific topic, question, or area of inquiry that Mr. Simmons alone can address that would be relevant to Plaintiff's claims. Instead, Plaintiff makes conclusory assertions that Mr. Simmons has "highly relevant information," yet wholly fails to articulate what that information is, why it is material to the claims at issue, or why it cannot be obtained from alternate sources. Indeed, as discussed below, the record shows that the purported information Mr. Simmons is expected to have has been or can be obtained from alternate sources, which are more convenient and less burdensome.

Plaintiff has not alleged that Defendants coerced, fabricated, or suppressed Mr. Simmons' statements or testimony or that Mr. Simmons was critical to securing the conviction against Plaintiff. To the contrary, Plaintiff alleged, "[b]ased on Brandon's 'coached' testimony and the informant's fabricated testimony, Mr. Nixon was convicted of arson, murder, and attempted murder. (Complaint, PageID.12 – 13, ¶ 59). Indeed, this allegation was thoroughly explored during the deposition of Brandon Vaughn. Should Plaintiff reply that Mr. Simmons is critical because of the "coaching" aspect of

8

the allegation, such point is moot because Brandon Vaughn already testified in his deposition that he was not coached. (**Exhibit 6**, Brandon Vaughn Deposition Transcript, pp. 11, 17, 42, 43). Indeed, Brandon Vaughn is the only witness who can offer complete and accurate testimony on whether his own statements were "coached" or "influenced," an issue that was thoroughly explored by both parties at his deposition. Brandon Vaughn remained steadfast in his assertions that he testified truthfully at the preliminary examination and trial, that no police officers told him what to say, that no family member (or Ronrico Simmons) told him what to say, that he was truthful when speaking to officers, that nobody influenced his statements, and that he in fact saw Kenneth Nixon firebomb his house and kill his brother and sister. (*Id.*)

After, testifying at length, the question that caused Mr. Simmons to begin answering "no comment" was, "[w]hy were you mad at Ken?" (**Ex. 3**, p. 80, line 3 – 4). If Plaintiff believes that information about the feud between he and Mr. Simmons is critically necessary to his claims, such information is readily available from numerous different sources, including Plaintiff himself. This Court, and other courts within the Sixth Circuit have "'repeatedly denied motions to compel discovery . . . directed to non-parties where the discovery sought was obtainable from a party to the litigation.'" *Robert Davis, Plaintiff, v. County of Wayne, et al,* No. 2:24-CV-10203, 2026 WL 1082318, at *2 (ED Mich, March 31, 2026) (**Exhibit 7**) (*quoting Baumer v. Schmidt*, 423 F. Supp. 3d 393, 408 – 09 (E.D. Mich. 2019)).

9

In *Davis*, the Court denied Plaintiff's motion to compel additional deposition testimony from a non-party after the non-party invoked his Fifth Amendment privilege. In adopting the Report and Recommendation and denying the motion, the court reasoned that the plaintiff did not articulate why the requested discovery was relevant or proportional to the claims in the case. *Id.* Similarly, Plaintiff here has not articulated any legal justification for why further deposition from Mr. Simmons is relevant or proportional to the claims in this case. Plaintiff's only rationale is to argue that Mr. Simmons' answers were not appropriate.

Plaintiff's failure to put forth any legal or factual justification for why further testimony from Mr. Simmons is relevant or proportional to the claims or defenses in this case at the time and expense of the parties, the court, and Mr. Simmons, and why such information cannot be obtained elsewhere dooms his motion.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Honorable Court deny Plaintiff's Motion to Appoint an Attorney for Third-Party Witness Ronrico

Simmons and/or to Compel.

Dated: May 13, 2026

Respectfully submitted,

NATHAN & KAMIONSKI LLP

/s/ Andrew Duff
Shneur Nathan
Avi T. Kamionski
Christopher J. Raiti (P68600)
Jessica Griff (IL6309134)
Andrew Duff (P81854)
500 Griswold Street, Suite 2300
Detroit, MI 48226
(312) 957-6594
jgriff@nklawllp.com
aduff@nklawllp.com
craiti@nklawllp.com
snathan@nklawllp.com
akamionski@nklawllp.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I electronically filed the foregoing

pleading with the Clerk of the Court by using the CM/ECF system, which will send

notification to all registered parties.

/s/ Kimberly A. Moin
Kimberly A. Moin, Paralegal

11