IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                    Case No:  23-cv-11547

　　　　Plaintiff,                                   HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON.

　　　　Defendants.

---

**DEFENDANTS' MOTION TO COMPEL COMPLETE RESPONSES TO
DEFENDANT TOLBERT'S FIRST SET OF INTERROGATORIES**

---

NOW COMES Defendants, Moises Jimenez, James Tolbert, Kurtiss Staples, and Eddie Croxton, by and through their attorneys, Nathan & Kamionski LLP, respectfully move this Court pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) for an Order compelling Plaintiff Kenneth Nixon to provide complete, verified answers to Defendant Tolbert's First Set of Interrogatories, specifically Interrogatory Nos. 1-5, 9, and 15-19.

1.　　This matter arises out of a civil rights action brought under 42 U.S.C § 1983.  On February 18, 2021, the Wayne Counter Prosecutor's Office entered a

stipulated order reversing Plaintiff Kenneth Nixon's conviction for arson, murder, and attempted murder.

2.      On June 28, 2023, Plaintiff filed the instant suit against Defendants Jimenez, Tolbert, Staples, and Croxton.

3.      On November 26, 2024, Plaintiff served his Rule 26 disclosures. Rather than identifying documents with any specificity, describing the documents, or identifying their location, Plaintiff merely listed nine general categories: law enforcement documents, pleadings and exhibits, docket entries, court orders and other miscellaneous court documents, communications, transcripts, witness statements and affidavits, MDOC records, and news articles.

4.      On December 19, 2024, Plaintiff made his initial production of documents (Plaintiff 1-9,887).

5.      Following Plaintiff's initial production, Plaintiff made fourteen supplemental document productions between February 2025 and December 2025, culminating in the December 18, 2025, production of 27,603 pages. In total, Plaintiff has produced nearly 50,000 pages of documents.

6.      In an effort to determine the source and origin of Plaintiff's nearly 50,000-page production, Defendants served Defendant Tolbert's First Set of Interrogatories on Plaintiff. (Ex. A). These interrogatories requested that Plaintiff identify, for specified categories of documents produced: (a) the date of receipt; (b)

the identity of the person who received the document on Plaintiff's behalf; (c) the medium of receipt; and (d) if the date of receipt is unknown, the approximate time period during which the document was received.

7.      Plaintiff's responses, (Ex. B), as detailed in the attached brief, were evasive and incomplete. Plaintiff largely ignored the substance of the interrogatories and instead cited Bates labels of documents _Defendants_ had produced—rather than addressing the documents that _Plaintiff_ received and produced.

**Defendants' Good-Faith Efforts to Meet and Confer**

8.      On June 15, 2026, Defendants sent a detailed Rule 37.1 letter to Plaintiff's counsel identifying specific deficiencies in Plaintiff's interrogatory responses and requested that Plaintiff supplement his answers. (Ex. C). The email correspondence sent with the letter offered to meet and confer on Wednesday, June 17, Thursday, June 18, or Friday, June 19. (Ex. D at pg.2) Plaintiff did not respond.

9.      On June 18, 2026, having received no response, defense counsel sent another email noting that Plaintiff had not responded to the Rule 37.1 letter and warning that "Defendants will have no alternative but to seek redress from the court unless Plaintiff responds in some meaningful way." (Ex. E at pg 2.)

10.      Later that same day, Plaintiff's counsel Alyssa Martinez finally responded but ignored Defendants' request (and the court requirement) to meet and confer. Instead, she provided the vague and uncertain response that "Plaintiff is

3

willing to provide certain supplemental information in response to the interrogatories and will do so by Wednesday, June 24." She did not identify *which* interrogatories would be supplemented or *what* information would be provided. (Ex. D at pgs.1-2.)

11. Defense counsel immediately responded: "So, no meet and confer? Also, without some clarity on the nebulous description, i.e., 'certain supplemental information,' Defendants are unable to ascertain which areas identified in the R37.1 letter remain in dispute. Please advise." (Ex. D at pg 1.)

