# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH NIXON, Case No: 23-cv-11547

Plaintiff, HON. SUSAN K. DECLERQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON

Defendants.

---

**PLAINTIFF'S RESPONSES TO DEFENDANT**
**TOLBERT'S FIRST SET OF INTERROGATORIES**

Plaintiff Kenneth Nixon, by and through his attorneys, responds as follows to Defendant Tolbert's First Set of Interrogatories:

## GENERAL OBJECTIONS

Plaintiff's investigation is ongoing as to all matters referenced in the objections and responses below. Plaintiff's objections and responses are based upon, and necessarily limited by, information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise, correct, supplement, modify, or clarify the content of his objections and responses below, in accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Each objection below applies to each instruction, definition, and specific request included in the interrogatories; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff construes Defendant's interrogatories to request information within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody, or control of Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to the interrogatories as a whole and to each interrogatory contained

therein, to the extent that they are compound and a violation of the applicable Rules, which limit Defendant's interrogatories, including all discrete subparts. Plaintiff objects to the interrogatories that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules. Plaintiff will construe each interrogatory that contains multiple questions as individual interrogatories, including discrete subparts.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**INTERROGATORIES**

1) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from the Wayne County Prosecutor's Office. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (c) the circumstances under which the document was received; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by**

**you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Wayne County Prosecutor's Office and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Wayne County Prosecutor's Office. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Wayne County Prosecutor's Office have been produced in this litigation (all records marked "WCPONIXONFEDSUBPOENA"). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

2) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Wayne County Prosecutor's Office Conviction Integrity Unit. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Wayne County Prosecutor's Office Conviction Integrity Unit and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Wayne County Prosecutor's Office Conviction Integrity Unit. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy,**

**or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery. Plaintiff further objects that this Interrogatory is duplicative of Interrogatory No. 1, above, insofar as records from the Conviction Integrity Unit would be included among records from the Wayne County Prosecutor's Office.**

**Subject to and without waiving any objection, Plaintiff states that any documents he received from the Wayne County Prosecutor's Office Conviction Integrity Unit have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

3) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from the Detroit Police Department. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document"**

**among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Detroit Police Department and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Detroit Police Department. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff**

**to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Detroit Police Department have been produced in this litigation (all records marked "CityProduction"). It is Plaintiff's understanding from agents of the City that some of these documents were in the joint custody of the Detroit Police Department and Detroit Fire Department. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

4) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from the City of Detroit. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by**

**you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the City of Detroit and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the City of Detroit. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery. Plaintiff further objects that this Interrogatory is duplicative of Interrogatory No. 3, above.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the City of Detroit have been produced in this litigation (all records marked "CityProduction"). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

5) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Detroit Fire Department. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Detroit Fire Department and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Detroit Fire Department. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the**

**Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery. Plaintiff further objects that this Interrogatory is duplicative of Interrogatory Nos. 3 & 4, above.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Detroit Fire Department have been produced in this litigation (all records marked "CityProduction"). It is Plaintiff's understanding from agents of the City that some of these documents were in the joint custody of the Detroit Police Department and Detroit Fire Department. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

6) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from the Michigan State Police. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it**

**seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Michigan State Police and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Michigan State Police. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek**

**through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Michigan State Police have been produced in this litigation (MSP Subpoena Response 0001-61, MSP Second Subpoena Response 001-30). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

7) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Wayne County Clerk's Office. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by**

**you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Wayne County Clerk's Office and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Wayne County Clerk's Office. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, at this time, Plaintiff is unaware of any specific records that were produced directly to him or his current counsel from Wayne County Clerk's Office other than those produced in response to Defendants' subpoenas (NK Defs – Nixon – WCCC – 5673-5830); however if any such records were contained within**

**records received from prior counsel, Plaintiff states that any documents he received from the Wayne County Clerk's Office have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

8) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Michigan Department of Attorney General. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including the Michigan Department of Attorney General and Defendants themselves,**

