# EXHIBIT C

NATHAN & KAMIONSKI LLP

ANDREW P. DUFF
*Associate Attorney*
aduff@nklawllp.com
T: (313) 335-3881
F: (313) 769-7097

June 15, 2026

*Via Electronic Mail*

Kathryn Bruner James
Goodman Hurwitz & James, P.C.
684 W. Baltimore, Suite 201
Detroit, MI 48202
(313) 567-6170
(313) 251-6068 (fax)
kjames@goodmanhurwitz.com

Alyssa Martinez
Loevy and Loevy
311 N. Aberdeen St.
Chicago, IL 60607
alyssa@loevy.com

RE: *Nixon v. Jimenez, et al.*, 23 cv 11547

Dear Counsel:

I write pursuant to Local Rule 37.1 regarding Plaintiff's Responses to Defendant Tolbert's First Set of Interrogatories. Defendants believe the responses contain a number of deficiencies and that many answers are evasive and incomplete in violation of FRCP 37(a)(4). Defendants request that Plaintiff supplement his responses to Interrogatory Nos. 1 – 5, 9, and 15 – 19, as detailed below.

**<u>General Deficiencies in Plaintiff's Answers</u>**

Federal Rule of Civil Procedure 33(b)(3) requires that answers to interrogatories be made under oath. Plaintiff's answers lack a verification page with Mr. Nixon's signature as required by Fed. R. Civ. P. 33(b)(5), rendering the entirety of the responses improper.

Secondly, in an effort to clarify and in light of Plaintiff's objection regarding temporal scope, and in a showing of good-faith, Defendant's request that Plaintiff supplement his responses for the period of 2005 – 2022.

Additionally, each interrogatory requested that Plaintiff identify: (a) the date of receipt; (b) the identity of the person who received the document on Plaintiff's behalf; (c) the medium of receipt;

and (d) if the date of receipt is unknown, the approximate time period during which the document was received for documents *Plaintiff* received and subsequently produced. Except for Plaintiff's answers to Interrogatory Nos. 8, 10, 11, 13, and 14, Plaintiff failed to address categories (a) - (d) and instead merely cited Bates labels of documents produced pursuant to subpoenas issued in this litigation. To clarify, these Interrogatories seek to determine and authenticate the origin and source of the nearly 50,000 pages of documents that *Plaintiff* produced – not records produced by Defendants. Due to the volume of duplicate records within Plaintiff's production, Defendants must determine the source, origin, and date of receipt of these documents in order to properly defend against Plaintiff's claims. If Plaintiff cannot provide this information, he must supplement his answers to state as much. As a reminder, this is what the Court ordered both parties to do following the December 1, 2025, Status Conference.

**Specific Interrogatory Answers**

**Interrogatory Nos. 1 & 2 (WCPO/CIU):** Plaintiff's states only, "that documents received from the Wayne County Prosecutor's Office have been produced in this litigation" and identifies those documents as "WCPONIXONFEDSUBPOENA." By submitting this interrogatory answer, Plaintiff is attesting that the *only* records he has ever received from the Wayne County Prosecutor's Office are those produced to both parties pursuant to Defendants' subpoena to WCPO in this litigation. Surely, this cannot be what Plaintiff meant as Plaintiff's prison communications and Wendy Woods's deposition testimony confirm that, through Ms. Woods and others, Plaintiff submitted FOIA requests to WCPO and maintained routine communication with the CIU. For example, Plaintiff's production at Plaintiff10406 reflects a 2017 FOIA request submitted by Ms. Woods. It is also clear from Plaintiff's communications that he was well apprised of the responses to his FOIA requests and the records received. Hence, it is well within Plaintiff's ability and discovery obligation to provide a substantive response to Defendants' interrogatories. Defendants request that Plaintiff identify the records obtained from the WCPO, including from its Conviction Integrity Unit or in response to any FOIA request, and supplement his answers to address categories (a) – (d). To the extent Plaintiff cannot identify this information, he must state as much to comply with Fed. R. Civ. P. 33(b)(3) and the Court's previous orders.

