# EXHIBIT E

Jessica Griff <jgriff@nklawllp.com>

## Re: Nixon - Dates

**Kathryn James** <kjames@goodmanhurwitz.com> Fri, Jun 19, 2026 at 7:01 AM
To: Christopher Raiti <craiti@nklawllp.com>, Gayle Horn <gayle@loevy.com>, Jessica Griff <jgriff@nklawllp.com>
Cc: Alyssa Martinez <alyssa@loevy.com>, Andrew Duff <aduff@nklawllp.com>

Hi, Chris.

Thanks for consolidating and fleshing out these issues.

1. At this time, we disagree that 60 days is necessary, but we are open to stipulating to extend fact discovery only to the end of August, and we'd like to get dates for the deps nailed down in the stipulation so that we don't end up in this situation again.
    a. I've been working on coordinating schedules on our end and propose 8/12 or 8/13 for Plaintiff's dep with Defendant Jimenez on an adjacent date or 8/17-8/19 for Plaintiff's dep with Defendant Jimenez on an adjacent date. Let us know how many other depositions you need so we can start coordinating dates ASAP. Perhaps if we focus on dep scheduling first, that will help inform how much time is actually needed.
    b. Our position is to keep the liability expert deadlines as they are currently set. While experts cannot opine as to the ultimate questions of fact and law, they can provide important context to aid the court's decision. (See my previous email from 5/21 re: deferring *damages* experts only).
    c. If you'd like to discuss this further, my schedule is pretty flexible next week except for Monday and Wednesday.
2. Alyssa is following up on that piece.
3. Respectfully, we will not turn over original materials. Moreover, only the origin of the Brady material at issue in this matter is relevant or proportional to the needs of this case. Your comment, "...you indicated that several were likely provided to you by Plaintiff..." is incomplete, so I'd like to reiterate and make clear that **all** of the digital media was produced to our client in the boxes and binder that he received from the Cooley Innocence Project. And, as we've discussed before, two of the boxes came to Cooley from Centurion. At any rate, the origin of the vast majority of records contained therein are not relevant. To the extent that Brady material at issue in this case — specifically the 8-23-05 Staples memo — appeared in any CDs or USBs, we are willing to discuss terms for those to be inspected under our supervision.

Thanks, and have a nice weekend.

Kathryn Bruner James (she/her)
Goodman Hurwitz & James, P.C.
kjames@goodmanhurwitz.com

**New address:**
684 W. Baltimore, Suite 201
Detroit, MI 48202
(313) 567-6170
(313) 251-6068 (fax)
www.GoodmanHurwitz.com

---

This e-mail is intended only for those persons to whom it is specifically addressed. It may be confidential and protected by the attorney-client privilege and/or work product doctrine. If you have received this message in error, please notify the sender immediately. If you have any questions, please contact the law firm of Goodman Hurwitz & James, P.C. at (313) 567-6170. Thank you for your cooperation.

---

**From:** Christopher Raiti <craiti@nklawllp.com>
**Sent:** Thursday, June 18, 2026 10:26 AM
**To:** Kathryn James <kjames@goodmanhurwitz.com>; 'Gayle Horn' <gayle@loevy.com>; 'Jessica Griff' <jgriff@nklawllp.com>
**Cc:** 'Alyssa Martinez' <alyssa@loevy.com>; 'Andrew Duff' <aduff@nklawllp.com>
**Subject:** Nixon - Dates

Kat: I write about a few things.

1. Depositions. There are several depositions left to be scheduled, including but not limited to Defendant Jimenez and Plaintiff. While I'm confident the parties can find some suitable dates for the remaining witnesses, I'm skeptical that we can find dates before the discovery closes on July 24, 2026. So, again, I ask if Plaintiff will stipulate to extending discovery. Considering my schedule this summer, I think we need at least 60 days. And, since we're discussing scheduling, I reiterate Defendants' position that we should adjourn all expert discovery until after MSJs are decided. After all, expert reports and testimony cannot be used to support or oppose summary judgment as experts are prohibited from opining on ultimate questions of law and fact.

2. Meet and Confer. On Monday, 6/15, Defendants sent Plaintiff a Rule 37.1 letter and offered to meet and confer today or tomorrow, 6/19. To date, Plaintiff has not responded. Considering the rapidly closing discovery window, Defendants will have no alternative but to seek redress from the court for these issues unless Plaintiff responds in some meaningful way.

3. Inspection of digital media. As we've discussed for a month or so, Defendants are very interested in determining the origin of several documents produced by Plaintiff. In response, you indicated that several were likely provided to you by Plaintiff, and you even provided pictures of the various media - flash drives, CDs, etc. - thank you for that. Unfortunately, those images do not answer the origin questions. On Tuesday, 6/16, I indicated that Defendants wanted to inspect those various media and possibly get an expert evaluation. I realize it has only been two days; however, our discovery window is rapidly closing.

I believe resolution of the depositions and inspections can be resolved and facilitated by extending dates. I look forward to your response.

Chris

Christopher J. Raiti
*Partner*
Nathan & Kamionski LLP
500 Griswold, Suite 2300
Detroit, MI 48226
(313)335-3811

NATHAN & KAMIONSKI LLP

**New York ~ Chicago ~ Baltimore ~ Detroit**

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.