**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| KENNETH NIXON, | ) | |
| | ) | Case No. 23-cv-11547 |
| *Plaintiff*, | ) | |
| | ) | Hon. Susan K. DeClercq |
| *v.* | ) | District Judge |
| | ) | |
| MOISES JIMENEZ, *et al.*, | ) | Hon. Elizabeth A. Stafford |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 124)**

This matter coming before this Court on Plaintiff's Motion to Compel Physical Inspection and Production of Documents, ECF No. 124, the Court having considered the parties' submissions, including arguments made at a hearing held on July 7, 2026, and being otherwise fully advised in the premises, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Compel is **GRANTED** as set forth herein.

2. Nonparty City of Detroit shall make available for inspection by the parties the complete original Detroit Police Department homicide file for Case Nos. 05-154 and 05-155. The parties are to abide by the following terms:

a. The inspection shall occur on a mutually agreed-upon date at Detroit Public Safety Headquarters. The Detroit Police Department may audio and/or video record the inspection.

b. The parties, and any agents acting on their behalf, shall not disclose information derived from portions of documents that counsel for the City of Detroit has redacted in previous productions.

c. Nothing in this Order shall be construed as waiving any claim of privilege, protection, or other objection. The parties and the nonparty City of Detroit expressly preserve all rights to maintain, challenge, or seek judicial review of any asserted redactions or privileges.

d. During or following the inspection, any party may request copies of documents upon a good-faith belief that the documents (a) have not previously been produced and are relevant and discoverable in this action, or (b) contain redactions for which the party seeks judicial review.

3. It is further ordered that nonparty City shall conduct a reasonable investigation into the manner in which it searched for documents responsive to Plaintiff's subpoenas. The investigation shall include, as appropriate:

a. Identifying all persons who participated in, directed, or had responsibility for searching for responsive materials;
b. Identifying all departments, divisions, offices, units, custodians, physical locations, databases, electronic systems, document

repositories, and other sources that were searched or should reasonably have been searched;

c. Determining the methods used to search each source, including any search terms, date restrictions, or other limitations employed;
d. Determining whether any documents were not searched for, were unavailable, were destroyed, lost, overwritten, archived, transferred, or otherwise could not be located, and the reasons therefor; and
e. Determining whether additional responsive documents remain within the City's possession, custody, or control.

4. Plaintiff shall serve proposed questions designed to facilitate the City's investigation into its search for responsive documents. The City shall make reasonable efforts to investigate and answer those questions as part of its investigation.

5. If the City believes any of Plaintiff's proposed questions are unclear, unduly burdensome, seek privileged information, or otherwise cannot reasonably be answered, the parties shall promptly meet and confer in good faith to resolve any disputes regarding the questions or the scope of the investigation before seeking relief from the Court.

6. After completing its investigation and any additional searches, the City shall serve on Plaintiff one or more declarations made under penalty of perjury by individuals with personal knowledge sufficient to describe the investigation and search efforts. If more than one declarant is necessary because responsibility for the search was divided among multiple individuals or departments, the City shall submit multiple declarations.

7. The declaration(s) shall describe with reasonable particularity:

a. The identity, title, and responsibilities of each declarant;
b. The investigation undertaken pursuant to this Order;
c. The individuals interviewed or consulted during the investigation;
d. All locations, custodians, departments, databases, electronic systems, physical files, archives, storage locations, and other repositories investigated or searched;
e. The search methodology employed, including any search terms, filters, date limitations, software tools, or other search protocols utilized;
f. Whether any responsive documents were identified that had not previously been produced and, if so, the nature of those documents and whether they have now been produced;
g. Whether any responsive documents could not be located, no longer exist, were destroyed, lost, overwritten, transferred, or otherwise became unavailable, including all facts learned regarding such circumstances; and
h. Whether, to the best of the declarant's knowledge after completing the investigation required by this Order, the City has conducted a reasonable search and produced all nonprivileged responsive documents within its possession, custody, or control.

8. Should Plaintiff believe the declaration(s) produced by nonparty City of Detroit to be insufficient, he may seek additional relief from the Court.

**IT IS SO ORDERED.**

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ

United States District Judge

Dated: August 3, 2026