# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH NIXON,

Plaintiff,

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON, OFFICER ALMA
HUGHES-GRUBBS, AND OTHER AS-OF-
YET UNKNOWN EMPLOYEES OF THE CITY
OF DETROIT,

Defendants.

Case No: 23-cv-11547

HON. SUSAN K. DECLERQ

______________________________________________________________/

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS'**
**FIRST SET OF RQUESTS FOR PRODUCTION**

Now Comes, Plaintiff, by and through his attorneys, and responds to the Defendants' requests for production as follows:

**STATEMENT AND GENERAL OBJECTIONS**

Plaintiff objects to each of the requests below to the extent the information sought is not relevant to any of the party's claims or defenses. Plaintiff further objects to these requests to the extent they are not limited temporally to the time period or to individuals relevant to this lawsuit. In addition, Plaintiff objects to these requests to the extent they seek the disclosure of information or material subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. To the extent Defendants' request seek the disclosure of documents created and gathered by Plaintiff's counsel or at counsel's direction that are protected by attorney-client privilege and the work product

doctrine, Plaintiff's counsel will withhold these documents and will not log them on his privilege log. Plaintiff reserves the right to amend or supplement these objections and responses, and any omission of an objection is not to be deemed a waiver of that objection.

## REQUESTS FOR PRODUCTION

1. All documents relating to the allegations made in your civil complaint or any amendment thereto.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague, overbroad, unduly burdensome, and duplicative of Plaintiff's obligation to provide disclosures under Rule 26. Plaintiff also objects to this RFP to the extent that it is seeking information and/or documents protected by the attorney client, work product, and other applicable privileges. Plaintiff further objects to the extent this request documents readily accessible to or within the possession or control of Defendants in this matter. Subject to these and the general objections, Plaintiff states that all non-privileged documents including police reports, witness statements, transcripts and motions in Plaintiff's possession and responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

2. All documents referred to in any of your interrogatory responses in this case.

**RESPONSE: Plaintiff objects to the extent that this RFP is vague and overbroad. "Referred to" is not defined. Plaintiff further objects to the extent this RFP is seeking information and/or documents covered by the attorney-client, work-product or other applicable privileges. Subject to these and general objections, Plaintiff states that all non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

3. All documents relied upon in drafting any of your interrogatory responses in this case.

**RESPONSE: Plaintiff objects to the extent that this RFP is vague and overbroad. "Relied upon" is not defined. Plaintiff further objects to the extent this RFP is seeking information and/or documents covered by the attorney-client, work-product or other applicable privileges. Subject to these and general objections, Plaintiff states that all non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

4. All documents that were in possession of your criminal defense attorney(s) at the time of your criminal trial that is at issue in your complaint.

RESPONSE: Plaintiff objects to this request on the **grounds** that it is overbroad as it is not limited to documents pertaining to Plaintiff's criminal case, and unduly burdensome **insofar as it requires Plaintiff and his current counsel to reconstruct his prior counsel's files to a status from nearly twenty years ago**. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. Subject to these and the general objections, Plaintiff states that all non-privileged documents including police reports, witness statements, transcripts and motions in Plaintiff's possession and responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

5. The original defense file used in your criminal trial as it existed at the time of your trial.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and confusing insofar as it does not define "original defense file used in your criminal trial." It is also unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. Subject to these and the general objections, Plaintiff states that all non-privileged documents including police reports, witness statements, transcripts and motions in Plaintiff's possession and responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

6. All documents and/or correspondence relating to your criminal trial.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad as it is not limited in temporal scope, and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. Subject to these and the general objections, Plaintiff states that all non-privileged documents including police reports, witness statements, transcripts, communications and motions in Plaintiff's possession and responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

7. All documents relating to your conviction that underlies this case, including all files and paperwork relating to any post-conviction, habeas corpus legal proceedings, or any other types of collateral proceedings relating to the underling conviction.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague as to the term "relating to", overbroad, unduly burdensome, and duplicative of Plaintiff's obligation to provide disclosures under Rule 26. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. Plaintiff objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Subject to these and the general objections, Plaintiff states that all non-privileged documents including police reports, witness statements, transcripts, motions, court orders and opinions, prison records, court filings, and correspondence responsive to this request have been produced. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

8. All court transcripts relating to your Petitions for Post-Conviction Relief, Petitions for Writ of Actual Innocence, and any other collateral hearings regarding your conviction in the underlying criminal trial.

