IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH NIXON,

Plaintiff,

Case No: 23-cv-11547

HON. SUSAN K. DECLERCQ

vs

DETECTIVE MOISES JIMENEZ,
COMMANDER JAMES TOLBERT,
DETECTIVE KURTISS STAPLES,
SGT. EDDIE CROXTON,

Defendants.

---

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS (RE 149)**

NOW COME Defendants Kurtiss Staples, Eddie Croxton, Moises Jimenez and James Tolbert, by and through their attorneys, Nathan & Kamionski LLP, and for their Supplemental Brief in support of Defendants' Motion For Sanctions (RE 149), state as follows:

1. In Section I of Defendants' Motion for Sanctions, Defendants chronicle and explain the prejudice caused by Plaintiff's history and pattern of deliberately staged discovery dumps. Therein, Defendants detail how Plaintiff delayed production until well after important depositions. Defendants also explained that Plaintiff repeatedly falsely averred that he had produced all discoverable and relevant documents when he had, in fact, withheld numerous key documents. (PageID.4711-4720).

2. Since the preparation of the motion, Plaintiff has again demonstrated his bad faith discovery practices – this time withholding nearly 200 phone calls from Plaintiff and from his co-defendant/girlfriend, LaToya Caulford, that he has had for 5 years.

3. On August 25, 2026, Defendants emailed Plaintiff to explain the specifics of and to request concurrence in their Motion for Sanction. (Ex. 1, 2026-08-25 Eml from C. Raiti). In part, Defendants explained that the key points of their motion would focus on Plaintiff's repeated pattern of withholding documents for years before producing and, in many instances, withholding production until after the relevant witness depositions. (*Id.*).

4. On August 31, 2026, the parties met and conferred about these issues. For the most part, Plaintiff disagreed and did not concur in the relief sought by Defendants.[1] On September 9, 2026, Defendants sought leave of the court to exceed the page limit for their brief. (RE 147). On September 15, 2026, that motion was granted and Defendants filed their Motion for Sanctions, which had been drafted and prepared since September 9, 2026. (RE 148).

5. On September 11, 2026, two days after the parties conferred, Plaintiff notified Defendants that Plaintiff "confirmed that the audio files of telephone calls

[1] As noted in the underlying brief, Plaintiff concurred in the Court ordering witness Stanley January to testify at an evidentiary hearing to determine why he signed two 2026 declarations that could not both be true.

made by Plaintiff and LaToya Caulford while Plaintiff was in the Wayne County Jail overlap with the calls produced by WCPO[2] in its initial subpoena response. It appears, however, that WCPO did not possess or did not produce all of the existing calls." (Ex. 2, 2026-09-11, Eml from A. Martinez). However, the WCPO call production referenced in Plaintiff's email occurred on January 22, 2025. (Ex. 3, 2025-01-23 Eml from D. Stella). More than a year and a half later, on September 14, 2026, Plaintiff finally produced 233 phone calls made by either Plaintiff or his co-defendant, LaToya Caulford while awaiting trial in the Wayne County Jail. Of these 233 calls, 182 of them appear to be new calls not produced in the WCPO production. Plaintiff did not explain this nearly two-year delay.

6. In their underlying brief, Defendants establish Plaintiff's calculated refusal to produce documents that have been in his possession since 2021. These jail calls are the most recent example of Plaintiff's discovery malfeasance.

7. As confirmed by his counsel, these calls were contained on the CDs Plaintiff obtained from Centurion Ministries and the Cooley Innocence Project in **<u>2021</u>**. (Ex. 4, 2026-06-05 Ltr from K. James; Ex. 5, 2026-09-14 Eml from A. Martinez). If that were not enough, the comparator set of calls were produced by the WCPO almost 2 years ago – in January 2025.

---

[2] Wayne County Prosecutor's Office.

8. The prejudice inflicted upon Defendants is unmistakable. On October 27, 2025, Defendants took the deposition of LaToya Caulford. Ms. Caulford's testimony is especially critical as she was Plaintiff's girlfriend and co-defendant, was identified by Brandon Vaughn as the getaway driver, and is now part of Plaintiff's alibi. Nearly a year after her deposition, Plaintiff supplemented his discovery with 182 previously unseen jail phone calls from Ms. Caulford and Plaintiff Kenneth Nixon while they awaited trial.

9. Moreover, on July 28, 2026, the parties agreed to schedule Plaintiff's deposition for September 29, 2026. As has become Plaintiff's common practice, two weeks before the September 29th deposition date, Plaintiff produced these 182 new jail calls. Plaintiff's and Ms. Caulford's respective calls average about 10 or 11 minutes each, which equates to approximately 1,820 and 2,002 minutes, or 30 to 33 hours of additional calls.[3]

10. Defendants have just begun reviewing these newly produced jail phone calls. However, during their initial review, Defendants already discovered calls that were important to the deposition questioning of Latoya Caulford and former APA Patrick Muscat including:

- LC003:[4] Ms. Caulford discusses with her mother a letter wherein Plaintiff apologizes and "knows it's all his fault."

---

[3] 60 Caulford calls + 122 Nixon calls = 182 x 10 minutes = 1820 minutes. 182 x 11 minutes = 2002 minutes. 1820 / 60 = 30.333 hours. 2002 / 60 = 33.367 hours.
[4] The calls are labeled "LC" for Latoya Caulford and "KN" for Kenneth Nixon, followed by a 3-digit number.

- LC009: Ms. Caulford discusses that Plaintiff's "mouth" got Ms. Caulford into this and Plaintiff running out of the home and shooting at someone, which "caus[ed] things to happen." At her deposition, Ms. Caulford denied any memory of Plaintiff shooting at witness Ronrico Simmons.

- LC036: Ms. Caulford states that the prosecutor offered her a plea if she testified against Kenneth Nixon.

- LC038: Ms. Caulford discusses the hiring of an investigator who obtained written statements from a neighbor.

11. As a result, Defendants were forced to cancel Plaintiff's September 29, 2026 deposition, reschedule it, and extend discovery deadlines once again.

12. This is only a sampling of the jail phone calls Plaintiff just produced. Defendants have undoubtedly been prejudiced by Plaintiff's latest example of bad-faith discovery tactics. Plaintiff has once again denied Defendants the opportunity to question critical witnesses, Ms. Caulford, APA Muscat, and Caulford's criminal defense attorney, Daniel Blank, about topics that bear heavily on the claims and defense in this case. Defendants have likewise been denied the chance to subpoena Plaintiff and/or Ms. Caulford's investigator to obtain witness statement(s).

WHEREFORE, for the same reasons as contained in their Motion for Sanctions, Plaintiff's repeated and calculated discovery violations entitle Defendants to sanctions,

including dismissal of this case in its entirety.

NATHAN & KAMIONSKI, LLP

*/s/ Christopher J. Raiti*
Christopher Raiti
Jessica L. Griff
Andrew P. Duff
Attorney for Defendants
500 Griswold Street, Suite 2300
Detroit, MI 48226
(313) 335-3811

Dated: October 8, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, I electronically filed the foregoing filing with the Clerk of the Court by using the CM/ECF system, which will send notification to all registered parties.

*/s/ Kimberly A. Moin*
Kimberly A. Moin, Paralegal