12. Plaintiff's counsel failed to respond.

13. On June 19, 2026, Plaintiff's counsel Kathryn James responded to Defense counsel's June 18th correspondence addressing the issues raised and stating that, as to the meet and confer and interrogatories, "Alyssa [Ms. Martinez] is following up on that piece." (Ex. E at pg1.)

14. Ms. Martinez never followed up.

15. Indeed, Plaintiff did not supplement his interrogatory responses in any way on June 24, 2026.

16. As of the date of this filing, Plaintiff has not agreed to meet and confer, has not identified what supplemental information will be provided, and has not provided any supplementation as promised. Defendants have been left with no alternative but to seek relief from this Court.

**WHEREFORE**, for the reasons more specifically detailed in the accompanying brief, Defendants request this Honorable Court grant their Motion to Compel and Order Plaintiff to provide complete responses to Defendant Tolbert's First set of Interrogatories and appropriate sanctions for Plaintiff's failure to provide complete answers and refusals to meet and confer necessitating the present motion.

NATHAN & KAMIONSKI, LLP


*/s/ Jessica L. Griff*
Shneur Nathan (IL 6294495)
Avi Kamionski (IL 6283191)
Christopher J. Raiti (P68600)
Jessica L Griff (IL 6309134)
Andrew Duff (P81854)
Attorney for Defendants
500 Griswold Street, Suite 2300
Detroit, MI 48226
Dated:  June 25, 2026                    (312) 957-6594

5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,                                  Case No:  23-cv-11547

        Plaintiff,                            HON.  SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON,

        Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
COMPLETE RESPONSES TO DEFENDANT TOLBERT'S FIRST SET OF
INTERROGATORIES**

---

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................ ii

TABLE OF AUTHORITY ....................................................................................... iii

INTRODUCTION ......................................................................................................1

LEGAL STANDARD ................................................................................................2

ARGUMENT .............................................................................................................3

   I.   Plaintiff's Responses Are Evasive and Incomplete in Violation of Rule 37(a)(4). ................................................................................................................3

       A.   Interrogatory Nos. 1 and 2, concerning the Wayne County Prosecutor's Office ("WCPO") and the Conviction Integrity Unit, ("CIU"). ...........................................................................................3

       B.   Interrogatory Nos. 3-5 (DPD/COD/DFD)..............................................4

       C.   Interrogatory No. 9 (Robert Kinney). ...................................................4

   II.   Plaintiff's Responses Are Unverified in Violation of Rules 33(b)(3) and (b)(5). ................................................................................................................6

   III.   Defendants Are Prejudiced by Plaintiff's Evasive and Incomplete Answers..7

   IV.   Defendants Satisfied Their Obligations Under Local Rule 37.1....................8

   V.   Sanctions Are Appropriate.............................................................................9

CONCLUSION ........................................................................................................10

ii

## TABLE OF AUTHORITY

**Cases**

*Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485 (N.D. Ohio 2013) ................................3

*Lewis v. ACB Bus. Servs.*, 135 F.3d 389 (6th Cir. 1998)............................................2

*Miller v. Joaquin*, 431 F. Supp. 3d 906 (E.D. Mich. 2019).......................................7

*Siser N. Am., Inc. v. Herika G. Inc.,* 325 F.R.D. 200 (E.D. Mich. 2018)..............3, 9

*Stooksbury v. Ross,* 528 F. App'x 547 (6th Cir. 2013).................................................7

*Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, No. 08-CV-12393, 2009 WL 202230
   (E.D. Mich. July 8, 2009) ......................................................................................7

*Watrobski v. FCA US, LLC*, No. 16-CV-11632, 2017 WL 4073955 (E.D. Mich.
   Sept. 14, 2017)......................................................................................................2

**Rules**

E.D. Mich. L.R. 37.1.....................................................................................................8

Fed. R. Civ. P. 26(b)(1)................................................................................................2

Fed. R. Civ. P. 33 .........................................................................................................2

Fed. R. Civ. P. 33(b)(3) ............................................................................................2, 6

Fed. R. Civ. P. 33(b)(5) ............................................................................................2, 6

Fed. R. Civ. P. 37.........................................................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(iii) ....................................................................................2