**concerning the creation, transmission, and production history of documents originating from the Michigan Department of Attorney General. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Michigan Department of Attorney General have been produced in this litigation, to wit:**

- **Plaintiff's counsel received records from the Attorney General's office in July 2022 via filesharing platform and produced those records to Defendants within Plaintiff's initial production with an additional marking "AGRECS####" in the lower right corner above the "Plaintiff####" Bates stamp; such records appear to be grouped together within Plaintiff 008451-9873 but may appear elsewhere.**
- **Plaintiff, along with all counsel of record in this matter, also received records responsive to Defendants' subpoena on or about January 9, 2026 that are marked**

**"DAG 1-1236."**

**Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

9) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Robert Kinney. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Robert Kinney and Defendants themselves, concerning the creation,**

**transmission, and production history of documents originating from Robert Kinney. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, at this time, Plaintiff is unaware of any specific records that were produced directly to him or his current counsel from Robert Kinney other than those produced from Defendants (NK DEFS – Nixon – Kinney - 006670); however if any such records were contained within records received from prior counsel, Plaintiff states that documents received from Robert Kinney have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

10) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Sheldon Halpern. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Sheldon Halpern and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Sheldon Halpern. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil**

**litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from Sheldon Halpern have been produced in this litigation, to wit:**

- **Plaintiff's counsel received records from Mr. Halpern on December 12, 2024 via email and produced those records to Defendants within Plaintiff's initial production with an additional marking "HALPERN####" in the lower right corner above the "Plaintiff####" Bates stamp; such records appear to be grouped together within Plaintiff 010358-10427 but may appear elsewhere.**
- **Plaintiff's counsel also received records from Mr. Halpern via flashdrive in March 2025; Plaintiff produced nonprivileged records (Sixth Circuit Appearance form and Motion to Issue Certificate of Appealability) and a privilege log on or about March 21, 2025 in response to Defendants' subpoena directed to Mr. Halpern.**
- **Other nonprivileged records from Mr. Halpern that were produced to Plaintiff during the course of Mr. Halpern's representation and/or records produced to Plaintiff's prior counsel (such as Centurion Ministries or the Cooley Innocence Clinic) have also been produced in this litigation.**

**Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

11) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person

acting on your behalf, from David Cripps. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including David Cripps and Defendants themselves, concerning the creation, transmission, and production history of documents originating from David Cripps. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information**

**concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, at this time, Plaintiff is unaware of any specific records that were produced directly to him or his current counsel from David Cripps; however, if any such records were contained within records received from prior counsel, Plaintiff states that documents received from David Cripps have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

12) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Daniel Blank. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document**

**retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Daniel Blank and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Daniel Blank. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from Daniel Blank have been produced in this litigation (NK DEFS – Nixon – Blank – 006255-6669). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

13) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Cooley Law School Innocence Project. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third**

**parties, including the Cooley Law School Innocence Project and Defendants themselves, concerning the creation, transmission, and production history of documents originating from the Cooley Law School Innocence Project. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from the Cooley Law School Innocence Project have been produced in this litigation, to wit:**

- **Plaintiff's counsel received records from Cooley attorney David Williams in June 2021 via filesharing platform and produced those records to Defendants within Plaintiff's initial production with an additional marking "DWI_ALL COMB_####" in the lower right corner above the "Plaintiff####" Bates stamp; such records appear to be comingled with some records from other sources within Plaintiff's production but are concentrated within Plaintiff 000288-6884.**
- **Plaintiff received boxes and binders from Cooley Law School Innocence Project**

**on an unknown date within weeks of his release from prison and produced those records to Defendants in Plaintiff 11817-15425, Plaintiff 18376-20527, and Plaintiff 24095-46446.**

- **Plaintiff's counsel received additional records in response to Defendants' subpoena (Cooley Subpoena Response 00001-340).**

**Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

14) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Centurion Ministries. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is**