**Interrogatory Nos. 3 – 5 (DPD/COD/DFD):** Plaintiff answers only "that documents received from the Detroit Police Department have been produced in this litigation" and identifies them by Bates label "CityProduction." Again, Defendants find it implausible that of the 40,000+ pages Plaintiff has produced, the only records Plaintiff received from DPD, COD, and DFD are those obtained via Plaintiff's subpoenas issued on 12/11/24 and 4/22/26. For example, Plaintiff's production at Plaintiff002841 indicates that Attorney Benjamin Werbling issued a FOIA request on behalf of Tracy Nixon to the City of Detroit in 2014. It is again irrefutable that, based on Plaintiff's documented communications, he was not only directing the FOIA requests to be sent to these organizations but was also apprised of any and all responses. Defendants request that Plaintiff supplement these answers to the extent he is able to or to state that he cannot identify the documents.

**Interrogatory No. 9 (Robert Kinney):** Plaintiff states he is "unaware of any specific records that were produced directly to him or his current counsel from Robert Kinney . . .". Defendants seek clarification: is it Plaintiff's answer that records from Robert Kinney may exist within his

production, but he cannot specifically identify them as originating from Mr. Kinney? If so, please supplement accordingly.

**Interrogatory No. 12 (Daniel Blank):** Plaintiff states only that "documents received from Daniel Blank have been produced in this litigation" and identifies documents produced by Defendants. Notably, in Interrogatories 9, 10, and 11, which also relate to Plaintiff's former attorneys, Plaintiff stated that he was unaware of any specific records that were produced directly to him from those individuals. Yet here, Plaintiff merely refers Defendants to records that they produced in this litigation. Defendants seek clarification: is it Plaintiff's answer that the only documents he has ever received from Daniel Blank are those produced by Defendants?

**Interrogatory Nos. 15 – 19:** These interrogatories relate to Sunshine Investigations, Jane Doe Investigations, Martin Yant, Tracy Nixon, and Wendy Woods. Defendants consolidate these because they share the same deficiencies: Plaintiff's answers fail to respond to the interrogatories. Plaintiff's answer is that all documents have been produced in this litigation, with the exception of numbers 17 and 19, in which Plaintiff merely cited to records produced by Defendants. As to Sunshine Investigations, Jane Doe Investigations, and Tracy Nixon, Plaintiff ignores the interrogatory entirely. As it relates to Martin Yant and Wendy Woods, Plaintiff only cited to Defendants' production. Defendants request clarification: is it Plaintiff's answer that he cannot identify any records within his production received from Sunshine Investigations, Jane Doe Investigations, Martin Yant, Tracy Nixon, and Wendy Woods, and therefore lacks the knowledge to answers categories (a) – (d)? If so, Plaintiff must supplement his answers to state as much. If not, Plaintiff must supplement his responses to these Interrogatories with full and complete answers.

To be clear, Defendants are not asking counsel to create a forensic catalogue. Defendants are merely requesting that Mr. Nixon answer these interrogatories to the best of his knowledge and ability, based on records he has collected in support of his efforts to overturn his conviction, whether on his own, or from his family, and friends. If Mr. Nixon cannot, whether due to lack of memory or otherwise, his answers must be supplemented to so state. If, however, he has the knowledge and ability to respond to some or all the interrogatories and address categories (a) – (d), he is required to do so.

Accordingly, consider this Defendants' request for supplementation as it relates to Plaintiff's answers to Defendant Tolbert's Interrogatories. Additionally, to avoid any futile discussions, please advise if Plaintiff is willing to make the requested supplementation. If not, please consider this Defendants' notice and request for concurrence in the filing of a Motion to Compel.

Sincerely,

*/s/ Andrew P. Duff*

Andrew P. Duff
Nathan & Kamionski LLP
500 Griswold St., Suite 2300
Detroit, MI 48226