**RESPONSE: Plaintiff objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Subject to these and the general objections, Plaintiff states that all court transcripts in his possession have been produced. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

9. All witness statements and/or affidavits that you or anyone acting on your behalf obtained from anyone regarding this case, including but not limited to any affidavits regarding any alleged misconduct by Defendants in any other matter.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague as to the term "witness statements", overbroad, and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that all non-privileged documents relating to witness statements have been produced. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

10. All notes that refer or relate to any witness from your criminal trial, post-conviction proceedings, or any other types of collateral hearings with regards to your conviction in the criminal trial.

**RESPONSE: Plaintiff objects to this request on the ground that it is vague as to the term "refer or relate to", overbroad, and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that any non-privileged notes in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

11. All correspondence relating to any witness from your criminal trial, post-conviction proceedings, or any other types of collateral hearings with regards to your conviction in the criminal trial.

**RESPONSE: Plaintiff objects to this request on the ground that it is vague as to the term "relating to", overbroad, and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or**

**defenses. Plaintiff objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that any non-privileged correspondence in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

12. All documents sent to or received from any witness from your criminal trial, post-conviction proceedings, or any other types of collateral hearings with regards to your conviction in the criminal trial.

**RESPONSE: Plaintiff objects to this request on the grounds that it is overbroad, and unduly burdensome. As written, it seeks all documents sent to or received from any witness regardless of whether they have any relation to his case; for example, one of Plaintiff's witnesses is his mother—Tracy Nixon. As such, Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff objects to the extent this request seeks documents readily**

**accessible to or within the possession or control of Defendants or third parties in this matter. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that any non-privileged documents in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

13. All materials relating to any interviews that you have given to anyone since your release from prison, including but not limited to transcripts, audiotapes or videotapes.

**RESPONSE: Plaintiff objects to this request on the ground that it is vague as to the terms "materials," "relating to" and "interview" and "statement", overbroad as "any person or entity", and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses (e.g., job interviews, interviews related to advocacy not specific to Plaintiff's personal experience, or other interviews wholly unrelated to this matter). Plaintiff also objects because the information this RFP is seeking is equally accessible to the Defendants as it is publicly available—e.g., on the Internet. Plaintiff further objects to the extent this**

**request seeks information protected by attorney-client, work-product, and other applicable privileges. Subject to these and the general objections, Plaintiff is preparing responsive records for production shortly.**

14. Any notes that refer or relate to any conversation you had with a third-party relating to the facts and circumstances of your arrest or your claim that you are innocent.

**RESPONSE: Plaintiff objects to this request on the ground that it is overbroad, and unduly burdensome, and vague to the extent that it is seeking notes that "refer or relate to." Plaintiff has had innumerable conversations with third parties over his decades-long incarceration in which he stated that he was innocent because he is innocent. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that any non-privileged documents in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

15. Any documents or notes relating to any statement identified in your response to Interrogatory No. 14.

**RESPONSE: Plaintiff objects to this request to the extent it is overly broad. Plaintiff further objects to the extent that it is seeking documents covered by the attorney-client, work-product or other applicable privilege. Finally, Plaintiff objects to this request to the extent that it is duplicative of other requests, namely Nos. 2, 3, 13, 14 and 27. Plaintiff expressly incorporates the objections lodged in each of those requests and the objections lodged to Interrogatory No. 14. Subject to those and the general objections, Plaintiff states that any non-privileged documents in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

16. Documents sufficient to identify all schools you attended prior to your arrest on May 19, 2005.

**RESPONSE: Plaintiff objects to this request to the extent that it is overly broad in subject matter and temporal scope and seeks information that is not relevant to any party's claim or defenses. The schools that Plaintiff attended as a child or adolescent are not relevant to the instant case. Subject to these and the general objections, Plaintiff states that all documents in his possession that are responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