Fed. R. Civ. P. 37(a)(4)........................................................................................ 2, 5, 6, 9

Fed. R. Civ. P. 37(d)(3) ................................................................................................9

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37 and 33, Defendants respectfully move this Court for an order compelling Plaintiff to provide substantive responses to Defendant Tolbert's First Set of Interrogatories. Despite Defendants' good-faith efforts to resolve these discovery disputes pursuant to Local Rule 37.1, Plaintiff's counsel has refused to meet and confer. Rather than agree to a specific date and time to discuss the identified deficiencies, Plaintiff's counsel offered only vague promises to provide "certain supplemental information" without identifying *which* interrogatories would be supplemented, *what* information would be provided, or *when* the supplementation would occur. As of the date of this filing, no supplementation has been provided and Plaintiff has refused to meet and confer.

Defendant Tolbert's interrogatories go to the heart of Plaintiff's *Brady* claim: determining the source and origin of Plaintiff's nearly 50,000 page document production, which includes thousands of pages of duplicate records and 22 previously undisclosed documents that appear to have originated from a prosecutor's computer and were withheld by Plaintiff for nearly five years. To move discovery forward and to get to the bottom of critical issues regarding the provenance and authenticity of Plaintiff's production, Defendants need complete answers. This motion is necessary to prevent further delay and prejudice to Defendants.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Watrobski v. FCA US, LLC*, No. 16-CV-11632, 2017 WL 4073955, at *1 (E.D. Mich. Sept. 14, 2017).  Rule 33 allows a party to serve interrogatories on an opposing party in order to obtain this discovery. *Id.*, citing, Fed. R. Civ. P. 33.

Federal Rule of Civil Procedure 37(a)(3)(B)(iii) provides that a party may move to compel answers to interrogatories when the responding party fails to answer. Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Federal Rule of Civil Procedure 33(b)(3) requires that each interrogatory answer "must, to the extent it is not objected to be answered separately and fully in writing under oath." Rule 33(b)(5) further requires that "the person who makes the answers must sign them."

Here, Plaintiff failed to provide complete, substantive answers to Defendant Tolbert's First Set of Interrogatories, specifically Interrogatory Nos. 1-5, 9, and 15-19, therefore, Defendants move to compel.

2

## ARGUMENT

### I.   Plaintiff's Responses Are Evasive and Incomplete in Violation of Rule 37(a)(4).

Plaintiff's responses to Interrogatory Nos. 1-5, 9, and 15-19 are evasive and incomplete and must be treated as a failure to answer under Rule 37(a)(4). *Siser N. Am., Inc. v. Herika G. Inc.,* 325 F.R.D. 200, 210 (E.D. Mich. 2018); citing *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013).  Rather than substantively respond to the interrogatories, Plaintiff merely cited Bates labels of documents produced by third parties (to both Plaintiff and Defendants) and to documents that were produced by *Defendants* themselves, pursuant to subpoenas, and completely ignoring the substance of the questions, which sought information about documents *Plaintiff* received and produced. Specifically:

> #### A. Interrogatory Nos. 1 and 2, concerning the Wayne County Prosecutor's Office ("WCPO") and the Conviction Integrity Unit, ("CIU").

Plaintiff states only that "documents received from the Wayne County Prosecutor's Office have been produced in this litigation" and identifies them by Defendants' subpoena production labeled "WCPONIXONFEDSUBPOENA." By this answer, Plaintiff attests that the *only* records he has ever received from the WCPO are those produced pursuant to Defendants' subpoena. This cannot be accurate. Plaintiff's own communications and the deposition testimony of Wendy Woods confirm that Plaintiff submitted FOIA requests to WCPO and maintained

3

routine communication with the CIU. For example, Plaintiff's production at Plaintiff 10406 reflects a 2017 FOIA request submitted by Ms. Woods on Plaintiff's behalf. (Ex. F). Thus, Defendants are entitled to full and complete responses to Interrogatories 1 and 2.