**not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Centurion Ministries and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Centurion Ministries. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that to the best of his recollection, all non-privileged documents received from Centurion Ministries have been produced in this litigation including two of the boxes he received from the Cooley Innocence Project appear to have been produced to Cooley from Centurion in March 2019 and have been produced to Defendants at Plaintiff 11817-15425; Plaintiff is reviewing 24095-46446 to determine which files were included in the media in those boxes. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

15) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Sunshine Investigations. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Sunshine Investigations and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Sunshine Investigations. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the**

**Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that to the best of his recollection, all non-privileged documents received from Sunshine Investigations have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

16) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Jane Doe Investigations. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document**

**retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Jane Doe Investigations and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Jane Doe Investigations. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to**

**discovery.**

**Subject to and without waiving any objection, Plaintiff states that to the best of his recollection, all non-privileged documents received from Jane Doe Investigations have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

17) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Martin Yant. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory**

**improperly seeks information equally available to Defendants or obtainable from third parties, including Martin Yant and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Martin Yant. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from Martin Yant have been produced in this litigation (NK DEFS – Nixon – Yant – 006671-6687). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

18) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Tracy Nixon. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly**

**broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Tracy Nixon and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Tracy Nixon. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record**

**reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that to the best of his recollection, all documents received from Tracy Nixon have been produced in this litigation. Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

19) Of the documents you have produced in this action, identify by Bates stamp number each and every document that was received by you, your agents, your representatives, or any person acting on your behalf, from Wendy Woods. For each such document, state: (a) the date on which the document was received; (b) the identity of the person who received the document on your behalf; (d) the medium by which the document was received; and (e) if the date of receipt is unknown, state the approximate time period or phase during which the document was received (e.g., during the criminal trial, while Plaintiff was incarcerated, during post-conviction proceedings, or after the filing of this civil action).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vastly disproportionate to the needs of the case because it seeks identification and detailed provenance information for "each and every document" among more than 40,000 pages of produced materials accumulated over 20+ years. Responding would require Plaintiff and counsel to undertake a document-by-document retrospective investigation and reconstruction spanning many years of criminal, post-conviction, and civil proceedings, with no guarantee that they could even determine which specific documents came from this source, imposing a burden grossly disproportionate to the likely benefit of the information sought. Plaintiff further objects because the Interrogatory lacks reasonable particularity and is vague and ambiguous as to the phrases "received by you," "received on your behalf," and "circumstances under which the document was**

**received" even with the provided definitions. Plaintiff further objects as this Interrogatory is not limited in any way to a reasonable temporal scope; rather, Defendants are requesting over 20 years' worth of records. Plaintiff further objects because the Interrogatory improperly seeks information equally available to Defendants or obtainable from third parties, including Wendy Woods and Defendants themselves, concerning the creation, transmission, and production history of documents originating from Wendy Woods. Plaintiff further objects to the extent this Interrogatory seeks disclosure of counsel's mental impressions, legal strategy, or work product. Plaintiff objects because the Interrogatory assumes facts not established, including that Plaintiff possesses complete information concerning the receipt, transmission, and provenance of every document produced in this action. Many documents were collected from various sources over the course of decades of criminal proceedings, incarceration, post-conviction litigation, investigation, and this civil litigation, and Plaintiff does not maintain a comprehensive contemporaneous record reflecting all requested information. Defendants appear to seek through an interrogatory what is effectively a forensic cataloging exercise requiring Plaintiff to create a new database of document provenance information that does not presently exist. The discovery rules do not require a party to create such records merely to respond to discovery.**

**Subject to and without waiving any objection, Plaintiff states that documents received from Wendy Woods have been produced in this litigation (NK DEFS – Nixon – Woods - 007100). Plaintiff's investigation continues, and he reserves the right to supplement this response as discovery progresses.**

Dated: June 1, 2026

Respectfully submitted,

**KENNETH NIXON**

/s/ Alyssa Martinez

Jon Loevy
Gayle Horn
Alyssa Martinez
**Loevy & Loevy**
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that on June 1, 2026, I served the foregoing discovery response on all counsel of record via e-mail.

/s/ Alyssa Martinez