17. Documents sufficient to identify any and all employment for the five years prior to your arrest on May 19, 2005.

**RESPONSE: Plaintiff objects to this request to the extent that it is overly broad and seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects that it is unduly burdensome for him to obtain records related to employment from twenty years ago and beyond. Subject to these and the general objections, Plaintiff states that all documents in his possession that are responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves his right to supplement this response as the litigation proceeds.**

18. Documents sufficient to identify any and all employment since your release from the Michigan Department of Corrections in 2019. Alternatively, please provide a signed release of information for the employers identified in your response to Interrogatory No. 3.

**RESPONSE: Plaintiff objects to this request to the extent that it is overly broad and seeks information that is not relevant to any party's claims or defenses. Plaintiff objects to this request as he is not required to create documents that do not otherwise exist. Subject to these and the general objections, Plaintiff states that all documents in his possession that are responsive to this request have been produced or are being produced herein. Moreover, Defendants have already issued at least one third party subpoena to obtain responsive records from the recordkeeper. Plaintiff's investigation into this matter continues and he reserves his right to supplement this response as the litigation proceeds.**

19. All documents relating to the injuries identified in your responses to Interrogatories 7 and 8, including, but not limited to ambulance, hospital and doctor's

records, all doctor's reports (including reports prepared by any psychiatrist, psychologist, mental or other health care practitioner or facility), insurance claims made, medical and mental health records and bills as well as prior and subsequent medical and mental history and pharmacy bills and/or records. Alternatively, please provide a HIPPA release for all healthcare providers or alternative medicine providers identified in your response to Interrogatories 7 and 8.

**RESPONSE: Plaintiff objects to this request on the ground that it is vague as to the term "relating to", overbroad as this request is not time limited or restricted to the claims raised in Plaintiff's case, and unduly burdensome. Plaintiff objects to this request because it seeks information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by attorney-client, work-product, and other applicable privileges. Plaintiff objects to this request as he is not required to create documents that do not otherwise exist. Subject to these and the general objections, Plaintiff states that all non-privileged documents including medical records responsive to this request have been produced. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

20. Any correspondence with any witness between you, your counsel, or any investigator working for your counsel related to the allegations in your complaint.

**RESPONSE: Plaintiff objects to this request to the extent that it is vague insofar as "your counsel" is undefined. For example, it is unclear whether it refers to current or previous counsel. Plaintiff further objects to this request because it is vague and confusing: it seeks correspondence "with any witness between you." Plaintiff also objects to this request as it expressly seeks documents covered by the work product**

**privilege and is duplicative of Request No. 11. *Upjohn Co. v. United States*, 449 U.S. 383, 399, 101 S. Ct. 677, 687, 66 L. Ed. 2d 584 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes."); *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) (correspondence with witnesses constitutes work product); *1100 West, LLC v. Red Spot Paint and Varnish Co., Inc.*, 2007 WL 2904073, at *1-*3 (S.D. Ind. 2007) (draft of affidavits and notes made to prepare affidavits are privileged); *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 38 (D.D.C. 2006) (finding that notes from counsel's witness interview were opinion work product). Subject to these and the general objections, Plaintiff states that any non-privileged documents in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

21. Any correspondence between your counsel and the criminal defense attorneys for the criminal case related to the allegations in the complaint. Please also provide documentation or the contract that provides for a referral agreement with the criminal defense attorneys in your underlying criminal case.