### B. Interrogatory Nos. 3-5 (DPD/COD/DFD).

Plaintiff claims the only records he has received from the Detroit Police Department, City of Detroit, and Detroit Fire Department are those obtained via Plaintiff's litigation subpoenas. This is contradicted by Plaintiff's own production at Plaintiff 002841-2843, which indicates that Attorney Benjamin Werbling issued a FOIA request on behalf of Tracy Nixon to the City of Detroit in 2014. (Ex. G) It is clear from Plaintiff's documented communications that he directed FOIA requests to these entities and was apprised of the responses. Plaintiff must supplement his answers to identify these documents or affirmatively state that he cannot.

### C. Interrogatory No. 9 (Robert Kinney).

In the underlying criminal matter, Robert Kinney was Plaintiff's criminal defense attorney and, as such, documents and information passed to Plaintiff from Mr. Kinney directly bears on several aspects of this case. Plaintiff states he is "unaware of any specific records that were produced directly to him or his current counsel from Robert Kinney." Defendants seek clarification: is it Plaintiff's position that records from Robert Kinney may exist within his production, but he cannot

specifically identify them as originating from Mr. Kinney? If so, Plaintiff must supplement his answer to state as much in compliance with the Court's December 1, 2025, directive.  On the other hand, if Mr. Kinney provided records to Plaintiff, Defendants are entitled to those records.[1]

### D. Interrogatory Nos. 15-19 (Sunshine Investigations, Jane Doe Investigations, Martin Yant, Tracy Nixon, and Wendy Woods).

Plaintiff's response to these interrogatories share the same fundamental deficiency: Plaintiff's answers fail to respond to the interrogatories at all. Plaintiff either ignores the interrogatory entirely or cites only to records produced by *Defendants*. For Sunshine Investigations, Jane Doe Investigations, and Tracy Nixon, Plaintiff provides no response whatsoever. As to Martin Yant and Wendy Woods, Plaintiff cites only to Defendants' production. Plaintiff must clarify whether he cannot identify records received from these sources, and if so, must affirmatively state as much.

Plaintiff's evasive responses to Interrogatory Nos. 1-5, 9, and 15-19 do not substantively address the interrogatory posed by Defendant Tolbert and therefore violate Rule 37(a)(4). Rather than affirmatively stating whether he possesses responsive information or cannot identify responsive documents, Plaintiff deflects by citing to *Defendants'* subpoena productions. This is improper. Further, this is

---

[1] As a reminder, this Court has already ruled that Plaintiff has waived attorney-client privilege related to Mr. Kinney. (Dkt. 85)

prejudicial to Defendants, especially regarding Plaintiff's *Brady* claim, as that claim is premised on the Defendants allegedly withholding information during Plaintiff's criminal prosecution. If the source of documents is unknown, then Plaintiff cannot meet his burden to establish that the WCPO and/or his defense attorney did not possess the records in dispute.

Additionally, each interrogatory requested that Plaintiff address specific categories: (a) date of receipt; (b) identity of the person who received the document; (c) medium of receipt; and (d) if the date of receipt is unknown, the approximate time period during which the document was received. Plaintiff's responses wholly fail to address any of these categories, rendering the responses incomplete under Rule 37(a)(4). As such, Defendants request that this Court enter an order granting Defendants' motion to compel complete responses.

## II.   Plaintiff's Responses Are Unverified in Violation of Rules 33(b)(3) and (b)(5).

Plaintiff's responses to Defendant Tolbert's First Set of Interrogatories lack a verification page with Mr. Nixon's signature, as required by Federal Rules of Civil Procedure 33(b)(3) and 33(b)(5). Rule 33(b)(3) mandates that answers be made "under oath," and Rule 33(b)(5) requires that "the person who makes the answers must sign them." Unverified interrogatory responses are tantamount to no response at all and are insufficient to satisfy a party's discovery obligations. *Miller v. Joaquin*,

6

431 F. Supp. 3d 906, 922 (E.D. Mich. 2019). Plaintiff must be compelled to provide verified responses.

**III.    Defendants Are Prejudiced by Plaintiff's Evasive and Incomplete Answers.**

Plaintiff's evasive and incomplete interrogatory responses are particularly prejudicial given the voluminous and undifferentiated nature of Plaintiff's document production. Plaintiff produced nearly 50,000 pages of documents across fifteen separate productions without identifying the source, date of receipt, or origin of the materials. When Defendants served interrogatories specifically designed to bring order to this massive production, Plaintiff responded by merely citing Bates labels of documents produced by third parties and Defendants, effectively directing Defendants back into the same undifferentiated mass of records from which the interrogatories sought to extract meaningful information.