**RESPONSE: Plaintiff objects to this request to the extent that it is vague insofar as "your counsel" is undefined. For example, it is unclear whether it refers to current or previous counsel. It is similarly vague with respect to "referral agreement" as that term is undefined. Plaintiff also objects to this request as it expressly seeks documents covered by the work product privilege. *In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990) (discussing the common interest doctrine, clarifying that "[w]hether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense**

**rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims."); *In re Lott*, 979 F.2d 1014, 1017 (6th Cir. 1992) (privilege applies where parties "share a common interest in litigation" and communications are "designed to advance a shared legal strategy."): *Ford Motor Co. v. Mich. Consol. Gas Co.*, 216 F.R.D. 461, 464-65 (E.D. Mich. 2003) (the doctrine applies "where the parties are represented by separate attorneys but share a common legal interest," even if their legal strategies are not identical, so long as they maintain a "unified purpose."); *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 76 (E.D. Va. 1998) (noting that sharing material with "anyone who could help the attorney prepare for trial" aligns with the purpose of work product protection and does not constitute waiver). Subject to these and the general objections, Plaintiff is preparing responsive records for production shortly. Plaintiff further states that there is no agreement for fee-splitting or compensation between Plaintiff's current counsel and his criminal defense attorneys. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

22. All documents relating to any of your past or current conviction, arrest, detention, or commitment by any governmental entity, juvenile authority or law enforcement agency.

**RESPONSE: Plaintiff objects to this request because it is overbroad in subject matter and temporal scope. It seeks all documents "relating to" any prior conviction, arrest, detention or commitment. In that regard, Plaintiff also objects because the request is not seeking information that is relevant to either party's claims or defenses. Plaintiff further objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Finally, Plaintiff objects to the extent that this request is seeking documents that are**

**protected by the work-product, attorney-client or any other privilege insofar as this request seeks "all documents" relating to prior arrests, detentions, convictions, or commitments. Subject to these and the general objections, Plaintiff states that any non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

23. All documents relating to any action identified in your response to Interrogatory No. 4.

**RESPONSE: Plaintiff objects to this request as it is overly broad and not relevant to the claims and defenses in this action. Plaintiff further objects to the extent that this request is duplicative of requests 2 and 3 above. Plaintiff expressly incorporates his objections to those requests above. Plaintiff also expressly incorporates his objections to Interrogatory No. 4 herein. Plaintiff further objects to the extent that the terms of interrogatory 4 are vague and confusing, as "administrative" is undefined. Plaintiff further objects to the extent this request is seeking documents covered by the attorney-client, work-product or other applicable privileges. Plaintiff also objects to the extent that this request seeks documents that are publicly available or equally available to Defendants as Plaintiff. Subject to these and the general objections, Plaintiff states that any non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

24. All photographs, tapes (video and audio), slides, movies, pictures, drawings, demonstrative aids or other depictions relating to the allegations in your complaint.

**RESPONSE: Plaintiff objects to the extent that this request is seeking materials protected by the work-product or other applicable privileges. Plaintiff further objects to the extent this request seeks documents readily accessible to or within the possession or control of Defendants or third parties in this matter. Plaintiff also objects to the extent that this request is premature. Subject to these and the general objections, Plaintiff states that any non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

25. Any documents relating to your allegations in paragraph 43 of the Complaint that you were given an independent polygraph.

**RESPONSE: Plaintiff objects to this request to the extent it seeks information covered by the attorney-client, work product or other applicable privilege. Subject to that and the general objections, Plaintiff states that any non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

26. Any documents relating to your allegation that "the findings of [Defendants'] investigation suggested a perpetrator other than Plaintiff of the arson," in paragraph 47 of the Complaint.

**RESPONSE: Plaintiff objects to this request to the extent it seeks information covered by the attorney-client, work-product or other applicable privileges. Plaintiff further objects to the extent that the request seeks documents readily accessible to or**

**within the possession or control of Defendants or third parties in this matter. Subject to these and the general objections, Plaintiff states that any non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.**

27. A copy of any personal journal you maintained from the time of your arrest to the present.

**RESPONSE: Plaintiff objects to the extent that this request is overly broad and seeks information that is not relevant to any party's claims or defenses. Plaintiff also objects to the extent that "personal journal" is vague and undefined. Subject to these and the general objections, Plaintiff states all documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

28. All documents relating to any of your insurance coverage including, but not limited to, life insurance policies, claim forms, correspondence, etc.