This type of response is an improper "document dump" and must be supplemented. "[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery." *Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, No. 08-CV-12393, 2009 WL 2022308, at *4 (E.D. Mich. July 8, 2009). A "document dump", a production of documents that does not include such references, does not comply with a party's discovery obligations. *Stooksbury v. Ross*, 528 F. App'x 547, 550 (6th Cir. 2013).

7

Here, Plaintiff's production includes thousands of pages of duplicate records. Defendants cannot meaningfully evaluate the provenance and authenticity of these documents, nor prepare their defense to Plaintiff's *Brady* claim, when Plaintiff refuses to identify the source of his own production. Plaintiff's interrogatory responses compound this prejudice by directing Defendants back to the very undifferentiated mass of records that prompted the discovery in the first place. Therefore, this Court should compel Plaintiff to provide substantive responses to Defendant Tolbert's Interrogatories.

## IV.    Defendants Satisfied Their Obligations Under Local Rule 37.1.

Local Rule 37.1 requires that the movant describe the good-faith efforts made to resolve the dispute. Defendants have more than satisfied this requirement. On June 15, 2026, Defendants sent a detailed Rule 37.1 letter to Plaintiff's counsel identifying the deficiencies in Plaintiff's responses and offering three specific dates to meet and confer. (Exs. C and D) Defendants followed up by email on June 18, 2026, warning that they would seek court intervention if Plaintiff's counsel did not engage. (Ex. E).

Nevertheless, Plaintiff's counsel refused to set a date for a meet and confer. Plaintiff's sole response was only promised to provide vague and unspecified "certain supplemental information" by June 24 without identifying which interrogatories or what information – This does not constitute a good-faith

engagement with the discovery dispute. Plaintiff's counsel's response left Defendants unable to determine which issues remain in dispute and which, if any, might be resolved through supplementation. Notably, June 24 has come and gone and Plaintiff's counsel has provided no supplement as promised. It is unreasonable to expect Defendants to wait indefinitely for Plaintiff to decide whether and when to comply with his discovery obligations, particularly when the discovery cut-off is only a month away.

## V.   Sanctions Are Appropriate.

Plaintiff's evasive and incomplete answers, which are treated as non-answers under Rule 37(a)(4), coupled with his refusal to participate in a meet and confer despite multiple invitations from Defendants, warrants appropriate sanctions.

Indeed, under Rule 37, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *Siser N. Am., Inc.,* at 210.

Plaintiff's failure to answer is not substantially justified. Plaintiff has offered no legitimate reason for his evasive responses, his failure to verify his answers, or his refusal to meaningfully engage in the meet and confer process. The interrogatories at issue go directly to the heart of Plaintiff's *Brady* claim — specifically, the

9

provenance and authenticity of Plaintiff's document production. Therefore, this Court should enter an order compelling Plaintiff to respond to Defendant Tolbert's Interrogatory responses in full and any other relief this Court deems just and appropriate.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court enter an order:

1. Compelling Plaintiff to provide complete, verified answers to Defendant Tolbert's First Set of Interrogatories, specifically Interrogatory Nos. 1-5, 9, and 15-19, within fourteen (14) days of the Court's Order;

2. Granting such other relief as the Court deems just and proper.

NATHAN & KAMIONSKI, LLP


*/s/ Jessica L. Griff*
Shneur Nathan (IL 6294495)
Avi Kamionski (IL 6283191)
Christopher J. Raiti (P68600)
Jessica L Griff (IL 6309134)
Andrew Duff (P81854)
Attorney for Defendants
500 Griswold Street, Suite 2300
Detroit, MI 48226
Dated:  June 25, 2026                              (312) 957-6594

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system, which will send notification to all registered parties.

*/s/ Kimberly A. Moin*
Kimberly A. Moin, Paralegal

11