**RESPONSE: Plaintiff objects to this request as it is overly broad, disproportionate to the needs of the case, and not relevant to the claims or defenses in this case. Plaintiff further objects to the extent that it is vague and undefined as the request does not specify what "insurance coverage" it is seeking beyond life insurance policies.**

29. All documents relating to any litigation loans you have obtained.

**RESPONSE: Plaintiff objects to this request as it seeks information that is not relevant to the claims or defenses in this case. Plaintiff further objects to the extent that this request seeks information covered by the work-product, attorney-client or other applicable privileges. *Staggs v. Panda Express, Inc.*, 2024 U.S. Dist. LEXIS 187612 at *29-30 (M.D. Tenn. Oct. 16, 2024) (striking defendant's interrogatory because "the Court sees no reason — nor has Panda Express provided the Court with any reason—why the matter of how Plaintiffs are funding this litigation is relevant); *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *2 (N.D. Ill. Dec. 5, 2019) (noting that "courts across the country" have "held that litigation funding information is generally irrelevant to proving the claims and defenses in a case," and documents created to obtain litigation funding constitute work product); *Rhew v. Norfolk S. Ry. Co.*, 2013 WL 5308803, at *3 (N.D. Ind. Sept. 18, 2013).**

30. All documents relating to any orders of protection taken out by or against you.

**RESPONSE: Plaintiff objects to this request as it is overly broad in subject matter and temporal scope. Plaintiff further objects to this request as it is disproportionate to the needs of the case, and it does not seek evidence that is relevant to any party's claims or defenses. Subject to those and the general objections, Plaintiff states that he has never taken out an order of protection, nor has he been served with or otherwise received notice of an order of protection taken out against him.**

31. All documents relating to communication or contact between you and any person relating to this lawsuit, including letters, notes, emails, text messages, Facebook

messages, WhatsApp messages, instant messages, social media messages, Snap Chat messages, or any other messages sent on any other social media or communication platform/application. If you are claiming a privilege over any responsive document, please identify it in a privilege log.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague and confusing insofar as it does not define "relating to" or "contact between." Plaintiff objects to this request as it is overly broad and unduly burdensome insofar as it would require extensive searching through various records and platforms for nonspecific search terms. Plaintiff further objects to this request as it is disproportionate to the needs of the case, and it seeks information that is not relevant to any party's claims or defenses. Plaintiff also objects to the extent this request seeks information covered by the attorney-client, work-product or other applicable privilege. Subject to these and the general objections, Plaintiff states all documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

32. All documents relating to any criminal cases that were brought against you since you were released from prison in 2019.

**RESPONSE: Plaintiff objects to this request to the extent that it seeks information that is not relevant to any party's claims or defenses. Subject to these and the general objections, Plaintiff states that to his knowledge there are no such documents.**

33. All notes and other documents relating to any of the conversations identified in your response to Interrogatory No. 6

**RESPONSE: Plaintiff objects to this request to the extent it is overly broad in subject matter and temporal scope. Plaintiff further objects to the extent that it seeks documents covered by the attorney-client, work-product or other applicable privilege. Plaintiff also expressly incorporates any objections that he lodged in response to Interrogatory No. 6. That interrogatory is overly broad, particularly insofar as it seeks information about "[a]ny other people who have information regarding the facts of this case or the incident that occurred on May 19, 2005." That could include people such as Plaintiff's mother—who he has had substantial contact with during his incarceration, but often about things other than this lawsuit—as well as reporters—with whom he had minimal contact. Subject to these and the general objections, Plaintiff states that all non-privileged and relevant communications have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

34. For each company, bank, and/or company identified by you in response to Interrogatory No. 12, please produce a signed release.

**RESPONSE: Plaintiff objects to this request as it is overly broad, disproportionate to the needs of the case, and it seeks information that is not relevant to any party's claims or defenses. Plaintiff also expressly incorporates any objections that he lodged in response to Interrogatory No. 6. Plaintiff objects to this request as he is not required to create documents that do not otherwise exist.**

35. All communications, including letters, notes, emails, text messages, Facebook messages, WhatsApp messages, instant messages, social media messages, Snap Chat messages, or any other messages sent on any other social media or communication platform/application, between yourself or any of your agents with any of the following individuals since May 19, 2005.

a. LaToya Caulford
b. Stanley January
c. Ravon McCully
d. Ronrico Simmons
e. Laquita Simmons
f. Naomi Vaughn
g. Brandon Vaughn
h. Tanzania Vaughn
i. Mario Mahdi

**RESPONSE: Plaintiff objects to this request as overly broad in temporal scope and subject matter. For example, Ms. Caulford is the mother of one of his children. It is not reasonable to ask for any communication that he has had with her since his wrongful arrest and prosecution. In addition, the request is not limited in any way to the subject matter of this case and therefore seeks information that is not relevant to either party's claims or defenses. Plaintiff further objects to the extent that this request seeks information protected by the work-product or other applicable privileges. Subject to these and the general objections, Plaintiff states that any communications in his possession with the above-listed persons that is relevant to the events or allegations described in his Complaint have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

36. All documents, letters, and/or correspondence that you received while you were incarcerated.

**RESPONSE: Plaintiff objects to this request as overly broad in subject matter insofar as it is not seeking information related to the events and/or allegations in Plaintiff's Complaint nor is it limited to the witnesses identified in this case. As such, the request seeks information that is not relevant to either party's claims or defenses. Plaintiff further objects to the extent that this is seeking documents covered by the attorney-client, work-product or other applicable privileges. Subject to those and the general objections, Plaintiff states that all relevant non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

37. Copies of all letters or other messages you sent to anyone or received from anyone while you were incarcerated.

**RESPONSE: Plaintiff objects to this request as overly broad in subject matter insofar as it is not seeking information related to the events and/or allegations in Plaintiff's Complaint nor is it limited to the witnesses identified in this case. As such, the request seeks information that is not relevant to either party's claims or defenses. Plaintiff further objects to the extent that this is seeking documents covered by the attorney-client, work-product or other applicable privileges. Subject to those and the general objections, Plaintiff states that all relevant non-privileged documents responsive to this request have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

38. Copies of all state and federal income tax statements from 2005-2023.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome in scope, as it seeks nineteen years of financial records that are not easily retrievable and are disproportionate to the needs of the case. Subject to those and the general objections, Plaintiff states that he is reviewing his files for responsive records and will supplement accordingly.**

39. As it pertains to the Wayne County Conviction Integrity Unit (hereinafter "CIU"):

a. Documents and memoranda submitted by you or anyone on your behalf to the CIU or any of its current or former employees, including but not limited to Valerie Newman, Janet Napp, Carole Stanyar, and Patricia Little.

b. Documents, memoranda, and/or correspondence received by you or anyone on your behalf from the CIU, or any of its current or former employees, including but not limited to Valerie Newman, Janet Napp, Carole Stanyar, and Patricia Little.

**RESPONSE: Plaintiff states that all documents responsive to this request in his possession have been produced or are being produced herein. Plaintiff's investigation into this matter continues and he reserves the right to supplement this response as the litigation proceeds.**

40. All documents related to your response to Interrogatory No. 15, including applications for benefits, determinations of eligibility for benefits, and records of benefits received.

**RESPONSE: Plaintiff objects to this request as irrelevant. Plaintiff expressly incorporates his objections to Interrogatory No. 15 herein.**

Dated: February 10, 2025

*/s/ Kathryn Bruner James*
Kathryn Bruner James (P71374)
Julie H. Hurwitz (P34720)
**Goodman Hurwitz & James, PC**
1394 East Jefferson Avenue
Detroit, MI 48207
(313) 567-6170
*Attorneys for Plaintiff*

Gayle Horn
Alyssa Martinez
Jon Loevy
**Loevy & Loevy**
311 North Aberdeen St., 3rd FL
Chicago, IL 60607
(312) 243-5900
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Kathryn Bruner James, an attorney, hereby certify that on February 10, 2025, I served the foregoing discovery response to be served on all counsel of record via e-mail.

/s/ *Kathryn Bruner James*
*One of Plaintiff's Attorneys*